UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, Pro Se<br>   Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al.<br>   Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

<u>MEMORANDUM OF LAW IN SUPPORT OF TEMPORARY RESTR</u>

This MEMORANDUM is submitted in support of the P[laintiff's] Application for a Temporary Restraining Order against [...] application seeks immediate judicial intervention [...] resolution of the underlying dispute between the p[arties ...] statutes and such applications in the United Stat[es ...] Tennessee.

## I. Introduction

As set forth in detail below, the Plaintiff has [moved for a] temporary restraining order. This Memorandum outli[nes the] request and demonstrates the necessity of protect[ing the Plaintiff's] interests.

## II. Factual Background

This memorandum is submitted in support of Plainti[ff's Temporary] Restraining Order against Defendant, Mary Ann Jess[ee, as] follows:

1. Plaintiff, Ian H[...] Defendant, as Mary Agnes Jebae et[...] that have caused, and continue to cause, signi[...] of a temporary restraining order.

2. Specific incidents cited by the Plaintiff incl[...] in [describe the consequences of these inciden[...]

3. The urgency of this matter is underscored by [...] necessitating immediate court intervention to [...]

4. Despite attempts to resolve the matter amicabl[...] actions, leaving the Plaintiff with no alterna[...]

5. This application is made in good faith, with t[...] prevent imminent and irreparable harm to the P[...]

Considering the above, the Plaintiff respectfully [...] for a Temporary Restraining Order against the Defe[...]

## I. Legal Standard

The legal standard for granting a Temporary Restrain[...] for the Middle District of Tennessee is governed [...] rule requires the plaintiff to demonstrate that in[...]anded to them before the adverse party can be heard in [...] efforts made to give notice to the defendant or r[...] In addition to Rule 65(b), the Court also consider[...] likelihood of success on the merits of the case; [...] granted; (3) the balance of the equities; and (4) the publ[...] weighed collectively, with no single factor being [...]

## II. Facts of Law

This Memorandum in Support of the Plaintiffs' Eme[rgency...] is submitted to the United States District Court o[f...] seek a temporary restraining order against the Defe[ndant Mary Ann Jasset...] standards and case law applicable to such request[s...] The application for a temporary restraining order [...] and case law, which are pertinent to the circumsta[nces...]

1. Case Law 1: Winter v. Natural Re-sources Defens[e Council...] established that the likelihood of success on [...] the most critical factors in determining the i[ssuance...]
2. Case Law 2: Granny Goose Foods, Inc. - This Brothe[rhood...] case clarified that a TRO can be issued witho[ut...] specific facts shown by affidavit demonstrate by the ver[ified...] injury will result before the adverse party ca[n...]
3. Case Law 3: Standard Havens Prods., Inc. v. Ge[...] This case affirmed that the balance of hardshi[ps...] considerations in the issuance of a TRO.

These cases illustrate the legal framework and pr[ecedent...] restraining order in the present case. The Plainti[ffs...] established by the cited courts of law, warrant consider[ation...]

## III. Legal Argument

This Memorandum is submitted in support of Plainti[ffs'...] Temporary Restraining Order against Defendant Mary [...]

Restraining Order is made pursuant to the relevant

requests within the jurisdiction of the United Sta

In support of this Application, Plaintiff sets fo

1. The facts of the case demonstrate an immediate
   Plaintiff in the absence of the relief request
2. The Plaintiff is likely to succeed on the meri
   favor, and the relief sought is in the public
3. Specific legal standards applicable to the gra
   Plaintiff's request. These include, but are no
   plea for a Temporary Restraining Order findings be
   precedents critical for such grants. Notably,
   Procedure 65(b) and illustrated through pivota
4. Federal Rule of Civil Procedure 65(b). This ru
   demonstrate that they will suffer "immediate a
   absence of a restraining order and before the plaintiff
   detail efforts made to notify the defendant or
5. Winter v. Natural Resources Defense Council, Inc. This landmark decision
   underscores the criticality of proving a likel
   irreparable harm as foundational elements of obtaining Order
   Application to Case: The Plaintiff's situation
   clear demonstration of imminent and irreparabl
   intervention.
6. Granny Goose Foods, Inc. v. Brotherhood of Teamsters
   established the principle that a Temporary Res
   to the defendant if there is compelling evidence of

irreparable injury is likely before the opposi[ng party]
Plaintiff's detailed account of harm and the o[bjective]
necessity for a swift, ex parte TRO to prevent [harm.]

7. Standard Havens Products, Inc. v. Gencor Indus[tries: This]
case further elaborates on the importance of c[onsidering public]
interest in the issuance of a TRO. Applied to this action in
favor of the Plaintiff, Ian Hunter Lucas, emph[asizing irreparable]
harm. Together, these legal standards and case[s support]
a Temporary Restraining Order, highlighting the urgent nee[d to prevent]
immediate and irreparable injury.

The Plaintiff's application for a Temporary Restr[aining Order]
and robust legal precedents that collectively dem[onstrate the]
requested relief. The application is supported by a legal framework,
each providing a clear rationale for the issuance [of the TRO.]
discussion on these legal standards and their app[lication:]

1. Immediate and Irreparable Injury (28 U.S.C. § [1651):]
of Civil Procedure Rule 65(b), 28 U.S.C. § 1651(a), empowe[rs courts to issue]
writs necessary or appropriate to their jurisdiction. This statute
authority to issue orders like the TRO to prevent [harm. In this]
case, Lucas's allegations detailing harm and consequences
that could not be undone, align with the statute'[s purpose to prevent]
irreparable injury.

2. Likelihood of Success on the Merits (Winter v. [NRDC,]
(2008))**: The Supreme Court in Winter establishe[d that a plaintiff]
must establish that he is likely to succeed on the [merits.]

alleged harm, coupled with the legal obligations	 Jessee, provide a substantive basis that leans fa merits. This is particularly the backdrop of the legal obligations at issue.

3. No Notice Required Under Exceptional Circumstances Brotherhood of Teamsters, 415 U.S. 423 (1974)): T ex parte TRO highlighted by the immediacy and the exceptional circumstances outlined in Granny Goose Foods. The case justifies party when there's a significant risk of irreparable harm heard. Lucas's detailed account of ongoing and im ambit of this legal precedent.

4. Balance of Hardships and Public Interest (Standard Havens 897 F.2d 511 (Fed. Cir. 1990))**: This case highli hardships and the public interest when deciding on granted, significantly outweighs any potential harm to the Defen interest in preventing the alleged infringements justi appropriateness of granting the TRO.

In sum, the application leverages Federal Rule Writs Act (28 U.S.C. § 1651(a)), and is solidly b and Standard Havens Products. The cited legal provider narrative that Lucas is facing immediate and irre merits, and that the balance of hardships and pub framework robustly supports the issuance of a Tempor further harm.

Therefore, it is respectfully requested that th
Temporary Restraining Order as detailed in this Me

IV. Request for Relief

Pursuant to the relevant statutes and case law g
within the jurisdiction of the United States Distr
("Plaintiff") submits this Emergency Application for a T
Ann Jessee ("Defendant") to prevent immediate and
suffer in the absence of such relief.

The Plaintiff respectfully requests the Court to
Defendant from any actions that would further har
in the accompanying Memorandum. This request is that th
demonstrated a substantial likelihood of success o
the absence of preliminary relief, the balance of
in the public interest.

The Plaintiff also requests that this Court sche
this application for a temporary restraining order
until a full hearing can be conducted of the cas

V. Demand for Emergency Hearing

In light of the urgent nature of the Plaintiffs'
Order, the Plaintiffs respectfully request that th
Given the immediate and irreparable harm that, la
Court's swift action, it is imperative that this
possible time.

The Plaintiffs assert that the circumstances sur[rounding this case warrant immediate] review to prevent further harm and to uphold the [plaintiffs' rights. The Plaintiffs] urge the Court to recognize the urgency and schedule a hearing [within the shortest possible] time frame, e.g., 48 hours] of this application's [filing, in accordance with the] procedural rules and guidelines of the United Sta[tes District Court, and in] consideration of the severe implications that dela[y could have on the Plaintiffs'] rights and well-being.

The Plaintiffs are prepared to present their arg[uments in support of their] Application for a Temporary Restraining Order and [respectfully request a swift] determination of this urgent matter.

Respectfully and humbly submitted, this 2 May 2024

_____
Ian Hunter Lucas

221 Charleston Avenue
Pleasant View, Tennessee, 37146
(910) 358-7772
lucasianhunter@outlook.com

CERTIFICATE OF SERVICE

I hereby certify that on this day, memorandum in support of Defendants and their counsel of record via CE/EFS Procedure.

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5766

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 478-8000
kevin.klein@kleinpllc.com
jeff.sheehan@kleinpllc.com

_____
Ian Hunter Lucas

221 Charleston A
Pleasant View, Tenne
(910) 358-7772
lucasianhunter@outl

Date: May 2nd,