UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, Pro Se<br>　　Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al.<br>　　Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

A F F I D A V I T   O F   I A N   H U N T E R   L U C A S   I N   S U P P O R T   OF   PLA
**TEMPORARY RESTRAINING ORDER**

　　Under penalty of perjury and pursuant to 28 U.S.C. § 1746, I, Ian Hunter Lucas, do hereby declare that the following is true and correct: The statements set forth in this Declaration are based on my personal knowledge, I am the plaintiff in the above captioned matter, and I am of sound mind and competent to testify about these matters if called upon to do so.

　　I am giving this Declaration to provide the Court with information related to the efforts undertaken in this case. As the Plaintiff, I respectfully request that the United States District Court for the Middle District of Tennessee issue an order for a Temporary Restraining Order ("TRO") against the Defendants, Mary Ann Jessee et al., pursuant to Federal Rule of Civil Procedure 65, to be enforced within the jurisdiction of this Court.

　　This motion is made on the grounds that Defendants' actions have caused and continue to cause me immediate and irreparable harm, including but not limited to, denial of access to student records protected under the Family Educational Rights and Privacy Act (FERPA), emotional, economic, professional, and longstanding harm.

　　I request that the TRO, under 28 U.S.C. § 1651, restrains Defendants from further denying me access to my student records and from taking any retaliatory or discriminatory actions against me. Furthermore, I request an emergency hearing for this matter due to the urgency and ongoing nature of the harm.

My claims are supported by substantial evidence of retaliatory and discriminatory actions by the Defendants, invoking protections under the Americans with Disabilities Act (ADA) and the Rehabilitation Act, with precedents such as *Olmstead v. L.C.,* 527 U.S. 581 (1999) and *School Board of Nassau County v. Arline*, 480 U.S. 273 (1987), demonstrating a clear violation of these laws. Given the evidence, I have a strong likelihood of success on the merits. The requested TRO should prohibit Defendants from retaliating against me for asserting my rights under ADA and require Defendants to provide me with access to my student records, as mandated by FERPA.

    I seek immediate judicial intervention to halt Defendants' unlawful retaliatory actions, which egregiously violate whistleblower protections under state and federal law and infringe upon my rights due to my recognized disability. These actions have inflicted severe, ongoing, and potentially irreversible harm to my academic progress, career opportunities, mental well-being, personal dignity, and professional reputation.

    Substantial evidence presented includes documentation and emails detailing the adverse impacts of the defendants' actions on me, evidence of GPA tampering, and infringement of my rights due to disability by denial of reasonable accommodations, breaching the ADA and the Rehabilitation Act. I contend that the Defendants failed to provide such accommodations and retaliated against me for requesting them, acting not just in bad faith, but with blatant disregard and utter disrespect for my rights under the ADA and the Rehabilitation Act, resulting in severe damages, including emotional distress, mental anguish, loss of enjoyment of life, and substantial financial losses.

    Given the detailed allegations of legal violations, this document meticulously outlines the reasons for requesting an emergency hearing, the nature of the irreparable harm suffered, the evidence of violations, and the infringement on my rights due to my disability. This detailed approach not only bolsters my request for a Temporary Restraining Order but also emphasizes the necessity of an emergency hearing to address these urgent concerns.

This action arises from a series of ongoing and egregious violations of my rights under the Americans with Disabilities Act (ADA), the Rehabilitation Act, and the Family Educational Rights and Privacy Act (FERPA) by the Defendants. As a student with recognized disabilities, I have been subjected to discriminatory practices, denial of reasonable accommodations, and retaliation for advocating for my rights, leading to significant harm to my academic standing, mental health, and future career prospects.

The dispute began in the fall semester of 2023 when I requested reasonable accommodations for my disabilities. Despite clear documentation and repeated requests, the Defendants failed to provide the necessary support, directly impacting my academic performance and well-being. Furthermore, I discovered unauthorized alterations to my academic records, including changes to grades and comments that significantly affected my GPA. When I raised these issues, not only were my concerns dismissed, but I also faced retaliatory actions, including further denial of access to my educational records, exclusion from academic programs, and targeted harassment.

These actions have not only infringed upon my rights under federal law but have also caused immediate and irreparable harm to my academic progress, mental health, and career opportunities. The denial of accommodations and retaliatory behaviors have placed undue stress and anxiety on me, exacerbating my disabilities and obstructing my right to a fair and accessible education.

Given the severity of these actions and the ongoing harm they have caused, I seek the Court's intervention to obtain a Temporary Restraining Order to halt these unlawful practices and to protect my rights under the ADA, the Rehabilitation Act, and FERPA. This request is supported by substantial evidence, including documentation of denied accommodations, evidence of grade tampering, and correspondence demonstrating the Defendants' disregard for my rights and well-being.

This factual background underscores the urgent need for judicial intervention to prevent further harm and to address the Defendants' blatant violations of federal law and my rights as a student with disabilities. As Ian Hunter Lucas, I'm amid a legal battle that has both shaken my foundations and shattered my trust in what I once viewed as a respectable institution. I'm pursuing a Temporary

3

Case 3:24-cv-00440   Document 23   Filed 05/03/24   Page 3 of 8 PageID #: 992

Restraining Order (TRO) against Mary Ann Jessee and others, under Federal Rule of Civil Procedure 65, in the United States District Court for the Middl desperate fight for my rights, my dignity, and my future.

Every day, I grapple with the immediate and ongoing damage inflicted by the defendants' actions—a denial of access to my own student records, severe emotional turmoil, and hindrances to my professional and economic well-being. Their refusal to accommodate my disability, despite my repeated requests and clear federal mandates under the ADA and the Rehabilitation Act, has left me feeling not only marginalized but openly persecuted.

Their actions have included tampering with my grades, blocking my access to necessary accommodations, and a chilling pattern of retaliation that began when I dared to stand up for my rights. I've navigated through layers of bureaucracy, only to be met with more discrimination and retaliation, pushing me to the brink both academically and mentally. The need for a TRO has become painfully clear. It's not just about getting back into the classroom or correcting my academic records—it's about halting the relentless discriminatory onslaught that threatens to derail my entire future. I am fighting not only for myself but to set a precedent that this type of behavior is unacceptable and will be challenged.

I'm not just a case number or a faceless plaintiff. I am a person who has endured profound injustice and suffering at the hands of those who were supposed to be guardians of education and inclusivity. As I press on with this legal action, armed with substantial evidence and a strong case under federal laws, I'm not only seeking justice for myself but also aiming to ensure that no one else must endure such blatant disregard for their rights and dignity.

This isn't just a legal battle; it's a fight for my life and livelihood, and I'm determined to see it through to the end. The path has been anything but easy, filled with obstacles and opposition at every turn, but I remain steadfast. This fight is bigger than me—it's about standing up against injustice and ensuring a fair, equitable treatment for everyone, no matter their disability or the challenges they face.

As I navigate this harrowing legal battle, it's become painfully clear that the defendants are not merely content with expelling me from the university—they are determined to ostracize me from the community and banish me from the medical profession entirely. The lengths they have gone to are not just punitive; they are ruthlessly comprehensive, attacking me from all angles to ensure their mission is accomplished.

The most chilling aspect of their tactics has been the exploitation of my mental health. It feels as if they are deliberately using this against me, perhaps in hopes of pushing me to a mental breakdown. This strategy is not only cruel but also deeply unethical, reminiscent of the grave injustices uncovered in *Adams v. Vanderbilt Univ.*, No. 3:23-cv-00001, 2024 U.S. Dist. LEXIS 48210 (M.D. Tenn. Mar. 19, 2024). In that case, the defendants disgracefully covered up the suicide of an undergraduate in their dorms, a dark shadow that lingers over the instit

This parallel with my own experience reveals a disturbing pattern of behavior at Vanderbilt, where the well-being of individuals is sacrificed for the sake of reputation and liability management. Such actions not only exacerbate my personal suffering but also betray a profound disrespect for human dignity and psychological welfare, as also seen in another ongoing matter *Poe v. Lowe et al.*, No. 3:24-cv-00368 (M.D. Tenn.). In my motion for a Temporary Restraining Order, I find it crucial to point out the alarming similarities between my case and *Poe v. Lowe et al.*, No. 3:24-cv-00368 (M.D. Tenn.). In both situations, the Defendants have displayed a disturbing pattern of conduct that severely infringes upon the rights of students, especially those protections afforded under laws like the Americans with Disabilities Act (ADA) and the Rehabilitation Act.

This behavior includes, but is not limited to, the denial of reasonable accommodations, manipulation of student records, and punitive measures against students who assert their rights. A particularly distressing aspect of the Defendants' tactics, v. Lowe et al.," is their manipulation of mental health conditions. Such actions not only intensify the suffering of affected students but also betray a deep-seated disregard for their dignity and psychological well-being. This strategy, aimed at inducing a mental breakdown in my case, shares troubling parallels

with the unethical behavior documented in *Poe v. Lowe et al.* Both instances reveal a systemic problem within the institution represented by the Defendants, where the welfare and legal entitlements of students are compromised for the sake of protecting the institution's reputation or for other wrongful reasons. The parallels between these cases are not coincidental but rather indicative of a standard operating procedure that the Court must urgently address to halt further injustices. The need for immediate judicial intervention cannot be overstated. Highlighting the documented pattern of misconduct and the severe consequences faced by plaintiffs in both my case and *Poe v. Lowe et al.*, underscores the imperative for swift judicial action. The granting of a Temporary Restraining Order in my case would not only safeguard my rights and well-being but would also serve as a judicial acknowledgment and remedy to the Defendant's unacceptable practices.

Throughout this legal journey, I have endured the profound impact of the Defendants' continuous onslaught against my character, professional aspirations, and psychological resilience. This litigation transcends mere academic reinstatement or the relief of damages; it represents a crucial battle for the preservation of my identity and my rightful place within my chosen profession, and the right to obtain what I worked hard to achieve, furthermore the profession of Nursing is a profession dedicated to advocacy of patients, how can defendants treat students as offensively as they have towards me for advocating for patients in my workplace for filing a FCA claim on my employer, and further while in school standing up for my rights and accommodations under the ADA as afforded under law. Defendants have used the full weight of their power, reputation and institutional force and ability to destroy the plaintiff in what it saw as a challenge of egos or in the culture of the Vanderbilt School of Nursing, a Nursing Student challenging the status " enforcing the r The actions of the Defendants have inflicted lasting damage, exacerbating the burden of their perceived betrayal with each passing day.

My resolve to persevere through this legal ordeal is steadfast, fueled by a resolve to restore my rights and academic standing, as well as to unveil and correct actions that starkly contrast with the principles of any esteemed educational institution. This battle is a potent testament to the unyielding

6

spirit of individuals who face injustice directly, undeterred by the prospect of silence, and it highlights the essential need to safeguard... "In the end, we will remember not the words of our enemies, but the silence of our friends." - Martin Luther King Jr. This journey is not just about confronting those who have wronged me; it's a reminder to all that standing up for justice, especially in the face of adversity, is a noble pursuit that echoes through the ages, as the late Congressman John Lewis said "Do not get lost in a sea of despair. Be hopeful, be optimistic. Our struggle is not the struggle of a day, a week, a month, or a year, it is the struggle of a lifetime. Never, ever be afraid to make some noise and get in good trouble, necessary trouble."

**DECLEREATION UNDER PENALTY OF PREJURY**

Pursuant to 28 U.S.C. § 1746, I, Ian Hunter Lucas, declare under penalty of perjury that the foregoing statements and facts set forth in this affidavit in Restraining Order against Mary Ann Jessee et al. collectively the Defendants are true and correct to the best of my knowledge, information, and belief.

Executed on this day 05/02/2024, in PLEASANT VIEW State of TENNESSEE, in the UNITED STATES OF AMERICA

_____  Declaration Signature Date: 05/02/2024
Declaration Signature

Respectfully and Urgently Submitted,

_____

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
(910) 872-3577
lucasianhunter@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I have served a copy of this AFFIDAVIT OF IAN HUNTER LUCAS IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER on Defendants and their counsel of record via CE/EFS in accordance with the Federal Rules of Civil Procedure.

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760

*Attorneys for All Other Defendants*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
kevin.klein@kleinpllc.com
jeff.sheehan@kleinpllc.com

*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

_____
Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
(910) 872-3577
lucasianhunter@outlook.com

Date: 05/02/2024

8

Case 3:24-cv-00440   Document 23   Filed 05/03/24   Page 8 of 8 PageID #: 997