UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN LUCAS, Pro Se <br><br> Plaintiff(s), <br><br> v. <br><br> MARY ANN JESSEE et al, <br><br> Defendant(s). | Case No. 3:24-cv-00440 <br><br> Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

**[PROPOSED] TEMPORARY RESTRAINING ORDER**

1.  Having considered Plaintiffs' *Ex Parte* Motion for a Temporary Restraining Order, the attached Declarations, the Complaint in this matter, and the arguments of counsel, the Court finds that there is sufficient evidence to conclude that, unless an appropriate Order is entered, Plaintiffs will suffer the following irreparable injuries:

    i.   Immediate and ongoing loss of sensitive personal information, leading to irreparable privacy breaches and financial harm.

    ii.  Significant risk of harm to Plaintiff's reputation due to the dissemination of false and defamatory information.

    iii. Irreparable damage to Plaintiff's mental and emotional well-being due to the stress and anxiety caused by Defendants' actions.

2.  The issuance of this Order without notice is necessary to prevent these irreparable injuries due to the substantial likelihood that Defendants will take steps to frustrate this Court's order upon receiving notice.

3.  This Court finds that Plaintiffs have demonstrated a substantial likelihood of success on the merits of their claims against Defendants for breach of privacy, defamation, and intentional infliction of emotional distress.

4. This Court finds that Plaintiffs have demonstrated that Plaintiffs will suffer irreparable harm as described above in the absence of this order. The nature of the harm—especially the loss of privacy and the risk to personal reputation—is such that monetary compensation would be inadequate, and thus the harm would be irreparable.

5. This Court finds that the balance of hardships strongly favors Plaintiffs. The injunction sought will prevent further irreparable harm to Plaintiffs, whereas Defendants will only be restricted from engaging in harmful conduct pending further orders from this Court.

6. The Court finds that the issuance of this Order would be consonant with the public interest. It upholds the fundamental rights to privacy and freedom from defamation, and it serves to prevent the spread of false information.

7. Finally, given the circumstances of this case, the Court finds that Plaintiffs should be entitled to expedited discovery to investigate their claims as outlined below. This discovery is narrowly tailored to enable Plaintiffs to obtain and present evidence necessary to substantiate their claims.

8. NOW, THEREFORE, based on the motion presented and the evidence before it, this Court hereby ORDERS:

1. Defendants, including all relevant agents, staff, administrators, affiliates, and officials of Vanderbilt University, are **TEMPORARILY RESTRAINED AND ENJOINED** from denying Plaintiff, Ian Hunter Lucas, access to his student records. Such access is to be **GRANTED** immediately in compliance with the Family Educational Rights and Privacy Act (FERPA). Failure to comply with this Temporary Restraining Order (TRO) may result in judicial intervention.

2. Defendants are **TEMPORARILY RESTRAINED AND ENJOINED** from continuing any retaliatory or discriminatory actions against the Plaintiff. This Court mandates immediate cessation of such conduct, with the imposition of fines or other penalties for non-compliance to ensure enforcement.

3. The intermittent campus restriction, as detailed in multiple documents throughout the case docket, imposed on Plaintiff Ian Hunter Lucas, is hereby REMOVED. Defendants are ordered to cease enforcement of this restriction forthwith.

4. This Court retains jurisdiction over this matter to modify or dissolve the Temporary Restraining Order as it deems necessary and appropriate.

    i. Pursuant to the standards established in Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7 (2008), the actions including academic dismissal and expulsion taken against Plaintiff are REVERSED and pending this Court's final decision. The aim is to restore the status quo ante, ensuring no further harm to the Plaintiff and facilitating a fair resolution. Specifically:

    ii. Unrestricted Access to all Student Systems, Facilities, Services, Student Records and Student Email etc. as is required and equitable to all other professional nursing graduate students: Defendants are ordered to provide Plaintiff with unrestricted access to his student records and restore, in accordance with the Family Educational Rights and Privacy Act (FERPA). This measure is crucial for Plaintiff's academic progression and participation in the Title IX process should he so desire.

    A. all previously received scholarships and finical aid will be reimplemented and Plaintiff will be responsible for all other financial requirements as previously required prior to December 4th 2023.

    ii. Unmonitored Access: Defendants, their agents, staff, administrators, affiliates, IT personnel, and any individual or entity acting on their behalf, are hereby RESTRAINED AND ENJOINED from monitoring, accessing, copying, or reading Plaintiff Ian Hunter Lucas's student email account. This prohibition extends to any form of surveillance or interception of communications intended for or from the Plaintiff's student email account.

5. Requirement for Court Approval: Any concerns, investigations, or needs to access the Plaintiff's student email account, records, or student conduct concerns, will be made directly to this court by Defendants or parties acting on their behalf must be presented to this Court. Only upon receiving express permission and leave from this Court may any such access or monitoring be conducted.

3. Enforcement and Penalties for Violations: Violation of this order regarding the Plaintiff's student email account will be subject to immediate review by this Court. Such violations will be

addressed through penalties and sanctions, which may include, but are not limited to, fines, sanctions, or other legal remedies as deemed appropriate by this Court.

4. Reporting Requirements: Defendants are required to report any breach either accidental or intentionally unauthorized access to any of the Plaintiff's student accounts or records including, email account, academic records, etc. or any incident that occurs in which the Plaintiff fears for his safety or well-being and ability to focus on academics, to this Court within 24 hours of discovery. This report must detail the nature of the access, the individuals involved, and the steps taken to prevent future occurrences.

This order is issued to protect the privacy rights of Plaintiff Ian Hunter Lucas and to ensure the integrity of his student email communications. It reflects this Court's commitment to upholding essential privacy protections while balancing the need for accountability and transparency in the actions of Defendants.

a. Lifting of Campus Restrictions: Defendants are further ordered to lift any campus restrictions unjustly imposed on Plaintiff. Such restrictions have negatively affected Plaintiff's well-being and access to necessary medical care at the Vanderbilt University Medical Center.

b. Restoration to Academic Program: Plaintiff, Ian Hunter Lucas, is to be provisionally reinstated to his previous position within the Vanderbilt University School of Nursing's Master of Nursing Program. Furthermore, Defendants are directed to reverse any alterations made to the Plaintiff's academic grades for NURS5825 and NURS5815 from 'Fail' to 'Pass,' which were done in retaliation. Plaintiff and a designated neutral academic advisor will need to submit a signed planned indicating the plan of study agreed upon between the Vanderbilt University, Vanderbilt School of Nursing and Plaintiff, for Plaintiff to complete his Master of Nursing Degree, additionally this advisor will serve as the sole discretionary and authority entity in which has access and entry and edit ability to Plaintiffs Grades and course registration. The selection of the Advisor will be a process of in which the Plaintiff and School of Nursing will collaboratively select a faculty member and if a selection cannot be made the court will be notified and the court will decide.

c.  Development of a Personalized Academic Plan: Defendants are required to develop a personalized academic plan for Plaintiff to ensure the completion of his program without undue delay. Additionally, a non-School of Nursing faculty mediator, selected with Plaintiff's input, shall be appointed as the point of contact for entering grades and as an advisor and intermediary for Plaintiff's academic matters.

d.  Issuance of Acceptance Letter: Defendants are mandated to issue an acceptance letter to Plaintiff for the Doctor of Nursing Practice (DNP) + Post Masters Adult-Gerontology Acute Care Nurse Practitioner (AGACNP) program for the intended semester, including accommodations for any necessary amendment to the affected start date and the opportunity to amend and change to another specialty of the Plaintiffs choice x1 prior to the start of the program given the situation and Plaintiffs need to reevaluate career goals and interest and long term plan given the weight and impact of the devastation of the last 4 months.

Furthermore, Defendants, including all relevant agents, staff, administrators, affiliates, officials of Vanderbilt University, and Vanderbilt University Medical Center, shall notify all parties involved in opportunities from which the Plaintiff, Ian Hunter Lucas, was previously excluded or lost because of the Defendants' actions. This notification shall specifically include, but not be limited to, the Shade Tree Clinic, Nurse Scholar Program, and any other club or student-involved activity. The purpose of this notification is to clarify the court's findings and orders in favor of the Plaintiff, thereby beginning the process of reputational rehabilitation.

2.  Defendants are further **ORDERED** to develop and implement a comprehensive plan aimed at rebuilding the Plaintiff's public reputation within the Vanderbilt University and Vanderbilt University Medical Center communities. Considering the Plaintiff's longstanding association with these institutions since 2013 and the significant detrimental effects on his social and professional standing because of the Defendants' actions, this plan must include: a. Engagement with key stakeholders within the Vanderbilt community to facilitate a positive reintegration of the Plaintiff into academic and professional circles. c.

Any additional measures deemed necessary by the Court or agreed upon by the parties to ensure the restoration of the Plaintiff's reputation.

3. The Defendants shall submit a preliminary plan outlining the steps to be taken to fulfill these requirements to the Court and the Plaintiff for review within 30 days of this Order. The final plan shall be implemented no later than 60 days from the date of approval by the Court.

5. In the event of any violation of this TRO, this Court is prepared to take enforcement actions, which may include, but are not limited to, sanctions, fines, or holding the violating party in contempt of court.

    a. Failure to comply with the terms of this TRO may result in civil or criminal penalties, at the discretion of this Court, including fines, imprisonment, or other sanctions as deemed appropriate.

    b. all violations of this TRO shall be promptly reported to this Court.

    This _____ day of _____ in the year _____

IT IS SO ORDERED

                                                                                              _____

                                                                                                  UNITED STATES DISTRICT JUDGE

Prepared for Entry and Submitted,

_____
Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
Lucasianhunter@outlook.com

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing PROPOSED ORDER on the Court's CM/ECF system on this 7th of

MAY 2024 which forwarded a copy to:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760

*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
kevin.klein@kleinpllc.com
jeff.sheehan@kleinpllc.com

*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

_____
Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
Lucasianhunter@outlook.com

Date: MAY 7, 2024