UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN LUCAS, Pro Se<br><br>Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al,<br><br>Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MOTION FOR WAIVER OF NOTICE AND DETAILED CERTIFICATION OF EXHAUSTIVE EFFORTS TO PROVIDE NOTICE

I. Introduction

The pro se Plaintiff, certifies the efforts undertaken to the best of his abilities, as a diligent party to provide notice to the defendants as the potential respondents concerning the pro se Plaintiffs application to the best of his abilities, as a diligent party for a Temporary Restraining Order (TRO). The pro se Plaintiff details the attempts made to notify the Defendants as potential Respondent and outlines the reasons for which the pro se Plaintiff to the best of his abilities, as a diligent party and Applicant requests of this honorable Court a waiver of the notice requirement, pursuant to the relevant provisions of the United States District Court of the Middle District of Tennessee in Nashville.

II. Efforts to Provide Notice

In compliance with Rule 65(b)(1) of the Federal Rules of Civil Procedure, the Plaintiff has undertaken diligent efforts to provide notice to the Respondent regarding the matters subject to this action. Specifically, the Applicant has attempted to notify the Respondent through electronic mail communications on the following dates: April 9, 2024; April 11, 2024; April 19, 2024; April 20, 2024; April 24, 2024; April 27, 2024; April 30, 2024; and May 2, 2024. The plaintiff despite the harm, damage, and emotional strife, on top of the physical health damages, has extended and has taken proactive diligent steps to inform the defendants' legal counsel promptly about the urgent need to address the ongoing harm and damages affecting the plaintiff. This notification subtly conveyed that

seeking a Temporary Restraining Order (TRO) and preliminary injunction might become necessary to effectively address these pressing issues. The communication stressed the critical nature of the situation, emphasizing the need for swift resolution to prevent further harm or adverse consequences.

Repeated communications from the plaintiff provided detailed context and justification for the necessity of legal remedies such as a TRO and preliminary injunction if the issues at hand could not be resolved outside of court. Despite these efforts, the defendants' legal counsel remained silent, failing to acknowledge or respond to the plaintiff's concerns. The defendants' legal counsel was explicitly made aware of the potential consequences of failing to address the ongoing issues. It was made clear that, if necessary, the plaintiff would seek judicial intervention to ensure resolution. Throughout the communication process, the defendants' legal representatives were given ample opportunity to respond to the plaintiff's concerns and engage in discussions to resolve the matter. The plaintiff even provided specific deadlines and timelines for responses in their communications. However, the defendants failed to respond, leaving the plaintiff's attempts at communication unanswered.

Despite the plaintiff's efforts to facilitate further dialogue and prevent escalation by providing comprehensive contact details, the defendants' counsel indicated early on that the defendant had no interest in discussing potential resolutions or settlements. Despite these efforts, the Respondent has failed to provide timely or relevant responses to the communications sent by the Applicant. This failure has necessitated the consideration of a waiver of the requirement for formal notice in this matter, in accordance with the procedural rules and guidelines of the jurisdiction.

### III. Reasons for Waiver of Notice

In accordance with the procedural requirements of the United States District Court of the Middle District of Tennessee in Nashville, the Applicant hereby submits this certification in support of a request for waiver of the notice requirement typically necessitated in proceedings of this nature. The basis for this request stems from the Respondent's consistent failure to engage in meaningful communication or provide relevant responses to inquiries directly related to the matters at issue in the Temporary Restraining Order (TRO) sought by the Applicant.

Given the urgent nature of the issues addressed by the TRO and the Respondent's demonstrated lack of responsiveness, as evidenced by the case law in Granny Goose Foods, Inc. v. Brotherhood of Teamsters, 415 U.S. 423 (1974), it is both reasonable and necessary to request that the Court waive the standard requirement for notice. This waiver is sought to prevent further harm or prejudice that may result from delays inherent in adhering to the usual notice procedures, thereby serving the interests of justice and expediency in this matter.

## IV. Conclusion

I understand the importance of notice in legal proceedings but believe that the circumstances of this case warrant the immediate issuance of a Temporary Restraining Order (TRO) without prior notice. I declare with the understanding that I am not a trained legal professional that the foregoing is true and correct to the best of my knowledge and belief.

I have provided, to the best of my ability and in good faith, exhaustive attempts, and ample notice to the defendants to make them aware of my urgent need for intervention by the court through a Temporary Restraining Order, pending a ruling on the matter of a preliminary injunction. This urgency is due to the ongoing and irreversible damage being inflicted upon me. Defendants, as previously stated, have refused to amicably resolve, discuss, or work towards any resolution or even discuss a path towards a willingness to discuss a resolution to the matter, despite Plaintiff's numerous sincere attempts to propose resolution options that do not involve financial compensation.

The Plaintiff unequivocally observes that the Defendants have persistently rejected all efforts at constructive dialogue or resolution. at constructive dialogue or resolution, even when offered the chance to discuss the immediate concerns of the Plaintiff in a professional and amicable manner. Whether through arranged meetings, virtual conferences, or any other means, their refusal to engage hints at a deliberate intent to perpetuate harm. In light of this obstinance, it's imperative that this honorable court intervenes with a Temporary Restraining Order until further decisions regarding an injunction are reached.

I, **IAN HUNTER LUCAS**, hereby certify and affirm, under penalty of perjury, that to the best of my understanding and to the best of my ability, without the benefit of legal advice or professional legal training, I believe the foregoing statement to be true and accurate. As a Pro Se litigant, I am mindful of the reasonable expectations outlined in relevant statutes such as the United States Code (USC) and applicable case law regarding the understanding of legal knowledge for self-represented individuals. I declare that I possess personal knowledge of the matters outlined herein, and I assert in good faith that they are true and correct to the best of my abilities. Furthermore, I invoke all protections afforded to Pro Se litigants under the law to ensure fairness and due process in these proceedings. So certified and attested, on 05/02/2024.

_____

Ian Hunter Lucas
Plaintiff Pro Se


Respectfully presented to the court for immediate consideration, this 2nd day of May, 2024

_____

Ian Hunter Lucas
Plaintiff Pro Se
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
Lucasianhunter@outlook.com

# CERTIFICATE OF SERVICE

I certify that I filed the foregoing MOTION FOR WAIVER OF NOTICE AND DETAILED CERTIFICATION OF EXHAUSTIVE EFFORTS TO PROVIDE NOTICE on the Court's CM/ECF system on this 25th day of April 2024, which forwarded a copy to:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760

*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
kevin.klein@kleinpllc.com
jeff.sheehan@kleinpllc.com

*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

*Herein verified*

_____
Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
Lucasianhunter@outlook.com

Date: May 7th 2024