UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, *Pro Se*<br>    Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al.<br>    Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair E. Newbern |

## MOTION TO COMPEL MEDIATION

I.   Introduction

This motion arises from a civil action initiated by Ian Hunter Lucas, Plaintiff *Pro Se*, against Mary Ann Jessee et al., Defendants, alleging violations of federal and state laws concerning discriminatory practices related to the Plaintiff's disability and retaliation for whistleblower activities. The action was filed in the United States District Court for the Middle District of Tennessee. The Plaintiff seeks to compel alternate dispute resolution to resolve the dispute, asserting that such a process would be in the best interests of all parties involved and would serve the interests of judicial economy.

II.   Background of the Dispute

Ian Hunter Lucas, a former graduate nursing student at Vanderbilt University, submits that he experienced wrongful conduct by the defendant party that constituted discrimination based on disability, whistleblower retaliation, breach of contract, and additional related improprieties, the specifics of which will be further detailed during the dispute resolution process. Lucas maintains that the actions, including but not limited to his suspension and termination from his position

with Air Evac Lifeteam Inc., are in retaliation for his reporting of suspect billing operations, an activity protected under relevant whistleblower statutes.

   III.     Legal Basis for Motion to Compel Mediation

This Motion to Compel Alternate Dispute Resolution addresses several critical issues that require thorough examination and resolution:

1. Whether the defendant party's conduct falls within the scope of discrimination as defined under the Americans with Disabilities Act (ADA), thereby infringing upon the plaintiff's rights under the same statute.
2. Whether the plaintiff's whistleblowing activities were met with retaliatory measures by the defendant party, potentially violating whistleblower protection laws.
3. Whether the defendant party's alleged breach of the student handbook, which represents a contractual agreement between the plaintiff and the educational institution, constitutes a legally actionable breach of contract and promissory estoppel.
4. Whether the conduct of the defendants potentially contravenes the protections afforded by the Family Educational Rights and Privacy Act (FERPA) and various other privacy and academic protocol statutes.
5. The extent to which the actions of the defendant party necessitate legal remedy and the appropriate form of such remedy.

This Motion to Compel Alternate Dispute Resolution is brought forth based on several claims against the Defendant, Mary Ann Jessee et al., by the Plaintiff, Ian Hunter Lucas, Plaintiff Pro Se. The claims are as follows:

1. Violation of the Americans with Disabilities Act (ADA) due to alleged discrimination against the Plaintiff founded on his disability and the failure to provide reasonable accommodations.
2. Retaliation in violation of whistleblower protection statutes as a reaction to the Plaintiff's reporting of fraud and misconduct.
3. Breach of contract through the institution's failure to abide by its commitments as laid out in the student handbook and other educational contracts.
4. Violation of privacy rights through the alleged mishandling and wrongful dissemination of the Plaintiff's academic records and other personal information, causing significant distress, mental anguish, and damage to the Plaintiff's reputation.

This Motion to Compel Alternate Dispute Resolution is governed by and shall be construed in accordance with the laws of the United States and the State of Tennessee, with due consideration to its conflict of laws principles, where necessary. The applicable legal framework for these proceedings includes, but is not limited to, the Americans with Disabilities Act, whistleblower protection laws such as the Sarbanes-Oxley Act and the Dodd-Frank Wall Street Reform and Consumer Protection Act, the Family Educational Rights and Privacy Act, and Tennessee state laws governing contractual agreements and discrimination.

IV.   Arguments Supporting the Motion

The plaintiff, Ian Hunter Lucas, submits substantial evidence and documentation, including emails, letters, and other correspondence, that establish a pattern of discrimination and retaliation, corroborated by the chronology of events following his whistleblowing activities, as well as by the defendant's failure to conform to its stated policies and legally mandated accommodations, despite repeated requests from the Plaintiff. Furthermore, Lucas contends that

3
Case 3:24-cv-00440    Document 31    Filed 05/08/24    Page 3 of 6 PageID #: 1165

the effects of the defendant's actions have inflicted upon him damages that are irreparable by monetary compensation and thus necessitate judicial intervention.

The defendants, Mary Ann Jessee et al., in turn, must demonstrate their adherence to the statutory requirements concerning fair treatment of students with disabilities and protection of whistleblowers while rebutting the plaintiff's factual narrative and legal claim. Pending a thorough examination of all the substantive and procedural aspects of the case, the court's determination will reflect the degree to which the plaintiff's claims and the defendant's defenses align with or contravene the established legal tenets detailed herein.

## V. Request for Relief

In light of the allegations presented and considering the nature of the claims for declaratory judgment, injunctive relief, and monetary damages sought by Ian Hunter Lucas, Plaintiff Pro Se, against Mary Ann Jessee et al., it is hereby requested that both parties be ordered to engage in an Alternate Dispute Resolution (ADR) process as outlined by the local rules of the United States District Court for the Middle District of Tennessee. This recommendation is predicated on the understanding that an ADR process could offer a more expedient, cost-effective, and mutually satisfactory resolution to the dispute at hand.

It remains the prerogative of the court to duly adjudicate on the matters raised, taking into consideration the plausibility of the plaintiff's claims, the intentions and actions of the defendant party, and the material impact of the alleged violations on the plaintiff's statutory and constitutional rights. Engaging in an ADR process does not preclude the court's jurisdiction over the matter but serves as a complementary mechanism to facilitate resolution in a manner that is consistent with the principles of justice and equity.

Respectfully Requested and Submitted this 7th Day of May 2024

_____
Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
(Mobile) 910-872-3577
lucasianhunter@outlook.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing MOTION TO COMPEL MEDIATION on the Court's CM/ECF system on this 7th of MAY 2024 which forwarded a copy to:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760
*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780

*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

Date: MAY 7, 2024

_____
Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com

6
Case 3:24-cv-00440   Document 31   Filed 05/08/24   Page 6 of 6 PageID #: 1168