UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IAN LUCAS, Pro Se

      Plaintiff(s),

v.

MARY ANN JESSEE et al,

      Defendant(s).

Case No. 3:24-cv-00440

Judge Waverly D. Crenshaw, Jr.
Magistrate Judge Alistair E. Newbern

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' EXTENSION REQUEST FOR RESPONSE**

**TO MOTION FOR PRELIMINARY INJUNCTION**

    Plaintiff, Ian Hunter Lucas, proceeding pro se, hereby opposes the Defendants' Motion for

Extension of Time to File a Response to Plaintiff's Motion for Preliminary Injunction and in support thereof

states as follows, with the utmost respect for the Court's time and consideration:

INTRODUCTION

    Fed. R. Civ. P. 6(b)(1) allows the court to grant extensions if the party can show good cause and

if the request is made before the original deadline expires. The concept of "good cause" generally requires

showing that the party could not reasonably meet the deadline despite exercising due diligence. In *Lujan*

*v. Nat'l Wildlife Fed*, 497 U.S. 871, 897 (1990), the Supreme Court emphasized the importance of

diligence, indicating that extensions should not be granted lightly or without a clear demonstration that

the party has made every reasonable effort to comply.

    When determining 'good cause' for an extension under Fed. R. Civ. P. 6(b)(1), courts evaluate

several factors to assess the potential impact on the judicial schedule and the opposing party. These

factors include:

    1.    Complexity of the Case: Courts consider the complexity of the case and the workload

involved in meeting the original deadline. A more complex case might justify an extension if the party

demonstrates that the complexity prevented timely compliance despite diligent efforts.

2.       Diligence: The requesting party's diligence in attempting to meet the original deadline is crucial. Courts look for evidence that the party made a good faith effort to comply with the deadline and that any delay was not due to procrastination or lack of effort.

3.       Undue Delay or Prejudice: The potential for undue delay or prejudice to the opposing party is a significant consideration. If the opposing party is seeking urgent relief, such as a preliminary injunction, an extension that delays proceedings could be prejudicial. Courts are reluctant to grant extensions that would harm the opposing party's interests or undermine the timely resolution of urgent matters.

4.       Impact on Judicial Schedule: The effect of the extension on the court's schedule and its ability to manage its docket efficiently is another factor. Courts aim to avoid extensions that would significantly disrupt the judicial schedule, delay other cases, or require rescheduling of court proceedings.

5.       Party's Conduct and Strategic Decisions: Courts also consider the requesting party's conduct throughout the litigation process, including strategic decisions such as removing the case to federal court. Actions that appear to be tactical maneuvers to delay proceedings or that have contributed to the need for an extension may be viewed unfavorably. In balancing these factors, courts strive to ensure that parties have sufficient time to prepare their cases while maintaining the efficiency of the judicial process and protecting the rights and interests of all parties involved.

1.       The Court established a firm deadline of May 9, 2024, for Defendants to file their response to Plaintiff's Motion for Preliminary Injunction, as per Local Rule 7.01(a)(3).

2.       Defendants are attempting to secure a seven-day extension of this deadline, aiming for an additional period until May 16, 2024, to file their response, which would inevitably delay the court proceedings.

3.       Defendants claim that their counsel has been occupied with responding to Plaintiff's Motion for Temporary Restraining Order, which, according to them, has hindered them from preparing a response to the Motion for Preliminary Injunction.

4.       Plaintiff firmly maintains that Defendants have failed to demonstrate good cause for the requested extension and that sanctioning such an extension would impose undue prejudice on the Plaintiff. The

potential prejudice to the plaintiff should be a paramount consideration. In *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), the Supreme Court strongly underscored the necessity of considering the potential harm to parties when deciding on injunctive relief. This principle should be extended to the timing of motions related to injunctions, where delays can exacerbate or even create irreparable harm, thereby underscoring the absolute necessity for timely resolution.

ARGUMENT

The plaintiff's compelling argument against the defendants' request for an extension of time to respond to the motion for preliminary injunction is as follows:

1. Ample Time and Overlapping Issues: The defendants have had a reasonable amount of time since the filing of the original and amended complaints to prepare for the plaintiff's motion for preliminary injunction. The subsequent motions filed by the plaintiff, including the motion for a temporary restraining order, largely involve issues that are similar to those in the motion for preliminary injunction. Therefore, the work conducted in response to the temporary restraining order should have substantially prepared the defendants for the preliminary injunction response, negating the need for an extension.

2. Standard Expectations of Litigation Management: The defendants' engagement with the motion for a temporary restraining order does not meet the 'good cause' threshold for an extension. Managing multiple filings simultaneously is a standard expectation in litigation. The defendants' strategic decision to remove the case to federal court was within their control and should not be a factor that contributes to an extension. Additionally, their lack of proactive engagement with the pro se plaintiff to resolve issues outside of court filings further undermines their position.

3. Unjust Prejudice to Plaintiff: Granting the requested extension would result in undue prejudice to the plaintiff. The plaintiff is seeking expedited relief through the motion for preliminary injunction, and any delay could cause irreparable harm. The need for a swift resolution is paramount to prevent further harm and to maintain the status quo.

3

4. Imperative for Timely Adjudication: The timely resolution of the motion for preliminary injunction is essential. Delays could disrupt the balance of equities and the court's ability to provide timely relief, which is especially critical in cases where preliminary injunctions are sought to prevent immediate and irreparable harm.

5. Proposed Compromise on Extension Period: If the court is inclined to grant the defendants additional time, the plaintiff proposes a more reasonable extension of three to four days. This compromise would provide the defendants with a brief period to finalize their response while still respecting the urgency of the plaintiff's motion and the need to avoid prejudicial delays. In conclusion, the defendants have not demonstrated 'good cause' for a seven-day extension under Fed. R. Civ. P. 6(b)(1), and the plaintiff respectfully requests that the court deny the extension. If the court considers granting an extension, the plaintiff strongly urges that it be limited to a maximum of three to four days to minimize any potential prejudice.

The plaintiff's compelling argument that the defendants have failed to demonstrate 'good cause' for an extension under Fed. Civ. P. 6(b)(1) is robustly supported by several legal precedents:

Lujan *v. Nat'l Wildlife Fed 497 U.S.* 871, 897 (1990): This case emphasizes the importance of diligence in demonstrating good cause for an extension. The Supreme Court highlighted that the burden is on the party seeking the extension to show that circumstances justify such an indulgence. This precedent supports the plaintiff's argument that the defendants have not shown sufficient diligence in preparing their response to the motion for preliminary injunction.

Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008): In this case, the Supreme Court highlighted the need to consider potential harm to parties when deciding on injunctive relief. This is relevant to the plaintiff's argument against the extension, as any delay in adjudicating the motion for preliminary injunction could result in irreparable harm to the plaintiff, thus underscoring the need for timely resolution.

Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1258-59 (9th Cir. 2010): This case supports the court's discretion to balance the needs of the parties when granting extensions. The Ninth Circuit

4

noted that the good cause standard is a strict one, and carelessness or lack of diligence is not compatible with a finding of good cause. This precedent bolsters the plaintiff's position that the defendants' engagement with other motions and strategic decisions do not constitute good cause for the requested extension.

These precedents collectively support the plaintiff's argument that the defendants have not met the 'good cause' standard under Rule 6(b)(1), considering the specific circumstances of the case, including the defendants' sufficient time to prepare, the overlap of issues in the motions, the commonality of managing multiple filings in litigation, and the defendants' strategic decisions impacting the timeline.

The cases cited illuminate several specific actions or lack of actions by defendants that led courts to determine a lack of 'good cause' for an extension under Fed. R. Civ. P. 6(b)(1):

1. Deficiency of Diligence: *In Lujan v. Nat'l Wildlife Fed*, the Supreme Court emphatically underscored the necessity for the party seeking an extension to demonstrate diligence in attempting to meet the original deadline. The lack of diligence or instances of procrastination were decisive factors that severely undermined the argument for good cause.

2. Potential for Prejudice: *The Winter v. Nat. Res. Def. Council, Inc* case highlighted the importance of considering potential harm or prejudice to the opposing party. Actions by the defendants that could lead to prejudice or harm to the plaintiff were significant in weighing against the granting of an extension.

3. Carelessness and Strategic Decisions: In *Ahanchian v. Xenon Pictures, Inc*., the court pointed out that carelessness or a lack of diligence does not align with a finding of good cause. The defendants' negligent conduct and strategic decisions, including the choice to remove the case to federal court, were scrutinized.

These actions, particularly if they contributed to the need for an extension, were viewed unfavorably in the context of determining good cause.

I. Defendants Have Not Shown Good Cause for an Extension Under Fed. R. Civ. P. 6(b)(1).

A.    Defendants have had ample time since the filing of the original and amended complaints to prepare for the Plaintiff's Motion for Preliminary Injunction.

B.    The additional motions filed by the Plaintiff, including the Motion for Temporary Restraining Order, do not justify the delay as they largely overlap with the issues raised in the Motion for Preliminary Injunction.

C.    Defendants' engagement with the Motion for Temporary Restraining Order does not constitute good cause for an extension, as managing multiple filings is a common occurrence in litigation.

D.    Defendants' strategic decision to remove the case to federal court and their lack of engagement with the pro se plaintiff further undermine their claim of good cause for an extension.

II. Granting the Extension Would Prejudice the Plaintiff.

A.    The Plaintiff is seeking immediate and urgent relief through the Motion for Preliminary Injunction, and any delay in the resolution of this motion would harm the Plaintiff's interests.

B.    The timely adjudication of the Motion for Preliminary Injunction is critical to maintaining the status quo and preventing irreparable harm to the Plaintiff.

III. A Shorter Extension Period Would Be More Appropriate If the Court Is Inclined to Grant Additional Time.

A. Should the Court find that some extension is warranted, Plaintiff proposes a shorter extension of three to four days, which would balance the Defendants' need for additional time with the Plaintiff's interest in a prompt resolution.

CONCLUSION

6

For the foregoing reasons, Plaintiff respectfully requests that the Court **DENY** Defendants' Motion for a Seven-Day Extension and require Defendants to file their response to the Motion for Preliminary Injunction by the original deadline of May 9, 2024. Should the Court be inclined to grant an extension, Plaintiff requests that such extension be limited to no more than three to four days.

Respectfully submitted,

_____

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
Lucasianhunter@outlook.com

Dated: May 8, 2024

7

**CERTIFICATE OF SERVICE**

I certify that I filed the foregoing **MOTION IN OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO FILE RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** on the Court's **CM/ECF system** on this **8th day of May 2024,**

which forwarded a copy to:


Kevin C. Klein (#23301)
Jeff W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
kevin.klein@kleinpllc.com
jeff.sheehan@kleinpllc.com

*Counsel for Defendants Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

Mark A. Baugh (#015779)
Denmark J. Grant (#036808)
BAKER, DONELSON, BEARMAN, CALDWELL
& BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
mbaugh@bakerdonelson.com
dgrant@bakerdonelson.com

*Counsel for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
Lucasianhunter@outlook.com

8

9