UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, Pro Se<br><br>Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al.,<br><br>Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr<br>Magistrate Judge Alistair E. Newbern |

### PLAINTIFFS RESPONSE TO DEFENDANTS MOTION TO SEAL

### I. INTRODUCTION

The Plaintiff, Ian Hunter Lucas, proceeding pro se, opposes the Defendants' exhibit 1 in its motion to seal, the December 19, 2023, letter from Dean Mavis Schorn. This motion by the Defendants mischaracterizes facts and provides falsified details to this Honorable Court. The Defendants' exhibit, while related to the Plaintiff's dismissal, is irrelevant to the Plaintiff's subsequent review or appeal of that decision. Moreover, the appeal of the dismissal and the grades in question are beyond the purview and jurisdiction of the Student Academic Appeals Panel (SAAP) committee, which the Defendants erroneously present as evidence of their determination.

### II. FACTUAL BACKGROUND

The Plaintiff has been embroiled in a legal dispute with the Vanderbilt University School of Nursing, asserting claims against various faculty members, staff members, and students. The Defendants' motion to seal a critical document under the pretext of adhering to the Family Educational Rights and Privacy Act (FERPA) is a thinly veiled attempt to undermine the Plaintiff's case and rights.

## III. ARGUMENT

### A. Mischaracterization and Falsification by Defendants

The Defendants have inaccurately portrayed the nature of the Plaintiff's dismissal and the subsequent legal proceedings. The motion to seal the letter from Dean Schorn is a strategic move to intimidate the Plaintiff and dissuade him from pursuing justice. This tactic is unacceptable and contradicts the principles of transparency and fairness in the judicial process.

### B. Irrelevance of the Defendants' Exhibit and Misuse of the SAAP Committee's Jurisdiction

The Defendants' exhibit, while related to the Plaintiff's dismissal, does not pertain to the Plaintiff's review or appeal of such decision. Furthermore, the appeal of the dismissal and the grades in question are beyond the jurisdiction of the Student Academic Appeals Panel (SAAP) committee, which the Defendants have erroneously presented as evidence. This misrepresentation is a deliberate attempt to mislead the Court and weaken the Plaintiff's position.

### C. Defendants' Motion as a Form of Intimidation

The motion to seal is not just about the protection of educational records under FERPA; it is a calculated attempt to threaten the Plaintiff with the disclosure of future academic records if the litigation continues. This tactic is part of a broader pattern of harassment and discrimination against the Plaintiff, aimed at silencing his pursuit of justice.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff respectfully requests that the Court deny the Defendants' motion to seal the December 19, 2023, letter from Dean Mavis Schorn. The Defendants' motion fails to meet the stringent requirements for sealing documents as outlined in

Shane Grp., Inc. v. Blue Cross Blue Shield of Mich., 825 F.3d 299, 305–06 (6th Cir. 2016), which mandates a detailed, document-by-document analysis justifying the need for secrecy. Furthermore, under 34 C.F.R. § 99.31, while educational agencies or institutions may disclose education records to defend themselves in legal actions initiated by a student, this does not inherently justify sealing such documents from public access, especially when the documents in question do not pertain to the legal action's core issues, and does not include use of these documents when such documents do not pertain to the argument at hand, the reasoning or the fact that Vanderbilt University dismissed Plaintiff is not in dispute otherwise, otherwise the question of the presence of Plaintiff being before the court would be mute.

    The motion is a clear attempt to intimidate the Plaintiff and obstruct the course of justice. The Plaintiff further requests that the Court consider the Plaintiff's exhibit and the arguments presented in determining the merits of the Plaintiff's appeal.

    Respectfully submitted, May 9th, 2024

*(signature)*
_____
Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
(Mobile) 910-872-3577
lucasianhunter@outlook.com

# CERTIFICATE OF SERVICE

I certify that I filed the foregoing MOTION on the Court's CM/ECF system on this 9th of MAY 2024 which forwarded a copy to:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760
*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

Date: MAY 9, 2024

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com