UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, Pro Se<br><br>Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al.,<br><br>Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr<br>Magistrate Judge Alistair E. Newbern |

## PLAINTIFF'S OBJECTION TO DEFENDANTS' NOTICE OF FILING

I. INTRODUCTION

The Plaintiff, Ian Hunter Lucas, proceeding pro se, objects to the Defendants' filing of Exhibit 1 - Ian Lucas's MN SAAP Letter & Receipt without sealing it, despite the Defendants' motion to seal the same document in Document 35. The Plaintiff contends that the Defendants' actions not only constitute a violation of the Plaintiff's academic privacy rights under the Family Educational Rights and Privacy Act (FERPA) but also demonstrate a blatant disregard for the Plaintiff's rights and the Court's authority. The Plaintiff further asserts that the Defendants are determined to continue engaging in actions that cause harm, embarrassment, and injury to the Plaintiff.

II. LEGAL GROUNDS

The Plaintiff's objection is grounded in the following:

A.	Violation of FERPA: The Defendants' unsealed filing of Exhibit 1 directly contravenes the privacy protections afforded by FERPA, as codified in 20 U.S.C. § 1232g(b)(1), which prohibits the release of education records without written consent.

B.	Disregard for Court Procedures: The Defendants' filing without the Plaintiff's permission or the Court's leave shows a complete disrespect for the procedural rules and the Court's oversight.

C.      Intentional Harm to Plaintiff: The Defendants' actions appear to be a deliberate attempt to cause harm, embarrassment, and inflict injury upon the Plaintiff, which is contrary to the spirit of justice and equity.

D.      The court decisions in Gonzaga University v. Doe and Owasso Independent School District v. Falvo have significantly influenced the interpretation and application of the Family Educational Rights and Privacy Act (FERPA) in legal proceedings concerning student privacy rights. These cases provide critical insights into how courts balance the privacy interests protected by FERPA against other considerations in legal disputes.

1. Gonzaga University v. Doe, 536 U.S. 273 (2002), clarified that FERPA does not create individual rights to sue for violations of its provisions. However, it underscored the Act's role in protecting students' privacy by restricting the disclosure of educational records without consent. This decision has guided courts to consider FERPA's privacy protections seriously, even though it does not grant a private right of action. In the context of the current dispute, this case supports the argument that while FERPA aims to protect student privacy, the enforcement of these protections in court must consider the specific legal framework and limitations of FERPA.

2. Owasso Independent School District v. Falvo, 534 U.S. 426 (2002), provided a definition of what constitutes an "education record" under FERPA. The Supreme Court held that peer-graded papers before they are recorded by a teacher do not constitute education records. This case is relevant for understanding the scope of what is protected under FERPA and may influence how courts determine whether certain documents related to academic performance and disputes should be considered protected educational records. In the present case, this interpretation helps in assessing whether the documents the Defendants seek to seal fall within the ambit of FERPA's protections.

The precedent set these cases illustrate the nuanced approach courts take in applying FERPA, balancing the need to protect student privacy with the requirements of the legal process and the public interest. They highlight that while FERPA provides a framework for protecting educational records, its application in legal proceedings requires careful consideration of the nature of the records, the reasons for

their disclosure, and the potential impact on student privacy. In disputes over sealing documents related to academic dismissals and appeals, these cases suggest that courts will closely examine whether the documents in question are protected under FERPA and whether the privacy interests outweigh the principles of public access and transparency in the judicial process.

1. The precedents set by Gonzaga and Owasso continue to influence how courts interpret FERPA in legal proceedings. Gonzaga established that FERPA does not provide a private right of action for enforcement, which means that individuals cannot sue educational institutions for FERPA violations in federal court. Owasso clarified the definition of "education records," which has implications for what information is protected under FERPA and how broadly the privacy rights extend.

2. The precedents set by Gonzaga University v. Doe and Owasso Independent School District v. Falvo significantly influence the interpretation of FERPA in cases where student privacy rights intersect with other legal considerations, such as public access to court documents. These cases underscore the importance of FERPA's role in protecting student privacy while also delineating the limits of its application.

In legal proceedings, courts often reference these cases when determining whether FERPA's privacy protections apply and how to balance those protections with other legal considerations. For example, when deciding whether to seal documents that contain educational records, courts may consider whether the records are directly related to the issues in the case and whether the privacy interests of the students outweigh the public's right to access court documents.

Subsequent legislative and regulatory changes have not significantly altered the core privacy protections provided by FERPA since the Supreme Court decisions in Gonzaga University v. Doe and Owasso Independent School District v. Falvo. However, the U.S. Department of Education has periodically updated its regulations and guidance to clarify certain aspects of FERPA and to address new issues related to student privacy, particularly in the context of technological advancements and data sharing. For instance, amendments to FERPA regulations have expanded the circumstances under which

educational institutions can share student information without consent, such as in cases of health or safety emergencies, or to specified officials for audit or evaluation purposes. These changes have been made to ensure that FERPA remains relevant and effective in protecting student privacy while also allowing for the practical needs of educational institutions and government agencies.

Overall, while legislative and regulatory changes have provided additional context and guidance for the application of FERPA, the fundamental principles established by the Supreme Court cases continue to be central to the interpretation and application of the law in matters of student privacy rights.

In the context of a motion to seal documents related to a student's academic dismissal, these precedents guide the court in balancing the need to protect student privacy under FERPA against the public's right to access court documents. The courts are tasked with determining whether the documents in question constitute education records protected by FERPA and, if so, whether the privacy interests of the student outweigh the public interest in accessing these records. The principles derived from Gonzaga and Owasso ensure that while student privacy is safeguarded, the application of FERPA does not unduly hinder the transparency and openness of judicial proceedings.

Subsequent legal cases have both built upon and challenged the interpretations established in Gonzaga University v. Doe and Owasso Independent School District v. Falvo, particularly in the context of FERPA and student privacy rights as they intersect with public access to court documents. These cases have set important precedents regarding the scope of FERPA's protections and the conditions under which educational records can be disclosed or kept private in legal proceedings.

1. Building upon Gonzaga and Owasso: Subsequent cases have further clarified the types of records considered protected under FERPA and the circumstances under which these protections apply. Courts have continued to use the definitions and interpretations from Gonzaga and Owasso as a foundation for determining what constitutes an "education record" and how FERPA's privacy protections should be balanced against the need for transparency and the public's right to access court documents. For example, courts have been meticulous in examining whether documents

related to disciplinary actions, academic performance, or administrative correspondence fall within FERPA's definition of education records, often citing the reasoning in Owasso.

2. Challenging and Refining Interpretations: Some cases have challenged the broad interpretations of FERPA's privacy protections, arguing that not all documents that relate to a student or their academic performance should automatically be considered protected education records. In these instances, courts have been tasked with distinguishing between documents that genuinely impact a student's privacy rights and those that can be disclosed without violating FERPA. This nuanced approach has led to a more refined understanding of FERPA's application, especially in cases where the interests of justice or public access to court documents may outweigh the privacy interests at stake.

3. Public Access to Court Documents: In the context of public access to court documents, subsequent cases have often grappled with the tension between FERPA's privacy protections and the principle of transparency in the judicial process. Courts have employed a balancing test, considering factors such as the relevance of the educational records to the legal proceedings, the potential harm to the student's privacy, and the public interest in the information. This approach reflects an ongoing effort to reconcile FERPA's objectives with the fundamental right of public access to court proceedings.

4. Case-Specific Interpretations: The application of FERPA in specific cases has also been influenced by the unique facts and legal issues at play. Courts have considered the specific context in which educational records are sought to be disclosed or sealed, leading to varied interpretations of FERPA's provisions. This case-specific approach ensures that FERPA's privacy protections are applied in a manner that is sensitive to the individual circumstances of each case, while also considering broader legal principles and public interests.

Overall, subsequent legal cases have both reinforced and refined the interpretations of FERPA established by Gonzaga and Owasso, contributing to a more nuanced understanding of how student

privacy rights under FERPA intersect with other legal considerations, including the public's right to access court documents.

III. REQUEST FOR RELIEF

The Plaintiff respectfully requests the following relief:

Denial of Defendants' Motion to Seal: The Court should deny the Defendants' motion to seal the December 19, 2023, letter from Defendant Mavis Schorn, as the Defendants have already compromised the confidentiality they purport to protect, again demonstrating this was not for "good cause" as more so a mere antagonizing effort towards the plaintiff."

1. The Defendants have mischaracterized and provided falsified details to the Court. The details of the Defendants' exhibit, while pertaining to the Plaintiff's dismissal, do not pertain to the Plaintiff's review or appeal of such decision. Furthermore, the appeal of this decision and even the appeal of the grades in question are beyond the purview and jurisdiction of the Student Academic Appeals Panel (SAAP) committee, which the Defendants present as evidence of determination.

2. Imposition of Sanctions: The Court should sanction the Defendants for their improper conduct in filing Exhibit 1 unsealed, which has violated the Plaintiff's privacy rights and the Court's procedural rules.

3. Protection of Plaintiff's Privacy: The Court should take appropriate measures to protect the Plaintiff's academic privacy and prevent further unauthorized disclosures.

4. Given the Defendants' egregious actions that have already compromised the Plaintiff's academic privacy, the Plaintiff requests that the Court is now obligated to implement the Temporary Restraining Order (TRO) as moved by the Plaintiff. This TRO does prohibit the Defendants from further retaliating against the Plaintiff for asserting his rights under the Americans with Disabilities Act (ADA) and require the Defendants to provide the Plaintiff with access to his student records, as mandated by FERPA, and further comply with all statues, regulations and policies as mandated by FERPA.

IV. CONCLUSION

      For the reasons stated above, the Plaintiff, Ian Hunter Lucas, respectfully requests that this Honorable Court deny the Defendants' motion to seal and impose sanctions on the Defendants for their willful and harmful conduct and grant the Plaintiff's request for a Temporary Restraining Order to protect the Plaintiff's privacy rights and prevent further harm.

Respectfully submitted, this 9th Day of May 2024

*[signature: Ian Lucas]*

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing MOTION on the Court's CM/ECF system on this 9th of MAY 2024 which forwarded a copy to:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760
*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

Date: MAY 9, 2024

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com