UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, Pro Se<br><br>Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al.,<br><br>Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr<br>Magistrate Judge Alistair E. Newbern |

**PLAINTIFF'S MOTION FOR SANCTIONS ON DEFENDANTS FOR IMPROPER CONDUCT**

The Plaintiff, Ian Hunter Lucas, proceeding pro se, hereby responds to the Defendants' Motion to Seal the December 19, 2023, Letter from Dean Mavis Schorn (Document 35) and requests sanctions against the Defendants for their improper conduct. The Defendants have not only violated the Plaintiff's academic privacy rights under the Family Educational Rights and Privacy Act (FERPA) but have also demonstrated a blatant disregard for the Plaintiff's rights and the Court's authority by filing Exhibit 1 - Ian Lucas's MN SAAP Letter & Receipt unsealed. This conduct is indicative of the Defendants' determination to engage in actions that cause harm, embarrassment, and injury to the Plaintiff.

II. LEGAL GROUNDS

Mischaracterization and Falsification by Defendants: The Defendants have inaccurately portrayed the nature of the Plaintiff's dismissal and the subsequent legal proceedings. This misrepresentation is a deliberate attempt to mislead the Court and weaken the Plaintiff's position.

Violation of FERPA: By seeking to seal the December 19, 2023, letter without proper justification and by previously filing Exhibit 1 unsealed, the Defendants have shown a disregard for the Plaintiff's academic privacy rights under FERPA, codified in 20 U.S.C. § 1232g(b)(1).

Disregard for Court Procedures: The Defendants' actions demonstrate a blatant disregard for the procedural rules and the Court's authority, filing documents without the Plaintiff's consent or the Court's leave.

Intentional Harm to Plaintiff: The Defendants' conduct appears to be a deliberate attempt to cause harm, embarrassment, and inflict injury upon the Plaintiff, contrary to the spirit of justice and equity.

## III. ARGUMENT

The Plaintiff intends to demonstrate that the Defendants' actions have compromised the confidentiality they claim to protect by highlighting the inconsistency between the Defendants' motion to seal the December 19, 2023, letter from Dean Mavis Schorn and their unsealed filing of Exhibit 1 - Ian Lucas's MN SAAP Letter & Receipt. The Plaintiff asserts that this contradictory behavior shows a lack of genuine concern for the Plaintiff's privacy rights under FERPA and that this was a mere insertion to demonstrate an intimidation and abuse of authority for threating the Plaintiff with future disclosure of Plaintiffs academic records with continued litigation. To support this argument, the Plaintiff present the following points:

1. Contradictory Conduct: The Defendants filed a motion to seal a document to protect the Plaintiff's privacy, yet they simultaneously filed related documents unsealed. This action undermines their stated intent to protect the Plaintiff's confidentiality and suggests a disregard for the Plaintiff's privacy rights.

2. FERPA Violations: The Plaintiff will assert that by filing Exhibit 1 unsealed, the Defendants have violated FERPA's provisions, which require written consent from the student before the release of education records. The Plaintiff asserts that the Defendants have not adhered to the privacy standards set by law. Given that the academic dismissal process is not under question whereas the reasoning for the actions undertaken for such process under the premise of retaliation, which is a different context than that of a grievance under that of a pure academic complaint in nature.

3. Mischaracterization of Facts: The Plaintiff contends that the Defendants have mischaracterized the facts and provided falsified details to the Court. By demonstrating that the Defendants' exhibit does not pertain to the Plaintiff's review or appeal of the dismissal decision, the Plaintiff will argues that the Defendants' actions are not only irrelevant to the case but also a deliberate attempt to harm the Plaintiff's reputation and legal standing.

4. Lack of Jurisdiction: The Plaintiff argues that the Defendants' exhibit, which is beyond the jurisdiction of the SAAP committee, should not have been presented as evidence of determination in the Plaintiff's dismissal. This further illustrates the Defendants' disregard for the proper legal process and the Plaintiff's privacy.

By presenting these arguments, the Plaintiff seeks to convince the Court that the Defendants' motion to seal is not motivated by a genuine concern for privacy but rather by an attempt to manipulate the legal process to the Plaintiff's detriment. The Plaintiff will request that the Court deny the Defendants' motion to seal and impose sanctions for their improper conduct.

IV. REQUEST FOR RELIEF

The Plaintiff respectfully requests the following relief:

Imposition of Sanctions: The Plaintiff seeks sanctions against the Defendants for their improper conduct, specifically for filing documents that violate the Plaintiff's privacy rights under FERPA without sealing them and for mischaracterizing and providing falsified details to the Court. The sanctions could include fines, orders to pay the Plaintiff's legal fees, or other penalties deemed appropriate by the Court to penalize and deter such conduct.

The Court should sanction the Defendants for their improper conduct, which has violated the Plaintiff's privacy rights and the Court's procedural rules. Through the imposition of sanctions against the Defendants for their conduct, the Plaintiff is seeking several specific legal remedies to address the violation of privacy rights under FERPA, and the mischaracterization and falsification of details provided to the Court. These remedies include:

Denial of Defendants' Motion to Seal: The Court should deny the Defendants' motion to seal the December 19, 2023, letter from Dean Mavis Schorn, as the Defendants have already compromised the confidentiality they purport to protect. The Plaintiff requests that the Court deny the Defendants' motion to seal the December 19, 2023, letter from Dean Mavis Schorn. This request is based on the argument that the Defendants have already compromised the confidentiality they claim to protect by filing Exhibit 1 unsealed, demonstrating a lack of genuine concern for the Plaintiff's privacy.

Temporary Restraining Order (TRO): Although not explicitly mentioned as a sanction, the Plaintiff has previously moved for a TRO to prohibit the Defendants from retaliating against him for asserting his rights under the Americans with Disabilities Act (ADA) and to require the Defendants to provide him with access to his student records, as mandated by FERPA. This request, while part of a separate motion, aligns with the Plaintiff's broader efforts to secure his privacy rights and legal protections under FERPA.

Protection of Plaintiff's Privacy: The Court should take appropriate measures to protect the Plaintiff's academic privacy and prevent further unauthorized disclosures. The Plaintiff requests the Court to take appropriate measures to protect his academic privacy and prevent further unauthorized disclosures. This could involve orders restricting the Defendants from making any further unsealed filings of sensitive information and possibly mandating the removal or sealing of previously filed documents that contain protected information.

These remedies collectively aim to address the alleged violations of the Plaintiff's privacy rights, correct the record before the Court, and prevent further harm to the Plaintiff by ensuring compliance with FERPA and the Court's procedural rules.

## IV. CONCLUSION

For the reasons stated herein, the Plaintiff, Ian Hunter Lucas, respectfully requests that this Honorable Court deny the Defendants' motion to seal and impose sanctions on the Defendants for their willful and harmful conduct.

Respectfully submitted,

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing MOTION on the Court's CM/ECF system on this 9th of MAY 2024 which forwarded a copy to:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760
*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

Date: MAY 9, 2024

_____
Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com