UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, Pro Se<br><br>Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al.,<br><br>Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr<br>Magistrate Judge Alistair E. Newbern |

## MOTION FOR EMERGENCY HEARING
## ON THE
## MOTION FOR RECONSIDERATION
## OF MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER

    The pro se Plaintiff, Ian Hunter Lucas, hereby urgently requests for an emergency hearing on the pro se Plaintiff's Motion for Reconsideration of Memorandum Opinion of the Court (Doc. No. [42]) and Motion for Reconsideration of Emergency Temporary Restraining Order (Doc. No. [26]) based upon his Pro se status, this notice of motion, the accompanying memorandum of points and authorities, the records and files herein, and any oral argument that may be entertained by the Court at the hearing on this motion. Previous Motions for Hearings have been made and heard by this Court on related matters, indicating the ongoing and persistent nature of the subject litigation and the continuing need for judicial intervention and resolution.

    This Emergency Hearing is necessitated by the alarming and imminent risk of irreparable harm that the Plaintiff will suffer without the relief requested in the Motions for Reconsideration and the pressing necessity for swift judicial consideration of the litigant's impasse presently at hand to circumvent further detriment to Plaintiff's significant interests.

## I. PRELIMINARY STATEMENT AND GROUNDS FOR REQUESTING AN URGENT HEARING

1. The timely administration of justice is a bedrock principle within the legal framework of this Court and is indispensable in averting irretrievable prejudice to a litigant's cause. In accordance with Rule 7(b)(1) of the Federal Rules of Civil Procedure, a motion, as the procedural vehicle for requesting a court order, must be couched in the written form, save for those instances arising within the context of a hearing or trial, and must articulate with particularity the rationale underpinning the quest for the sought order, in addition to clearly delineating the precise relief sought.

2. The capacity for this Court to convene an emergency hearing is nestled within its broad discretionary powers, particularly when to forego such an assembly might culminate in instant and irreparable harm, as elucidated in the controlling precedence set forth in <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers,</u> 415 U.S. 423, 439 [1974].

3. The exigency of the instant Motion for an Emergency Hearing is underscored by the Plaintiff's demonstration that the denial of the relief sought within the Motion for Reconsideration will result in immediate and irreparable harm of such a nature that it is beyond the palliative reach of pecuniary damages, and the Emergency Hearing is thus essential for the timely and appropriate adjudication of such substantive issues.

## II. LEGAL GROUNDS, JUDICIAL PRECEDENTS, AND RATIONALE SUPPORTING THE MOTION FOR RECONSIDERATION

A. The Plaintiff reasserts his Demand for Reconsideration pursuant to Rule 59(e) and Rule 60(b) of the Federal Rules of Civil Procedure, a legal entreaty that is thoroughly substantiated in the accompanying Motion for Reconsideration. Further, it is reiterated by Plaintiff, the necessity for an oral forum to adequately address the potential errors of either law or fact that may undergird the prior decision and to effectuate a comprehensive and effective conveyance of Plaintiff's legal posture.

### III. ARGUMENT IN SUPPORT OF THE MOTION

4. Plaintiffs postulate that the immediacy of the Emergency Hearing is predicated on the continuing specter of ongoing harm and the potential for such harm to inflict unalterable prejudice should Plaintiff's claims and arguments be denied a platform for timely discourse and consideration.

5. The criticality imbued within this petition is rendered ever more potent by the dismissal of the Motion for Temporary Restraining Order and the subsequent denial of hearings, a course of action which has, and if left unremedied, will proceed to impose injurious impact on Plaintiff's rights in

> a manner such that equitable redress, if not granted posthaste, may be entirely nullified by the inevitable march of time and the attendant evolution of circumstances.

### IV. CONCLUDING REMARKS AND PRAYER FOR RELIEF

6. An Emergency Hearing, given the considerations afforestated, is unequivocally merited in the context of the emergent nature of Plaintiff's predicament and the looming harm that Plaintiff will sustain should his Motions for Reconsideration fail to be expeditiously entertained and ruled upon by this venerable Court.

WHEREFORE, Ian Hunter Lucas, Pro se Plaintiff, most respectfully implores the Court for the immediate and necessary reliefs:

1. Issue an order granting an Emergency Hearing on the Plaintiff's Motion for Reconsideration of Memorandum Opinion of the Court (Doc. No. [42]) and Motion for Reconsideration of Emergency Temporary Restraining Order (Doc. No. [26]);

2. Designate said Emergency Hearing for the earliest convenient date in the Court's calendar to contemplate the substantive issues heralded herein by Plaintiff; and

3. Dispense such other, additional, or alternative relief as may seem just, equitable, and appropriate in the exercise of this Court's sound discretion and in alignment with the demands of justice.

Thus, Plaintiff beseeches this Court to promptly schedule this matter for an emergency hearing at the closest feasible opportunity the Court's docket may permit, and within such timeframe that would bestow upon Plaintiff the substantive right to the Court's prompt and comprehensive contemplation

before the harm which is the subject of this Motion materializes to an extent that can no longer be remediated or reversed.

Respectfully Submitted this 13th of May 2024, for Urgent and Prompt consideration by this honorable court,

_____

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com

# CERTIFICATE OF SERVICE

I certify that I filed the foregoing **MOTION** on the Court's CM/ECF system on this 13th of MAY 2024

which forwarded a copy to:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760
*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

Submitted May 13, 2024

_____

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com