UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, Pro Se<br><br>Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al.,<br><br>Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr<br>Magistrate Judge Alistair E. Newbern |

## NOTICE CONFIRMING OPERATIVE COMPLAINT

## AND INTENT TO SEEK LEAVE TO AMEND

COMES NOW, the Plaintiff, Mr. Lucas, pro se, and hereby provides this Notice Confirming Operative Complaint in compliance with the Court's Order dated May 9th, 2024, further indicating his intention to seek leave to amend the operative complaint and requesting a stay on the defendant's response until such time as the amended complaint is filed. Mr. Lucas states as follows:

*1. Identification of the Operative Complaint:*

The Amended Complaint (Doc. No. 1-4) dated March 31, 2024, is hereby identified, confirmed, and reaffirmed as the operative controlling complaint in this matter. This version is established as the primary document and serves as the current pleading upon which the case will proceed, without prejudice to any future amendments.

*2. Filing Requirement Adherence:*

In response to the Court's directive, this notice is hereby filed on May 16, 2024, confirming that Doc. No. 1-4 is the operative controlling complaint. Mr. Lucas ensures compliance with this requirement by presenting this notice within the stipulated timeframe.

*3. Content Confirmation:*

By the submission of this notice, Plaintiff Pro Se confirms that all references, allegations, and claims within Doc. No. 1-4 dated March 31, 2024, shall constitute the official and controlling statement of claims and factual allegations against the Defendant in this action.

*4. Service and Notice:*

Request for Service by United States Marshal and Clarification of Procedural Inquiry: In furtherance of ensuring comprehensive service upon all parties, and in light of the procedural intricacies previously encountered, Plaintiff respectfully requests the Court to authorize service of the operative complaint upon the remaining defendants by the United States Marshal Service. This request is predicated on the challenges faced in ensuring that all named defendants in the Amended Complaint, filed in state court and bearing the e-filing stamp dated March 31, 2024 (Doc. No. 1-4), are properly served.

The aforementioned defendants, including Daniel Diermeier, Tracey George, Cybele Raver, Melanie Lowe, Timothy Garrett, Maja A. Hartzell, Ernie Rushing, Sara Donahoe, Terry Walker, K. Melissa Smith Hayes, Nancy Wise, Lacey Cross, Monika Do, Carrie Plummer, Ellen Schoen, Judson Smith, Jessica Wellette, Melanie Morris, Robingale Panepinto, Melissa Lord, Brittany Kirby, and Shannon Ellrich, were added to this action as reflected in the amended documentation. However, in the notice of removal filed by the Removing Defendants, there was an assertion that "all Defendants have joined in the removal of this action" (Doc. No. 1 at 2), without specifying the inclusion or acknowledgment of the additional defendants named in the Amended Complaint.

This omission raises a procedural ambiguity, particularly in relation to the compliance with the statutory requirements for removal under 28 U.S.C. § 1446(a)(2)(A). The lack of clarity regarding whether the Removing Defendants have adequately represented the consent or participation of all named defendants in the removal process necessitates a clarification. This matter was previously flagged for inquiry (See Doc. No. 1 at 2 ¶ 2), yet remains unresolved. Given these circumstances and to facilitate the

equitable progression of this case, Plaintiff seeks the Court's intervention in authorizing the United States Marshal Service to effectuate service on the aforementioned defendants.

Furthermore, in an endeavor to ensure that all procedural requirements were met, Plaintiff proactively reached out to the defense counsel on record, Mr. Klein, to discuss the service of process for the defendants named in the Amended Complaint (Doc. No. 1-4) dated March 31, 2024. Despite these efforts, Mr. Klein communicated, through email correspondence, that while he was representing the defendants, he would not accept service of process on their behalf. This dialogue between the Plaintiff and defense counsel occurred multiple times, clearly indicating to the counsel that Doc. No. 1-4 was the operative complaint and should be recognized as such in the proceedings, even prior to the referral by His Honor Judge Waverly D. Crenshaw, as noted in Lucas v. Jessee et al, Docket No. 3:24-cv-00440 (M.D. Tenn. Apr 10, 2024), Court Docket.

This concerted effort by the Plaintiff to communicate the status of the operative complaint and to facilitate proper service underscores the challenges faced in ensuring that all defendants are duly served in accordance with the Federal Rules of Civil Procedure and highlights the necessity of the Court's guidance and intervention in authorizing the United States Marshal Service to serve the defendants, thereby ensuring the equitable progression of this case. This approach is deemed necessary to ensure that all parties are duly notified and can respond, thereby upholding the principles of fair play and due process.

*A. Considering the Plaintiff Pro Se Motion for Leave to Amend the Complaint*

Plaintiff Pro Se respectfully recommends to the Court that the service of process be temporarily stayed and that service upon all defendants, or their counsel, be conducted once an amended complaint is filed, contingent upon the Court granting such leave for amendment. This approach is proposed with the aim of rectifying any procedural errors encountered in the initial service attempts. It is the Plaintiff Pro Se's belief that this strategy will streamline the litigation process by ensuring that all parties are served with the most current and accurate pleadings, thereby preserving judicial resources, and upholding the principles of due process.

As such when the proposed amended complaint is filed, the Plaintiff Pro Se request the court authorize in furtherance of ensuring comprehensive service upon all parties, and considering the procedural intricacies previously encountered, Plaintiff respectfully requests the Court to authorize service of the operative complaint upon the remaining defendants by the United States Marshal Service. This request is predicated on the challenges faced in ensuring that all named defendants in the Amended Complaint, filed in state court and bearing the e-filing stamp dated March 31, 2024 (Doc. No. 1-4), are properly served.

*5. Document Integrity and Amendment Intent:*

Plaintiff Pro Se explicitly affirms his right to propose further amendments to the operative complaint (Doc. No. 1-4), as per the Federal Rules of Civil Procedure and with the court's permission, without such amendments detracting from the current standing and authority of Doc. No. 1-4 as the operative complaint in this matter. This right to amend is asserted with the understanding that the integrity and status of Doc. No. 1-4 as the governing document for the litigation are maintained, irrespective of any future modifications made to refine or expand the claims and allegations therein.

Plaintiff Pro Se intends to seek such permission through an additional motion to amend the complaint, ensuring the document's integrity and adaptability in response to evolving circumstances surrounding the case. Further, Plaintiff Pro Se hereby indicates his intention to seek leave from the Court to file an amended complaint upon such leave being granted by this honorable court. Considering this intention, and if such leave is granted, Plaintiff Pro Se respectfully requests that the Court issue a stay on any required response from the Defendant(s) to the operative complaint until such time as the amended complaint is filed and served.

Furthermore, Plaintiff Pro Se wishes to clarify that there is no intention for the Plaintiff move this court for remand of the case back to the state circuit court, given the presence of a federal question that warrants the jurisdiction of this Court and Plaintiffs belief in the federal court's capacity to adjudicate the matters at hand effectively. By proposing a stay on the current service of process and

4

Case 3:24-cv-00440    Document 50    Filed 05/16/24    Page 4 of 7 PageID #: 1285

outlining a plan for subsequent service upon the filing of an amended complaint, Plaintiff Pro Se seeks to ensure that the case progresses in a manner that is both efficient and equitable for all parties involved.

This request is made to promote judicial economy and to avoid the necessity of multiple responses from the Defendant(s) as the case evolves.

*6. Court Order Compliance:*

This notice is filed in strict compliance with the Court's directive and reflects Plaintiff Pro Se intention to adhere to procedural requirements as outlined by the Court's order dated May 9th, 2024, and to inform the Court and parties involved of his forthcoming actions to ensure fairness and efficiency in the proceedings.

*7. Comprehensive Response and Future Actions:*

Plaintiff Pro Se, in acknowledging the Court's guidance, expresses deep appreciation for the leniency traditionally afforded to pro se litigants under Haines v. Kerner, 404 U.S. 519 (1972), and the Court's specific instructions aimed at ensuring his compliance with the Federal Rules of Civil Procedure, notably Rule 8(a)(2)'s mandate for a "short and plain statement of the claim."

Plaintiff pro se, recognizes the Court's observations concerning the deficiencies of the Amended Complaint (Doc. No. 1-4), including its extensive length, misidentification and inconsistency regarding defendants, the presence of inappropriate legal arguments, and various issues affecting the readability and clarity of the document. In response, Plaintiff pro se hereby communicates his firm intent to seek the Court's leave to amend the Amended Complaint.

This forthcoming amendment aims to address the Court's concerns by condensing the complaint for clarity and brevity, ensuring accurate identification of all defendants within the document, removing legal arguments to focus solely on the factual underpinnings of his claims, and revising the document to eliminate typographical errors, incomplete sentences, and reiterations, thereby enhancing its overall comprehensibility.

Furthermore, Plaintiff Pro Se commits to utilizing the *Pro Se Handbook for Non- prisoner Federal Civil Actions* as recommended by the Court, to better align his amended pleading with the requisite legal standards. This commitment extends to a clearer articulation of his claims regarding alleged discrimination, retaliation, and mistreatment within Vanderbilt's School of Nursing, directly related to the Plaintiff Pro Se recognized disability[1] and his pursuit of reasonable accommodations. He aims to more precisely detail the incidents that form the basis of his claims, including but not limited to, grade alterations, unauthorized access to healthcare records, the presence of a firearm on campus, and his subsequent dismissal and expulsion from the institution, ensuring compliance with the Court's directives.

In conclusion, Plaintiff pro se respectfully requests the Court's continued patience and understanding as he endeavors to amend his complaint in strict adherence to the procedural rules and the Court's invaluable feedback. He is dedicated to rectifying the identified issues to ensure a just and efficient adjudication of the matters before the Court.

Signed and dated this 16th day of May 2024.

Respectfully submitted,

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

---

[1] 1. "Recognized Disability" under the Americans with Disabilities Act (ADA): The ADA defines a disability as a physical or mental impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having such an impairment. This comprehensive definition is designed to encompass a wide range of conditions, both visible and invisible, that can significantly impact an individual's life. Under the ADA, a recognized disability is not limited to physical impairments but also includes mental and psychological disorders that affect major life activities, such as cognitive functioning, interacting with others, and performing manual tasks. The Act's purpose is to ensure that individuals with disabilities are provided with the same opportunities as everyone else, including in employment, education, and access to public spaces. To qualify for protections under the ADA, individuals must demonstrate how their condition meets the ADA's criteria for a disability, which may require medical documentation or other evidence to substantiate the claim of substantial limitation in major life activities. See Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2024, the foregoing **NOTICE** was filed with the Court's CM/ECF system, which automatically forwarded a copy to the following counsel of record:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760
*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Mark A. Baugh, BPR No. 015779
(See above for Address and Contact Information)
<u>Attorney to be Noticed</u>[2]: *Daniel Diermeier, Tracey George, Cybele Raver, Melanie Lowe, Timothy Garrett, Maja A. Hartzell, Ernie Rushing, Sara Donahoe, Terry Walker, K. Melissa Smith Hayes, Nancy Wise, Lacey Cross, Monika Do, Carrie Plummer, Ellen Schoen, Judson Smith, Jessica Wellette, Melanie Morris, Robingale Panepinto, Melissa Lord, Brittany Kirby, and Shannon Ellrich*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

Respectfully submitted,

/s/ Ian Hunter Lucas
Ian Hunter Lucas
Plaintiff Pro Se
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

---

[2] This service has been executed through the court's Case Management/Electronic Case Files (CM/ECF) system, with Attorney Mark A. Baugh being designated as the "ATTORNEY TO BE NOTICED" on behalf of these defendants. It is important to note that this designation has been made notwithstanding the fact that a Federal Complaint or Federal Summons has not been formally served upon these defendants. This notice is issued to certify the completion of service as outlined above and to affirm the compliance with procedural requirements under the Federal Rules of Civil Procedure regarding the notification of defendants in this matter.