UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, Pro Se<br><br>    Plaintiff(s),<br><br>v.<br><br>MARY ANN JESSEE et al.,<br><br>    Defendant(s). | Case No. 3:24-cv-00440<br><br>Judge Waverly D. Crenshaw, Jr<br>Magistrate Judge Jeffery S. Frensley |

### Motion for Venue Transfer

The plaintiff respectfully moves this Court for [a transfer of venue pursuant to] Federal Rule of Civil Procedure 1404(a) due to potential prejudice and [bias in the current venue.] Federal Rule of Civil Procedure 1404(a) authorizes a court to transfer a case to another district or division where it might have been brought, or to any district or division to which all parties have consented, for the convenience of parties and witnesses, in the interest of justice.

In this case, the plaintiff is faced with potential [prejudice that could impair the right to a] fair and impartial trial. The United States Supreme Court has recognized that excessive pretrial publicity can undermine a party's right to an impartial jury, as seen in *Sheppard v. Maxwell*, 384 U.S. 333 (1966), that necessitates a change of venue. Such prejudice can be either presumed or actual, depending on the circumstances.

Furthermore, the interest of justice supports [a transfer of venue. Courts have identified] several factors for a court to consider when deciding [whether to transfer a case,] including the convenience of the parties and witnesses, the location of evidence, and any burdens involved in maintaining the litigation in the current venue.

The plaintiff's preference for a forum is a significant [factor considered by the courts.] Nonetheless, other factors, such as the convenience [of witnesses and access to evidence,]

location of documentary evidence, and the potential [cut off] forum, must also be evaluated.

The district court possesses broad discretion [cut off] The critical question is whether a fair and impart[ial...]

In conclusion, the plaintiff respectfully requ[ests...] potential prejudice, and change of venue to the West[ern/] Eastern District of Tennessee.

Signed and dated this 25th day of May 2024.

Respectfully submitted,

_____

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

# CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of May 2024, the foregoing **NOTICE** was filed with the Court's CM/ECF system, which automatically forwarded a copy to the following counsel of record:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760
*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Mark A. Baugh, BPR No. 015779
(See above for Address and Contact Information)
<u>Attorney to be Noticed</u>[1]: Daniel Diermeier, Tracey George, Cybele Raver, Melanie Lowe, Timothy Garrett, Maja A. Hartzell, Ernie Rushing, Sara Donahoe, Terry Walker, K. Melissa Smith Hayes, Nancy Wise, Lacey Cross, Monika Do, Carrie Plummer, Ellen Schoen, Judson Smith, Jessica Wellette, Melanie Morris, Robingale Panepinto, Melissa Lord, Brittany Kirby, and Shannon Ellrich

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

Respectfully submitted,

/s/ Ian Hunter Lucas
Ian Hunter Lucas
Plaintiff Pro Se
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

---

[1] This service has been executed through the Files (CM/ECF) system, with Attorney Mark A. B BE NOTICED" on behalf of these defeiomdanbeents. It made notwithstanding the fact that a Federal Complaint or Federal Summons has not been formally served upon these defendants. This notice is issued to certify the completion of service as outlined above and to affirm the compliance with procedural requirements under the Federal Rules of Civil Procedure regarding the notification of defendants in this matter.