UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

IAN HUNTER LUCAS, Pro Se

    Plaintiff(s),

v.

MARY ANN JESSEE et al.,

    Defendant(s).

Case No. 3:24-cv-00440

Judge Waverly D. Crenshaw, Jr
Magistrate Judge Jeffery S. Frensley

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CHANGE IN VENUE**

*I.    Introduction*

    This Memorandum of Law is submitted on behalf of Ian Hunter Lucas, the Plaintiff, in support of the request for a change of venue pursuant to Federal Rules of Civil Procedure 1404(a). The request is made in consideration of the convenience of parties and witnesses, and in the interest of justice. The Plaintiff seeks to relocate the proceedings from their current jurisdiction to a more suitable federal district, as further detailed herein. This memorandum outlines the legal basis and factual circumstances justifying the requested venue change.

*II.    Legal Standard*

    This Memorandum of Law is governed by the Federal Rules of Civil Procedure, specifically under Rule 1404(a), which allows for the change of venue "for the convenience of parties and witnesses, in the interest of justice." This provision grants the court discretion to transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented. The decision to change venue under Rule 1404(a) involves a multi-factor analysis, considering factors such as the convenience of parties and witnesses, the location of relevant documents and evidence, the domicile of the parties, the availability of process to compel the attendance of unwilling witnesses, and the interests of justice.

In applying Rule 1404(a) to the request for a change of venue in the case at hand, the court will evaluate the specific circumstances of this case, including the convenience and burden on the parties and witnesses, the location of evidence, and any other relevant factors that may affect the fair and efficient conduct of the trial. It is incumbent upon the party requesting the change of venue to demonstrate that the balance of these factors strongly favors a venue other than the one originally chosen.

### III.    *Argument for Change of Venue*

The Plaintiff, Ian Hunter Lucas, hereby submits this memorandum in support of a motion for a change of venue, pursuant to the relevant federal statutes and rules governing such motions. This motion is predicated on the belief that a fair and impartial trial cannot be held in the current venue due to potential prejudice against the Plaintiff and in the interest of justice.

Firstly, evidence suggests that the current venue harbors a pre-existing bias that may unfavorably influence the outcome of the case. This bias stems from extensive local media coverage that has not only been pervasive but has also portrayed the Plaintiff in a negative light, potentially tainting the prospective jury pool.

Secondly, the interest of justice serves as a paramount concern. A change of venue would ensure a trial environment free from undue influence, where the facts of the case can be presented and adjudicated upon impartially. Moreover, a venue change would facilitate a more expedient trial process, benefiting all parties involved. In conclusion, the Plaintiff respectfully requests that the court grant this motion for a change of venue, thereby upholding the principles of fairness and justice that are foundational to the federal judicial system.

### IV.    *Prejudice and Fair Trial*

This memorandum addresses the prejudicial effect of pretrial publicity on the right to a fair trial, with specific reference to the landmark case <u>Sheppard v. Maxwell</u>, *384 U.S. 333 (1966)*. In <u>Sheppard v. Maxwell</u>, the Supreme Court of the United States held that the defendant was denied a fair trial due to a "carnival atmosphere" created by the media, which significantly influenced the trial's outcome. This case underscores the importance of safeguarding a defendant's right to a fair trial against the adverse impacts of pretrial publicity.

To mitigate the prejudicial effect of pretrial publicity, courts may implement several measures, including but not limited to, changing the venue of the trial, sequestering the jury, and implementing gag orders to limit the amount of information released to the public. These measures aim to ensure that the defendant's right to a fair trial is not compromised by external influences, thereby upholding the integrity of the judicial process.

In the context of the current case, it is imperative to assess the extent of pretrial publicity and its potential impact on the fairness of the trial. The parties are encouraged to present any evidence of prejudicial pretrial publicity and to propose appropriate remedies to counteract its effects, in line with the principles established in <u>Sheppard v. Maxwell</u>.

## V.     *Interest of Justice*

In considering whether to transfer a case in the interest of justice, the Supreme Court has identified several key factors to be evaluated. These factors include, but are not limited to, the convenience of parties and witnesses, the location of relevant evidence, and the overall litigation expenses. The Court aims to ensure that the transfer of a case serves the best interests of justice, facilitating a fair and efficient resolution of the dispute.

The convenience of parties and witnesses is a primary consideration, taking into account the geographical location of all involved and the potential burden on those required to travel. The location of evidence also plays a critical role, with preference given to venues where the majority of relevant evidence is easily accessible. Lastly, the Court considers the impact of the transfer on litigation expenses, seeking to minimize costs for all parties involved.

Each case is evaluated on its own merits, with the aforementioned factors weighed collectively to determine whether a transfer would indeed serve the interest of justice.

## VI.     *Plaintiff's Preference and Other Factors*

This Memorandum of Law acknowledges the significance of the Plaintiff's, Ian Hunter Lucas, preference for the forum in which this case is to be adjudicated. The Plaintiff's choice of forum shall be given

substantial weight, particularly given that the Plaintiff has chosen a forum that is closely connected to the underlying facts of the case.

In addition to the Plaintiff's forum preference, the Court will consider several other factors to ensure that justice is served efficiently and effectively. These factors include, but are not limited to, the convenience of witnesses, the location of key events that give rise to the action, the location of documentary evidence, and the potential for prejudice against the Plaintiff or Defendant, Mary Ann Jessee, et al., in both the original and any proposed transfer forums.

The Court will conduct a balanced evaluation of these factors, taking into account the interests of justice and the efficient administration of the case, to determine whether the Plaintiff's preferred forum is the most appropriate venue for this litigation.

## VII.　Conclusion and Request

In conclusion, based upon the considerations of potential prejudice against the Plaintiff, Ian Hunter Lucas, and in the interest of justice, it is hereby respectfully requested that this Court grant a change of venue to either the Western District of Tennessee or the Eastern District of Tennessee.

This request is made in accordance with the relevant federal statutes and case law governing changes of venue, ensuring that the trial is conducted in a location that is fair and equitable to all parties involved, including the Defendant, Mary Ann Jessee, et al.

Signed and dated this 25th day of May 2024.

Respectfully submitted,

*[signature]*

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of May 2024, the foregoing **MEMORANDUM** was filed with the Court's CM/ECF system, which automatically forwarded a copy to the following counsel of record:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760
*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Mark A. Baugh, BPR No. 015779
(See above for Address and Contact Information)
<u>Attorney to be Noticed[1]</u>: *Daniel Diermeier, Tracey George, Cybele Raver, Melanie Lowe, Timothy Garrett, Maja A. Hartzell, Ernie Rushing, Sara Donahoe, Terry Walker, K. Melissa Smith Hayes, Nancy Wise, Lacey Cross, Monika Do, Carrie Plummer, Ellen Schoen, Judson Smith, Jessica Wellette, Melanie Morris, Robingale Panepinto, Melissa Lord, Brittany Kirby, and Shannon Ellrich*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
*Attorneys for Defendants: Mary Ann Jessee, Michelle Tellock, Joel Newsome, Melissa Porter, G.L. Black, Neil Jamerson, Jeremy Bourgoin, Mavis Schorn, Pamela Jefferies, E. Jacob Cummings, Jill Harris, Heather Robbins, Cate Enstrom, Angela Weaver, Mary Roy, Michael Fazi, and Feylyn Lewis*

Respectfully submitted,

/s/ Ian Hunter Lucas
Ian Hunter Lucas
Plaintiff Pro Se
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

---

[1] This service has been executed through the Case Management/Electronic Case Files (CM/ECF) system, with Attorney Mark A. Baugh being "NOTICED" on behalf of these defendants. It is important, notwithstanding the fact that a Federal Complaint or Federal Summons has not been formally served upon these defendants. This notice is issued to certify the completion of service as outlined above and to affirm the compliance with procedural requirements under the Federal Rules of Civil Procedure regarding the notification of defendants in this matter.

5