IN THE UNITED STATES DISTRICT COURT FOR THE

MIDDLE DISTRICT OF TENNESSEE,

NASHVILLE DIVISION

———————————————————— X

| | | |
|---|---|---|
| Ian Hunter Lucas, *pro se* | : | **3:24-cv-00440** |
| *Plaintiff(s)*, | : | |
| v. | : | District Judge Hon. Waverly D. Crenshaw, Jr., *hereafter known as the "Presiding District Judge"* |
| | | Magistrate Judge Hon. Jeffery S. Frensley |
| Vanderbilt University, | : | |
| *Defendant(s).* | : | |

———————————————————— X

**MOTION TO RECUSE**

*Pro se Plaintiff, Ian Hunter Lucas, respectfully calls upon this Court to consider the recusal of the presiding District Judge pursuant to 28 U.S.C. § 455.*

**A.** ***Introduction***

1. PLAINTIFF *pro- se* is Ian Hunter Lucas; DEFENDANT is Vanderbilt University.

2. The PLAINTIFF pro se, Ian Hunter Lucas, a former nursing student at Vanderbilt University who suffers from Crohn's disease, alleges that he faced discrimination and retaliation, leading to his expulsion on March 4, 2024. He filed several motions, including an emergency motion for a temporary restraining order, which the court denied. The court, referencing Federal Rule of Civil Procedure 8(a)(2) for pleading standards and Rule 65(b) for temporary restraining

1

orders, struck certain documents to avoid confusion due to discrepancies and errors. The court held that the amended complaint allegedly did not adhere to the requirements of Rule 8(a)(2), due to its extensive length of 58 pages and the presence of certain incomplete sentences and arguments, resulting in a perceived lack of clarity. Additionally, the court determined that there was no irreparable harm justifying a temporary restraining order since the plaintiff was no longer a student at Vanderbilt, making current discrimination or retaliation by the university impossible based on past events. Consequently, the court denied the motion for a temporary restraining order and ordered the parties to meet with a magistrate judge to discuss potential amendments to the complaint, discovery, briefing, and a preliminary injunction hearing *Lucas v. Jessee*, No. 3:24-cv-00440, 2024 U.S. Dist. LEXIS 84501, at 1 (M.D. Tenn. May 9, 2024).

 **B.** *Ex parte communication with a fellow Vanderbilt University & Vanderbilt School of Law alumnus and the relation of this alumnus with a now Vanderbilt Alumnui defendant in this case, and student at the time of case initiation.*

3. **The PLAINTIFF, Ian Hunter Lucas, pro se**, submits this motion elucidating with respectful immediacy that the Presiding District Judge should contemplate recusal due to potential bias, which could compromise his ability to judge impartially in this case. It would promote justice and fairness for District Judge the Hon. Waverly D. Crenshaw, Jr. to recuse himself from this case, considering the substantiated concerns of potential bias. This bias arises from the possibility of ex parte communication with a fellow Vanderbilt University & Vanderbilt School of Law alumnus and the relationship of this alumnus with a defendant at the commencement of this case being a major player in the case, **CLAIRSE GAMEZ**, family

member of the **HON. GREG ABBOTT**, *GOVERNOR OF TEXAS*, and **CECILIA PHALEN ABBOTT**, *FIRST LADY OF TEXAS.*

4.  Furthermore, Judge Crenshaw is a double degree graduate from **VANDERBILT UNIVERSITY** and additionally the **VANDERBILT UNIVERSITY SCHOOL OF LAW**. This is notable because Governor Abbott and Judge Crenshaw both studied at Vanderbilt University School of Law during the same period between 1981 and 1984. This concurrent educational history, coupled with their active participation in Vanderbilt alumni activities, gives rise to concerns about potential bias and impartiality. The intimate nature of alumni networks and the likelihood of overlapping social and professional circles during and post their Vanderbilt tenure, these elements could foster an appearance of partiality. This connection is of particular concern in the context of this case, with Vanderbilt University as a defendant.

**C.**  *Legal Arguments for the Basis of Request of Recusal*

5.  The Due Process Clause of the U.S. Constitution entitles a person to an impartial and disinterested tribunal in all judicial proceedings. See Williams v. Pennsylvania, 579 U.S. 1, 8 (2016); Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876 (2009); Marshall v. Jerrico, Inc., 446 U.S. 238, 242 (1980).

6.  Any potential personal bias or prejudice from the judge could, unfortunately, risk depriving the plaintiff of a fair trial, potentially infringing on the Due Process Clause. See Williams, 579 U.S. at 8–11; Caperton, 556 U.S. at 872; Marshall, 446 U.S. at 242–43. Specifically, Judge Crenshaw has exhibited bias due to ex parte communication with a fellow Vanderbilt alumnus and previous defendant Clairse Gamez's direct relation to and family

member, Hon. Greg Abbott, Governor of Texas. Additionally, Judge Crenshaw's active involvement in Vanderbilt alumni activities further demonstrates a clear conflict of interest.

7. If a judge has a personal bias or prejudice against a party or about the subject matter of the suit, the judge must recuse himself or herself. {28 U.S.C. § 144/28 U.S.C. § 455(b)(1)}; see Sao Paolo State of Federative Republic of Braz. v. Am. Tobacco Co., 535 U.S. 229, 232–33 (2002). The Court should grant PLAINTIFF's motion to recuse for the following reasons: Judge Crenshaw's bias or prejudice is clearly adverse to the plaintiff's interests. See *Tejero v. Portfolio Recovery Assocs*., L.L.C., 955 F.3d 453, 463 (5th Cir. 2020); *Gilbert v. City of Little Rock*, Ark., 722 F.2d 1390, 1398–99 (8th Cir. 1983). The judge's connections with Vanderbilt University, including his double degree status with significant ties, relationship, loyalty and active participation in alumni activities, along with his communication with Hon. Greg Abbott, demonstrate a clear potential for partiality, which undermines the fairness of the trial. Under 28 U.S.C. § 455, any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

8. Judge Crenshaw's bias or prejudice stems from an extrajudicial source. See Liteky v. United States, 510 U.S. 540, 554 (1994). Over the weekend, new information has come to light that strongly suggests clear evidence of conflicts of interest behind these matters. This includes involvement and relationships entailing Governor Greg Abbott and the defendant, Clairse Gamez.

9. It has come to the plaintiff's attention that *Governor Abbott's adopted daughter, Audrey Abbott, is directly related to Clairse Gamez, establishing a significant connection based on familial relations through the First Lady of Texas and the adopted First Daughter's*

*relationship between Governor Abbott, the Phelan family, and Gamez, who is part of the Phelan family on her mother's side.*

10. Additionally, Dade Phelan, the Speaker of the Texas House of Representatives, has numerous investments under Phelan Holdings, notably in "mineral reserves and oil and gas properties," which are substantial and well-maintained investments. These holdings also extend to consulting engagements with Vanderbilt University Chancellor and large investment portfolios through KKR & Co. It has also been brought to our attention that the company 8VC, where Audrey Abbott is employed, relates to KKR & Co. Furthermore, Texas, known as the headquarters of my former employer, Global Medical Response, and its parent company Air Evac Life Team, has colluded with Vanderbilt University in facilitating my wrongful expulsion.

### D. *Conclusion and request for immediate action*

11. In summary, the plaintiff asserts that Judge Crenshaw's impartiality is compromised due to his extrajudicial relationships and connections, which create a clear conflict of interest. For these reasons, the plaintiff, Ian Hunter Lucas, respectfully demands that Judge Crenshaw consider recusal and requests that the presiding judge appoint another judge to hear this case on the merits.

Respectfully submitted,

Dated: June ___10th_____, 2024

All Rights Reserved to Ian Hunter Lucas

By: _____

*Ian H. Lucas | Plaintiff, Pro Se*
*221 Charleston Avenue*
*Pleasant View, Tennessee, 37146*
Telephone: 910-872-3577
Email: lucasianhunter@outlook.com

## PROOF OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION TO RECUSE** was served by the Court's CM/ECF system, which automatically forwarded a copy to the counsel of record for Defendants.

## SERVICE LIST

***Attorneys on Record who requested to be Notified* on behalf of Vanderbilt University**

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760


Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4781

*With utmost respect and sincere intent,*

_____
Ian Hunter Lucas
Plaintiff *Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

7