| | |
|---|---|
| IAN HUNTER LUCAS, | ) |
| Plaintiff, | ) |
| v. | ) No. 3:24-cv-00440 |
| MARY ANN JESSEE, et al. | ) |
| Defendants. | ) |

# ORDER

Before the Court is Plaintiff Ian Hunter Lucas' Motion to Recuse (Doc. No. 67), requesting the Undersigned to "consider recusal" under 28 U.S.C. § 455 and "appoint another judge to hear this case on the merits." (Id. at 5). In support of his motion, Lucas, proceeding pro se, argues, without any supporting affidavit or evidence, that there is a "possibility" the Undersigned communicated "with a fellow Vanderbilt University & Vanderbilt School of Law alumnus" Greg Abbott (the current Governor of Texas), whose adopted daughter allegedly "is directly related to" former[1] Defendant Clairise Gamez. (Id. at 3). Lucas believes this alleged communication occurred because the Undersigned and Governor Abbott "both studied at Vanderbilt University School of Law during the same period between 1981 and 1984." (Id.). As a result, Lucas contends that this potential connection and unspecified communication compromised the Undersigned's impartiality and "create[d] a clear conflict of interest" warranting recusal. (Id. at 5). The Court disagrees.

---

[1] On June 4, 2024, the parties stipulated to the dismissal of several defendants, including Clairise Gamez. (See Doc. No. 65). The docket has not yet been updated to reflect that change.

Federal judges are bound by the following recusal standard in 28 U.S.C. § 455(a): "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  In determining whether to grant a motion for recusal under § 455(a), the relevant inquiry is whether, given the facts, an objective reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.  Garrett v. Ohio State Univ., 60 F.4th 359, 369 (6th Cir. 2023); see also Ragozzine v. Youngstown State Univ., 783 F.3d 1077, 1079 (6th Cir. 2015).  "The standard is an objective one; hence, the judge need not recuse himself based on the 'subjective view of a party' no matter how strongly that view is held."  Id. (quoting United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990)).

The Undersigned is unaware of any "extrajudicial relationships," "ex parte communications," or "connections" with Governor Abbott whatsoever, let alone any contacts that would affect the Undersigned's impartiality in this matter.  More generally, there is nothing innately wrong with a Judge, who sits in Nashville, Tennessee, to have points of contact with Vanderbilt University (the sole remaining Defendant in this case) or its affiliates.  See Garrett, 60 F.4th at 371.  The Judicial Code of Conduct counsels that the "complete separation of a judge from extrajudicial activities is neither possible nor wise; a judge should not become isolated from the society in which the judge lives."  Id. (quoting Code of Conduct for United States Judges, Commentary, Canon 4). Instead, "[t]he question under § 455(a) is whether the judge's personal or community associations are of such a character that they would cause an informed, reasonable observer to believe that the judge 'could not set [them] aside when judging the dispute.'"  Id. (quoting Liteky v. United States, 510 U.S. 540, 557–58 (1994) (Kennedy, J., concurring)).  "An

impartial judiciary—and the appearance of an impartial judiciary—is of the utmost importance." Id.

As relevant here, the Court must also keep in mind that "needless recusals exact a significant toll; a change of umpire mid-contest may require a great deal of work to be redone . . . and facilitate judge-shopping." Id. (internal quotation marks omitted) (citing In re United States, 572 F.3d 301, 308 (7th Cir. 2009)). "So, [t]here is as much obligation upon a judge not to recuse himself when there is no occasion as there is for him to do so when there is." Id. (internal quotation marks omitted) (citing Easley v. Univ. of Mich. Bd. of Regents, 853 F.2d 1351, 1356 (6th Cir. 1988)).

After careful consideration guided by the standards above, the Undersigned concludes that Lucas has not met his burden of proving that "a reasonable person with knowledge of all the facts would conclude that the [Undersigned's] impartiality might reasonably be questioned." See Burley v. Gagacki, 834 F.3d 606, 615–16 (6th Cir. 2016); see also Consol. Rail Corp. v. Yashinsky, 170 F.3d 591, 597 (6th Cir. 1999). Any alleged communication (to the extent it even took place) between the Undersigned and the adoptive father of a relative of a former defendant would in no way affect the Undersigned's ability to be impartial in this matter and render fair judgment throughout. Likewise, that the Undersigned attended Vanderbilt University and, even if Governor Abbott attended Vanderbilt at the same time as the Undersigned, without more, is not a sufficient basis for recusal. See Easley, 906 F.2d at 1167. Of course, the Undersigned takes seriously its continuing obligation to be impartial towards all litigants and will reassess this situation if it is ever determined that his impartiality *could* reasonably be questioned. But at this juncture, recusal under § 455 is neither required nor prudent.

Accordingly, Lucas' Motion to Recuse (Doc. No. 67) is **DENIED**.

3

Case 3:24-cv-00440    Document 68    Filed 06/12/24    Page 3 of 4 PageID #: 1451

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE