UNITED STATES DISTRICT COURT FOR THE
MIddLE DISTRICT OF TENNESSEE
NASHVILLE

---------------------------------- X

IAN LUCAS,

        Plaintiff,

        v.

MARY ANN JESSEE et al.,

        Defendant.

Docket No.: 3:24-cv-00440

District Judge
Waverly D. Crenshaw, Jr

Magistrate Judge
Jeffrey S. Frensley

---------------------------------- X

## PLAINTIFFS MOTION TO SEAL CASE PENDING PLAINTIFFS NOTICE OF VOLUNTARY WITHDRAWL WITHOUT PREJUDICE AND TERMINATION OF LITIGATION

    This Motion to Seal Records (the "Motion") is submitted to the Court by Ian H. Lucas (the "Applicant"), against Mary Ann Jessee et al. (the "Respondent"), in accordance with the relevant U.S. Federal laws and regulations. The Motion seeks the Court's permission to seal certain judicial records, the details of which are further elaborated within the subsequent sections of this document. The records in question pertain to matters that the Applicant argues contain sensitive and confidential information, the disclosure of which could potentially harm the privacy interests of the parties involved.

## *Legal Basis for Sealing*

In support of the Motion to Seal Records filed herein, the Applicant, Ian H. Lucas, pursuant to the relevant statutes and case law within the U.S. Federal jurisdiction, asserts that the sealing of certain records is justified on the basis of protecting privacy interests that outweigh the public's right to access.

Specifically, the Applicant invokes the provisions of Rule 26(c) of the Federal Rules of Civil Procedure, which authorizes the court to issue orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including sealing records from public access when warranted.

Furthermore, the Applicant references pertinent case law that establishes a precedent for sealing records in circumstances where the disclosure of sensitive information could result in significant harm to an individual's privacy rights. In balancing these interests, the Applicant argues that the privacy concerns in this case are of such a magnitude that they surpass the general principle of public access to judicial records.

The Applicant asserts that the specific records subject to this motion contain sensitive personal information, the disclosure of which could lead to significant personal and professional repercussions for the parties involved. Therefore, in consideration of the aforementioned legal grounds and the privacy interests at stake, the Applicant respectfully requests that the court grant the Motion to Seal Records.

### *Specificity of Request*

The Applicant, Ian H. Lucas, hereby requests the Court to seal certain records pertaining to the case involving the Applicant Ian H. Lucas In accordance with the requirements for sealing records under U.S. Federal jurisdiction, the Applicant specifies the following records for sealing:

- ***ALL CASE DOCUMENTS AND PLEADINGS***: Reason for sealing - contains sensitive personal information that, if disclosed, could lead to identity theft or other harm to individuals mentioned within.

Each document or piece of information listed above is requested to be sealed for the reasons specified, demonstrating the necessity for confidentiality to protect the interests of the parties involved and to uphold the integrity of the judicial process. The Applicant asserts that the sealing of these records is essential for the protection of privacy, proprietary interests, and the preservation of confidential communications, and requests that the Court grant this motion in the interest of justice.

### *Duration of Sealing*

The sealing of the records pertaining to the case involving Ian H. Lucas as the Applicant and Mary Ann Jessee et al. as the Respondent shall be for a period not to exceed two (2) years from the date of the order granting this motion. This duration is proposed based on the need to protect sensitive information contained within the records from public disclosure, which may unduly prejudice the parties

involved. The period of two years is deemed sufficient to address the concerns leading to the request for sealing, after which the need for protection will be re-evaluated.

### *Access to Sealed Records*

Subject to the approval of the U.S. Federal Court, access to the records sealed pursuant to this Motion to Seal Records (the "Motion") shall be strictly limited to the following parties under the conditions specified herein:

- The Applicant, Ian H. Lucas, and his legal representatives, for the purpose of enforcing or defending rights under this Motion, or as otherwise required by law or court order.
- The Respondent, Mary Ann Jessee et al., and their legal representatives, for the purpose of enforcing or defending rights under this Motion, or as otherwise required by law or court order.
- The U.S. Federal Court presiding over this matter, including any judge, magistrate, or authorized court personnel, for purposes of adjudicating any dispute arising under this Motion or related to the sealed records.

Any request for access to the sealed records by parties other than those specified above must be made via a written motion to the court, demonstrating compelling reasons for such access and subject to the court's discretion. The court may grant such access on terms it deems appropriate, which may include, but are not limited

to, confidentiality agreements or other measures to protect the integrity of the sealed records.

All parties granted access to the sealed records must adhere to any and all conditions imposed by the court regarding the use, disclosure, and protection of the information contained within the sealed records. Failure to comply with these conditions may result in sanctions, including but not limited to, contempt of court.

### *Procedure for Filing Under Seal*

In accordance with the applicable U.S. Federal rules and regulations, when either party, Ian H. Lucas ("Applicant") or Mary Ann Jessee et al. ("Respondent"), seeks to file documents under seal in this case, the following procedures must be adhered to:

1. The party wishing to file documents under seal must first file a motion to seal with the court, citing the specific reasons and legal basis for the request to seal the documents. The motion must also include a proposed order for the court's consideration.
2. Concurrently with the motion to seal, the party must submit to the court both a redacted and an unredacted version of the documents to be sealed. The redacted version should be filed publicly, while the unredacted version should be filed under seal, in accordance with the court's instructions.
3. Any redactions made to the publicly filed documents must be narrowly tailored to protect only the information that is subject to sealing, such as confidential personal information, trade secrets, or other sensitive data as defined by the court.

4. The court will review the motion to seal and the accompanying documents, and may require additional information or a hearing to determine whether the documents should be sealed.
5. If the court grants the motion to seal, the unredacted documents will be maintained under seal and accessible only to the court, authorized court personnel, and parties to the case who have been granted access by the court.
6. If the court denies the motion to seal, the party must file an amended public version of the documents, removing any information that was intended to be sealed but was not approved by the court.

It is the responsibility of the parties to ensure compliance with all court orders and federal rules regarding the filing of documents under seal.

### *Notification and Service*

Pursuant to the requirements of the U.S. Federal jurisdiction, the Applicant, Ian H. Lucas, shall provide timely notification of the Motion to Seal Records to the Respondent, Mary Ann Jessee et al., and any potentially interested non-parties.

This notification shall be made in accordance with the Federal Rules of Civil Procedure, specifically ensuring compliance with Rule 5 regarding the service and filing of pleadings and other papers.

The Applicant must serve a copy of the Motion to Seal Records on the Respondent and any identified interested non-parties no later than five (5) business days after the motion is filed with the court. Service may be accomplished through any means authorized by Rule 5(b) of the Federal Rules of Civil Procedure,

including electronic means if the parties have consented in writing to such a method of service.

Proof of service, detailing how and when the Motion to Seal Records was served upon the Respondent and any potentially interested non-parties, must be filed with the court in accordance with Rule 5(d). This proof must include a certification by the person who effected service, stating the date of service, the method of service, and the names of the parties served.

### *Hearing*

In the event the Court deems it necessary, or upon request by either party, a hearing regarding the Motion to Seal Records shall be scheduled. The Applicant, Ian H. Lucas, or the Respondent, Mary Ann Jessee et al., may request a hearing at any stage of the proceedings. Such request must be made in writing and filed with the Court, with a copy served upon the opposing party, no later than ten (10) business days prior to the desired hearing date.

The Court reserves the right to determine the necessity, timing, and format of the hearing, which may include in-person, telephonic, or videoconference options, in accordance with the applicable rules and procedures of the U.S. Federal jurisdiction. The parties will be notified of the Court's decision and any specific instructions or requirements for the hearing.

Conclusion and Relief Sought

In conclusion, Applicant, Ian H. Lucas, respectfully requests that this Honorable Court grant the motion to seal records pertaining to the case against Respondent,

Mary Ann Jessee et al. It is imperative for the protection of privacy and to prevent potential harm that may arise from public access to these sensitive records. Therefore, the Applicant seeks the following relief:

- An order to seal all records related to this case, including but not limited to, court documents, filings, and any digital records.
- Such other relief as the Court deems just and proper under the circumstances.

This motion is made in good faith and not for the purpose of delay. The Applicant believes that sealing these records is in the best interest of justice and privacy concerns.

Respectfully Submitted, Dated this ___29th___ day of June 2024.

**/s/ Ian H. Lucas**

Ian H. Lucas
Plaintiff Pro Se
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **MOTION TO SEAL CASE** was served by the Court's CM/ECF system, which forwarded a copy to the counsel of record for Defendants automatically.

## SERVICE LIST

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780

*Attorney for Defendant Vanderbilt University*

Dated this 29th day of June 2024.

Respectfully submitted, with all rights reserved by Ian Hunter Lucas

**/s/ Ian H. Lucas**

---

Ian H. Lucas
Plaintiff *Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email:LucasIanHunter@outlook.com

*Plaintiff Pro Se*