UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE

––––––––––––––––––––––––––––––– X

| | | |
|---|---|---|
| IAN LUCAS, | : | Docket No.: 3:24-cv-00440 |
| Plaintiff, | : | |
| | : | District Judge |
| | : | Waverly D. Crenshaw, Jr |
| v. | : | |
| | : | Magistrate Judge |
| THE VANDERBILT UNIVERSITY , | : | Jeffrey S. Frensley |
| Defendant. | : | |
| | : | |

––––––––––––––––––––––––––––––– X

**PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANT'S ATTORNEYS'**

This Motion to Disqualify Defendant's Attorney, presented by Ian Lucas, the Plaintiff, against The Vanderbilt University, the Defendant, is under the jurisdiction of the U.S. District Court for the Middle District of Tennessee. The motion is specifically seeking to disqualify Mark A. Baugh, Denmark J. Grant, and Jeffrey W. Sheehan, the Defendant's attorneys, from continuing their participation in this matter.

This motion is grounded on the existence of clear-cut conflicts of interest that interfere with the ability of the Defendant's attorneys to represent the Defendant impartially, causing potential harm to the Plaintiff's rights and interests. The conflicts, which are thoroughly detailed in the following sections, are a blatant breach of the ethical standards that legal practitioners are expected to uphold, thereby necessitating their disqualification.

*Legal Standard*

This Motion is grounded on the legal standards for disqualifying an attorney as delineated in both the Tennessee Code Annotated (TCA) and the United States Code (USC). Specifically, the Motion invokes TCA § 23-3-102 and TCA § 23-3-103, which set forth the grounds and procedures for the disqualification of attorneys within the State of Tennessee. These statutes address situations where an attorney's continued representation

would be contrary to professional conduct standards or where conflicts of interest arise that cannot be adequately addressed without disqualification.

Furthermore, this Motion is supported by the application of 28 U.S.C. § 2071, which grants courts the authority to prescribe rules for the conduct of their business, including the disqualification of attorneys to ensure fairness and integrity in judicial proceedings. This federal provision underscores the court's discretion in matters of attorney disqualification, emphasizing the importance of maintaining the highest standards of legal practice and ethical conduct within the courtroom.

*Argument*

The Plaintiff implores the court to disqualify the Defendant's legal representation due to identified conflicts of interest that contravene the ethical guidelines and legal precedents governing legal practice in the U.S. District Court for the Middle District of Tennessee. The Plaintiff strongly claims that the Defendant's attorneys have been involved in representation activities that are significantly detrimental to the Plaintiff's interests, breaching the Tennessee Rules of Professional Conduct and pertinent sections of the Tennessee Code Annotated (TCA) and the United States Code (USC).

Central to the Plaintiff's argument are the precedents set by the Sixth Circuit in Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio, General Mill Supply Co. v. SCA Services, Inc., and Kitchen v. Aristech Chem. These cases collectively establish a framework for assessing conflicts of interest involving former employees or expert witnesses who may possess confidential information detrimental to the party opposing their current or former employer or client.

In Dana Corp., the court emphasized the importance of maintaining the confidentiality of proprietary information and the potential for unfair competitive advantage when attorneys switch sides in closely related litigation. General Mill Supply Co. further elaborated on the duty of loyalty owed by attorneys to their former clients, particularly in scenarios where the attorney's new representation involves a direct competitor, or a matter substantially related to the prior representation. Lastly, Kitchen v. Aristech Chem. highlighted the ethical and legal ramifications of using expert witnesses in a manner that conflicts with their previous engagements or disclosures.

Based on these precedents, the Plaintiff unequivocally asserts that the Defendant's attorneys' representation constitutes a clear conflict of interest that undermines the integrity of the legal process and warrants their disqualification from the present case. The Plaintiff urges the Court to consider the established Sixth Circuit jurisprudence and the specific provisions of the TCA and USC that govern such conflicts, to ensure the fair administration of justice and the protection of confidential and proprietary information.

## I. *Mark A. Baugh, Denmark J. Grant: Conflict of Interest with Plaintiff as Former Expert for Baker Donelson*

The Plaintiff, Ian Lucas, respectfully requests this Honorable Court to disqualify Defendant's attorneys, Mark A. Baugh, Denmark J. Grant, on the grounds of conflicts of interest involving Mr. Lucas having been a paid Consultant and expert for Baker Donelson at the recommendation of the client Vanderbilt University at the time, of whom is now the defendant in this matter and of whom is now retained the counsel to defend the former student defendants that the Plaintiff alleged and still affirms provided false statements to forward the false conduct and wrongful retaliatory actions demonstrated by the defendant, which contravene the ethical standards and legal precedents established within the jurisdiction of the U.S. District Court for the Middle District of Tennessee. Specifically, the conflicts arise from their representation of The Vanderbilt University in matters involving former employees or expert witnesses who have a direct interest in the outcome of the current litigation.

In support of this Motion, Plaintiff Ian Lucas brings to the Court's attention key precedents from the Sixth Circuit, including the case of Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio. These precedents articulate the standards for identifying conflicts of interest in legal representation. Furthermore, General Mill Supply Co. v. SCA Services, Inc. and Kitchen v. Aristech Chem. provide additional guidance on the disqualification of attorneys who have previously represented parties with opposing interests to those of their current clients.

Under the TCA and USC, the ethical standards for attorney conduct explicitly prohibit representation in circumstances where there is a significant risk that the attorney's action on behalf of one client will be materially limited by the attorney's responsibilities to another client or by the attorney's own interests. The involvement of Defendant's attorneys in the current case, given their prior engagements, presents such a

conflict, necessitating their disqualification to preserve the integrity of the judicial process and ensure fair representation for all parties involved.

## II. *Jeffrey W. Sheehan: Willfulness to implicate the judicial process*

The Plaintiff, Ian Lucas, asserts that Jeffrey W. Sheehan, an Instructor of Law at the Vanderbilt School of Law and counsel for the Defendant, The Vanderbilt University, has engaged in actions that compromise the integrity of the judicial process. Despite Mr. Sheehan's minimal interaction with the Plaintiff in email communications and video meetings related to this case, his recent entry of appearance has unequivocally raised serious concerns of a glaring conflict of interest. This concern stems from Mr. Sheehan's association with the Vanderbilt School of Law and its connection to the originally assigned Magistrate Judge, Hon. Allister Newbern.

Upon review of Mr. Sheehan's curriculum vitae, as detailed in Exhibit A, it is noted that he served as a Student Attorney at the Vanderbilt Law School Appellate Clinic, where Hon. Allister Newbern was an instructor from 2008 to spring 2016. The Plaintiff believes that Mr. Sheehan's involvement in the case, given his historical connection to Judge Newbern and his late notice of appearance, appears to be a strategic attempt to influence the judicial assignment process, commonly referred to as 'judge shopping.

The term "judge shopping" refers to the practice of attempting to have a case assigned to a particular judge who is perceived to be more favorable to one party's position. This tactic can undermine the impartiality of the judicial process and is generally viewed as unethical. By influencing the assignment process, a party engages in judge shopping to secure a perceived advantage, thus compromising the fairness and integrity of the proceedings.

Such actions by Mr. Sheehan and the firm of Klein Solomon Mills not only violate ethical standards of attorney conduct but also demonstrate a willfulness to manipulate the judicial process. The Plaintiff requests that the Court consider these actions in evaluating the suitability of Mr. Sheehan's continued involvement in this case. Such actions by Mr. Sheehan and the firm of Klein Solomon Mills not only violate ethical standards of attorney conduct but also demonstrate a willfulness to manipulate the judicial process. The Plaintiff requests that the Court consider these actions in evaluating the suitability of Mr. Sheehan's continued

involvement in this case.

*Conclusion*

In conclusion, the Plaintiff, Ian Lucas, respectfully requests that the Court disqualify the Defendant's attorneys, Mark A. Baugh, Denmark J. Grant, and Jeffrey W. Sheehan, from representing The Vanderbilt University in the above-captioned matter. This request is grounded on the ethical obligations that govern attorney conduct and the paramount need to avoid conflicts of interest that may compromise the integrity of the legal process.

The engagement of the Defendant's attorneys in this matter constitutes a clear conflict of interest that seriously threatens the fairness and impartiality of the proceedings. Their continued representation of The Vanderbilt University in this matter not only breaches the ethical standards set forth by the legal profession but also jeopardizes the trust and confidence that the public places in the judicial system. It is absolutely crucial for the Court to intervene to preserve the integrity of the legal process and ensure that justice is served in an unbiased and equitable manner.

**Detailed Allegations of Willful Intent**

1. **Timing of Entry of Appearance**: Mr. Sheehan's late entry of appearance, given his previous minimal interaction with the case, suggests a calculated move to leverage his connection with Judge Newbern. The timing raises questions about whether his involvement was intended to affect the judicial assignment process.

2. **Historical Connection with Judge Newbern**: Mr. Sheehan's past as a Student Attorney at the Vanderbilt Law School Appellate Clinic, where Judge Newbern was an instructor, creates a potential bias or perceived advantage. His recent involvement in this case, despite such a connection, indicates a deliberate attempt to exploit this relationship for favorable judicial consideration.

3. **Strategic Implications**: The pattern of Mr. Sheehan's actions, particularly his sudden and unexplained decision to actively involve himself in this case, points to an intentional effort to influence the judicial process. This raises significant ethical concerns, as it appears to be a maneuver to manipulate the assignment of judges, thus compromising the fairness and impartiality of the proceedings.

Such actions by Mr. Sheehan and the firm of Klein Solomon Mills not only violate ethical standards of attorney conduct but also demonstrate a willfulness to manipulate the judicial process. The Plaintiff requests that the Court consider these actions in evaluating the suitability of Mr. Sheehan's continued involvement in this case. The integrity of the judicial process must be safeguarded to ensure that justice is served fairly and impartially.

Therefore, in the interest of justice and in accordance with the ethical guidelines that govern legal practice, the Plaintiff earnestly implores the Court to grant this motion to disqualify the Defendant's attorneys, thereby safeguarding the principles of fairness and integrity that are the foundation of our legal system.

Respectfully submitted, this 30th day of June 2024 with All Rights Reserved.

_____

**Ian Lucas**
Plaintiff, Pro Se
501 Union St Ste 545
PMB 257601
Nashville, Tennessee 37219-1876 US
910-872-3577
lucasianhunter@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of June 2024, a copy of the foregoing Plaintiff's Motion to Disqualify Defendant's Attorneys was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

Respectfully submitted, this 30th day of June 2024 with All Rights Reserved.

_____

**Ian Lucas**
Plaintiff, Pro Se
501 Union St Ste 545
PMB 257601
Nashville, Tennessee 37219-1876 US
910-872-3577
lucasianhunter@outlook.com

**Exhibit A**
Curriculum Vitae of Jeffrey W. Sheehan

# JEFFREY W. SHEEHAN

jeffrey.w.sheehan@vanderbilt.edu; (615) 322-2615
131 21st Ave S, Nashville, TN 37203

---

## CLERKSHIP

**HON. GILBERT S. MERRITT**, **U.S. COURT OF APPEALS FOR THE SIXTH CIRCUIT**, Nashville, TN
*Judicial Clerk:* 2014–15.

## EDUCATION

**VANDERBILT LAW SCHOOL**, Nashville, TN; JD 2014
*Honors and Activities:* VANDERBILT JOURNAL OF ENTERTAINMENT AND TECHNOLOGY LAW, Editor in Chief; Vanderbilt Scholastic Excellence Award: Constitutional Law; Dean's List.

**VANDERBILT UNIVERSITY GRADUATE SCHOOL**, Nashville, TN; MA/PhD Religion (Ethnomusicology) 2006/2008
*Dissertation:* Ordinary People: An Ethnographic Portrait of a Black Baptist Congregation's Faithful Performance of Religion (Corinthian Missionary Baptist Church, Nashville, TN).

**VANDERBILT UNIVERSITY BLAIR SCHOOL OF MUSIC**, Nashville, TN; BMus (Saxophone) 2001
*Honors and Activities:* Phi Mu Alpha Sinfonia, Founding Chapter President; Dean's List.

## SELECTED EXPERIENCE

**VANDERBILT LAW SCHOOL**, Nashville, TN
*Instructor in Law:* 2024–present. Teach and mentor JD students in Legal Research & Writing I & II.

**BRADLEY ARANT BOULT CUMMINGS LLP**, Nashville, TN
*Attorney (Litigation):* 2015–present. Collaborate with clients, experts, and colleagues to resolve disputes through negotiation, mediation, and litigation in state and federal courts from. Experience in all stages of litigation, including pre-litigation negotiations, drafting and revising pleadings, written discovery, motion practice, appellate briefing and argument, petitioning for discretionary review, amicus briefing, and mediation.

**VANDERBILT LAW SCHOOL APPELLATE CLINIC**, Nashville, TN
*Student Attorney:* 2013–14. Researched, drafted and revised briefs in civil and habeas corpus appeals. Prepared student and faculty counsel for oral arguments. Managed relationships with long-term clients.

**HON. WILLIAM C. KOCH**, **TENNESSEE SUPREME COURT**, Nashville, TN
*Judicial Intern:* Summer 2013.

**PROF. TRACEY GEORGE**, **VANDERBILT LAW SCHOOL**, Nashville, TN
*Research Assistant:* Fall 2012. Assisted with revising *What Every Law Student* Really *Needs to Know*.

**VANDERBILT UNIVERSITY PROGRAM FOR TALENTED YOUTH**, Nashville, TN
*Legal Studies Faculty:* 2012 & 2014. Developed and taught summer legal courses for gifted teens.

**UNIVERSITY OF THE FREE STATE**, Bloemfontein, South Africa
*Postdoctoral Fellow:* Summer 2009. Researched race and reconciliation in religious communities.

**VANDERBILT CENTER FOR THE STUDY OF RELIGION & CULTURE**
*Faculty Working Group Member – Music, Religion, and the South:* 2005–08. Participated in an interdisciplinary faculty working group exploring music, religion, and the South through private discussion and public scholarship.

**VANDERBILT UNIVERSITY CENTER FOR TEACHING**, Nashville, TN
*Graduate Teaching Fellow:* 2005–06. Trained graduate student instructors, including international graduate students teaching Vanderbilt undergraduate courses; developed teaching certificate program.

**VANDERBILT UNIVERSITY**, Nashville, TN
*Teaching Assistant:* 2001–08. Taught and assisted classes ranging from classical music to cosmology in the Blair School of Music, the Graduate School, the Divinity School, and the College of Arts & Sciences.

## PRESENTATIONS & PUBLICATIONS

*Confidences Worth Keeping: Rebalancing Legitimate Interests in Judicial Seals and Litigants' Secrets in an Era of Open-Access Courts*, 21 VAND. J. ENT. & TECH. L. 905 (2019).

*Protecting Private Information in Litigation after Shane Group*, Tennessee Bar Association CLE, March 2018.

*Protecting Private Information During Public Litigation*, Bradley Litigation Lunch & Learn CLE, January 2017.

*Late Fathers' Later Children: Reconceiving the Limits of Survivor's Benefits in Response to Death-Defying Reproductive Technology*, 15 VAND. J. ENT. & TECH. L. 983 (2013).

## TEACHING & RESEARCH INTERESTS

Legal Writing & Persuasion, Public Access to Courts, Judicial Decision Making, Constitutional Law, Civil Procedure, Contracts, Appellate Practice, Federal Courts, Remedies, Evidence, Law and Religion

## ADMISSIONS

U.S. Supreme Court; Tennessee Supreme Court; U.S. Courts of Appeals for the Fourth, Fifth, Sixth, Ninth, and Eleventh Circuit; U.S. District Courts for the Middle District, Western District, and Eastern District of Tennessee.

## COMMUNITY INVOLVEMENT

**HARRY PHILLIPS AMERICAN INN OF COURT**
*Barrister:* 2023–present. Collaborate with judges and lawyers in Nashville to foster professionalism in law.

**NASHVILLE CONFLICT RESOLUTION CENTER**
*Rule-31 Listed Volunteer Mediator:* 2023–present. Mediate *pro se* conflicts in General Sessions Court.

**US DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE**
*Civil Appointments Panel:* 2020–present. Represent *pro se* plaintiffs on an appointment basis.

**BELMONT UNITED METHODIST CHURCH**, Nashville, TN
*Administrative Board Chair:* 2022–2023. Lead board and executive committee of a United Methodist congregation and participate on Trustees, Finance, Trust Fund, Strategic Planning and other committees.
*Administrative Board Vice Chair:* 2020–21. Participated on COVID Committee, Executive .
*Children's Ministry Committee Member:* 2018–present. Plan and consult on ministries and related programs serving children and families.

**TENNESSEE JUSTICE FOR OUR NEIGHBORS**
*Board Chair:* 2020–21. Led board of directors of a non-profit, pro-bono law firm serving refugees, asylum seekers, and other Tennessee residents dealing with immigration issues.
*Board Member:* 2017–present. Finance, ED Search, *Pro Bono*, Nomination & Personnel Committees.

**AMERICAN CONSTITUTION SOCIETY**
*Board Member:* 2018–present. Execute programs developing public understanding of the U.S. Constitution.

**TENNESSEE SUPREME COURT PRO BONO RECOGNITION PROGRAM**
*Attorney for Justice:* 2017–present. Provide more than 50 hours of qualifying pro bono service each year.

**NASHVILLE YOUNG LEADERS COUNCIL**
*Program Graduate:* 2017. Developed core skills for nonprofit board members.

**VANDERBILT UNIVERSITY**
*Alumni Volunteer:* 2001–present. Support various programs for Law School and Blair School of Music.

**Exhibit B**

Vanderbilt School of Law Article on Appellate Litigation Clinic entitled "VLS Appellate Clinic students secure 'big victory for privacy rights'" posted Aug 19th, 2016 at 2:32pm by Vanderbilt

---

**Exhibit C**



Menu

# VLS Appellate Clinic students secure "big victory for privacy rights"



Vanderbilt
Aug 19, 2016, 2:32 PM

Share   

Four students in Vanderbilt's Appellate Litigation Clinic have succeeded on appeal in *Luis v. Awareness Technology*, a case addressing Internet privacy rights. In an opinion issued by a Sixth Circuit panel that included Judges Alice M. Batchelder, Gilbert S. Merritt Jr. '60 and Ronald L. Gilman, the court ruled 2-1 that a Tampa, Florida, man could sue a company that makes spyware and markets it specifically "to catch a cheating spouse."

**Case 3:24-cv-00440     Document 74     Filed 06/30/24     Page 12 of 17 PageID #: 1539**



"These students worked their fingers to the bone in this case, and the victory is a great reflection of their efforts," said Alistair Newbern, who taught the Appellate Clinic from 2008

Case 3:24-cv-00440   Document 74   Filed 06/30/24   Page 13 of 17 PageID #: 1540

to spring 2016.



Explore Story Topics  Alumni  Vanderbilt Law News

## Keep Reading





Academic Programs  Alumni

Case 3:24-cv-00440     Document 74     Filed 06/30/24     Page 14 of 17 PageID #: 1541

6/30/24, 3:47 PM  VLS Appellate Clinic students secure "big victory for privacy rights" - Vanderbilt Law SchoolVanderbilt Law School | Vanderbilt University

Clinics

Library

Diversity, Equity, and Community

Calendar

Faculty Directory

Visit VLS

For Employers

Dare to Grow



Address and Contact Info: 131 21st Ave. South
Nashville, TN 37203-1181
615-322-2615, Contact Us
Vanderbilt University's Online Privacy Notice

      

Vanderbilt University is committed to the principle of equal opportunity. Vanderbilt University does not discriminate against individuals on the basis of their race, sex, sexual orientation, gender identity, religion, color, national or ethnic origin, age, disability, military service, or genetic information in its administration of educational policies, programs, or activities; admissions policies; scholarship and loan programs; athletic or other University-administered programs; or employment. Accessibility information. Vanderbilt®, Vanderbilt University® and the Vanderbilt logos are trademarks of The Vanderbilt University. Site Development: Digital Strategies (Communications and Marketing.) © 2024

Case 3:24-cv-00440     Document 74     Filed 06/30/24     Page 15 of 17 PageID #: 1542

**EXHIBIT C:** Letter Received from Baker Donelson at Residence Requesting Assistance with Case



2000 FIRST HORIZON BUILDING
165 MADISON AVENUE
MEMPHIS, TENNESSEE 38103

PHONE: 901.526.2000
FAX: 901.577.2303

www.bakerdonelson.com

June 20, 2023

**PERSONAL AND CONFIDENTIAL**

Mr. Ian H. Lucas
165 Roanoke Station Circle
Clarksville, TN 37043-6076

Dear Mr. Lucas:

    This office represents ▄▄▄▄▄▄▄▄ in the above-referenced medical malpractice claim. I am enclosing a copy of the Complaint for your review to ascertain allegations in this matter.

    If you would be willing to do so, I would like to provide you with copies of the medical records and other documents pertinent to this case and then meet with you at a time and place of your convenience to discuss your opinions. Your time and expense devoted to the matter will be reimbursed. Your involvement could involve the giving of deposition testimony and ultimately courtroom testimony.

    If you are willing to assist in the matter, I would appreciate it if you would contact me by telephone so that I can arrange to send the pertinent records to you. ▄▄▄▄▄▄▄▄

Best regards,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, PC

enclosure

4890-8729-6875v1
2910081-000889 06/21/2023

