UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE NASHVILLE

———————————————————X
—————

| | | |
|---|---|---|
| IAN HUNTER LUCAS, | : | Case No. 3:24-cv-00440 |
| *Plaintiff(s)*, | : | |
| v. | : | Hon. Waverly D. Crenshaw, Jr. |
| | | (*Seeking Disqualification*) |
| (The) VANDERBILT UNIVERSITY, | : | |
| *Defendant(s)*. | : | |

———————————————————X
—————

## PLAINTIFF'S MOTION TO DISQUALIFY JUDGE THE HONORABLE WAVERLY D. CRENSHAW JR.

Pursuant to 28 U.S.C. § 144,§ 455, Plaintiff through, pro se, respectfully moves to disqualify the Honorable Waverly D. Crenshaw Jr. from presiding over any further proceedings in this action and for any other and further relief as the Court deems just and proper.

In support, Plaintiff, pro se, submits Plaintiff's *Memorandum of Law* dated July 3, 2024, which is being filed contemporaneously with this motion and is attached as **Exhibit A** to this motion, and *Plaintiffs Declaration* which is being filed contemporaneously with this motion and is attached as **Exhibit B** this motion Plaintiff 's Memorandum of Law in addition to **Exhibit C** which includes *Supporting Documentation* of concern for the plaintiffs request for motion of disqualification.

The primary law relevant to the scenario where a judge, who is an alumnus of a university and has received an award from that university, presides over a case involving the university as a defendant, addresses issues of judicial recusal and impartiality. The case law discusses the

conditions under which a judge's affiliations with a university, such as receiving awards or holding positions, might necessitate recusal to avoid an appearance of bias.

In the case of United States v. Sypher, 2010 U.S. Dist. LEXIS 135646, the court discusses a judge's affiliations with the University of Louisville, where the judge was a member of the Board of Directors of the University of Louisville Law Alumni Council and had received an Outstanding Alumnus Award. Despite these connections, the court found that these affiliations did not necessitate recusal since the university was not a party to the case, and the affiliations did not demonstrate bias or create an appearance of impropriety United States v. Sypher, 2010 U.S. Dist. LEXIS 135646.

In accordance with Federal law, a party to a district court proceeding may seek the disqualification of the presiding judge where the judge harbors a bias or prejudice for or against one of the litigants United States v. Adams, 1994 U.S. App. LEXIS 30794, Rolle v. Aurgroup Credit Union, 2022 U.S. Dist. LEXIS 70395. The motion for disqualification must be supported by a memorandum of law, a declaration from the plaintiff, and any relevant exhibits.

Under 28 U.S.C.S. § 144, a judge is presumed to be impartial, and the litigant seeking disqualification bears the burden of alleging facts that would lead a reasonable person to question the neutrality of the judge United States v. Adams, 1994 U.S. App. LEXIS 30794, United States v. Austin, 2005 U.S. Dist. LEXIS 38303. The judge's decision on a motion to disqualify is reviewed for abuse of discretion Harris v. Morris, 2017 U.S. App. LEXIS 21425.

Furthermore, 28 U.S.C. § 455(a) requires disqualification in any proceeding in which the court's impartiality might reasonably be questioned Melchor v. United States, 2016 U.S. App. LEXIS 24658, Demjanjuk v. Petrovsky, 776 F.2d 571. Additionally, § 455(b)(1) requires disqualification where a judge has a personal bias or prejudice concerning a party Smith v. ABN AMRO Mortgage Group, Inc., 434 Fed. Appx. 454, Eaves v. Moon, 2022 U.S. Dist. LEXIS 238412.

The Sixth Circuit has held that the judge's prejudice or bias must be personal or extrajudicial Rockwell v. Palmer, 559 F. Supp. 2d 817, Cook v. Cooper, 2011 U.S. Dist. LEXIS 9277.

In the present case, the presiding judge has accepted an award from a university during the course of presiding over a case in which that university was a defendant. The judge is also an alumnus of the university. These facts could lead a reasonable person to question the neutrality of the judge, based on personal bias or prejudice concerning a party United States v. Austin, 2005 U.S. Dist. LEXIS 38303, Smith v. Dobbs Bros. Mazda, 2007 U.S. Dist. LEXIS 92486.

However, it is important to note that disqualification under either 28 U.S.C. § 455 or § 144 must be predicated upon extrajudicial conduct rather than on judicial conduct and upon a personal bias as distinguished from a judicial one, arising out of the judge's background and association and not from the judge's view of the law Youn v. Track, Inc., 324 F.3d 409, Nichols v. Dwyer, 2023 U.S. Dist. LEXIS 82975.Pursuant to the rules of federal procedure and case precedent set previously, the motion for disqualification must be timely filed Barna v. Haas (In re Haas), 292 B.R. 167. A party seeking disqualification must do so at the earliest possible time after obtaining knowledge of the facts showing the basis for disqualification In re Nat'l Prescription Opiate Litig., 2019 U.S. App. LEXIS 30501. This motion is timely because the plaintiff filed it as soon as he became aware of the facts supporting disqualification (Barna v. Haas (In re Haas), 292 B.R. 167).

Furthermore, this motion for disqualification follows Judge Crenshaw's denial of the plaintiff's prior motion for recusal. That initial motion was submitted before the release of the Vanderbilt publication detailed in Exhibit C. However, the judge had already received the award and attended the event when the denial decision was made, even though this information had not yet been published on the Vanderbilt Law website. In conclusion, the plaintiff submits and files this motion for disqualification under 28 U.S.C. § 144 and § 455, supported by a memorandum of law, a declaration, and relevant supporting documentation exhibit. The motion allege facts that

3

Case 3:24-cv-00440   Document 75   Filed 07/03/24   Page 3 of 6 PageID #: 1547

the plaintiff would assert in the definition as set out in precedent lead a reasonable person to question the neutrality of the judge, based on personal bias and prejudice concerning the plaintiff party, and the questionable and clear lack of neutrality of the judge, based on evidentiary personal bias and prejudice concerning the plaintiff party United States v. Cohen, 644 F. Supp. 113, United States v. Bell, 351 F.2d 868.

Dated: July 3, 2024  
Nashville, Tennessee

Respectfully submitted,

**/S/ Ian H. Lucas**
Electronically Signed [3JUL20241551IHL]

Ian Hunter Lucas

501 Union St Ste 545

PMB 257601

Nashville, Tennessee 37219-1876

910-872-3577

lucasianhunter@outlook.com

*Plaintiff Pro Se*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiff's Motion to Disqualify was served by CE/ECF on this 3rd day of July, 2024, on all counsel or parties of record listed below.

Respectfully submitted, July 3, 2024 in Nashville, Tennessee, with All rights reserved.

**/S/ Ian H. Lucas**
Electronically Signed [3JUL20241551IHL]
Ian Hunter Lucas
501 Union St Ste 545
PMB 257601
Nashville, Tennessee 37219-1876
910-872-3577
lucasianhunter@outlook.com
Plaintiff Pro Se