UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE NASHVILLE

```
––––––––––––––––––––––––––––––X
                              ──
IAN HUNTER LUCAS,             :      Case No. 3:24-cv-00440
           Plaintiff,         :      District Judge
                              :      Hon. Waverly D. Crenshaw, Jr.
                              :      (Seeking Disqualification)
                              :
           v.                 :
THE VANDERBILT UNIVERSITY,    :      Magistrate Judge
                              :      Hon. Jeffrey S. Frensley
           Defendant.         :
––––––––––––––––––––––––––––––X
                              ──
```

**MEMORANDUM OF LAW IN SUPPORT**

---

**PLAINTIFF'S MOTION FOR JUDICIAL DISQUALIFICATION**
**OF PRESIDING JUDGE**
**HON. JUDGE WAVERLY D. CRENSHAW JR.**

---

**This motion is accompanied by a declaration from the Plaintiff, declaring to the truth of the allegations under penalty of perjury. As to the facts know.**

This motion seeks the immediate disqualification of the Honorable Waverly D. Crenshaw Jr. from presiding over the present case, in accordance with 28 U.S.C. § 455(a), due to perceivable bias. The main reason for this motion is the judge's acceptance of an award from the Vanderbilt School of Law on April 25th, 2024, while having jurisdiction over a concurrent case involving Vanderbilt University, thereby creating potential bias.

"When the impartiality of a judge is in doubt, the appropriate remedy is to disqualify that judge from hearing further proceedings in the matter. In Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), a case concerning disqualification of a state supreme court justice, the U.S. Supreme Court reaffirmed that litigants have a due process right to an impartial judge, and that when judicial bias is probable, due process requires disqualification.

### I. *Legal Standard under 28 U.S.C § 144 vs § 455(a)*

The 6th Circuit and District Courts have noted that disqualification rules are more rigorous than the Due Process Clause requires. FJC at 1. "Disqualification requirements for federal judges require disqualification not just when a judge is biased or probably biased, but also when a judge's impartiality "might reasonably be questioned." FJC at 1-2, citing 28 U.S.C. § 455(a). Additionally, the Plaintiff underscores that the judge had not yet issued rulings on several motions put forward by the Plaintiff when the award was accepted, amplifying concerns about the judge's neutrality. Given these circumstances, and to maintain the integrity and impartiality of the judiciary, the Plaintiff respectfully insists on Judge Crenshaw's disqualification from further proceedings in this case.

Plaintiff has demonstrated, based on the facts below and as in the culmination of previously filed events of the motion for recusal, that a reasonable person could question the District Judge's impartiality. 28 U.S.C. § 455(a) (1994). Plaintiff is not required to show actual bias, but rather the appearance of bias. Liteky v. United States, 510 U.S. 540, 548, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). Section 455(a) requires disqualification if the judge's "impartiality might reasonably be questioned," while § 144 applies only if the judge "has a personal bias or prejudice" concerning a party. 28 U.S.C. §§ 455(a), 144. In other words, § 455(a) covers the appearance of partiality, not just actual bias or prejudice, and § 144 "seems to be properly invocable only when § 455(a) can be invoked anyway." 1The grounds for recusal in § 144 are also "entirely duplicated" by § 455(b)(1), which likewise requires a judge to disqualify himself if "he has a personal bias or prejudice concerning a party." Liteky, 510 U.S. at 548.

In response to Judge Crenshaws citing several reasons, including the Plaintiff's failure to file an affidavit in the previous recusal, as grounds for not recusing himself, the plaintiff interpreted this as a denial. As read and interpreted, the primary difference between the § 455(b)(1) and § 144 is that § 455(b)(1) "made [the grounds for recusal in § 144] applicable to all justices, judges, and magistrates (and not just district judges), and . . . placed the obligation to identify the existence of those grounds upon the judge himself, rather than requiring recusal only in response to a party affidavit." Id. (emphasis original). Liteky, 510 U.S. at 548. "Accordingly, it is not necessary for [this Court] separately to address § 144." Bell v. Johnson, 404 F.3d 997, 1004, n.7 (6th Cir. 2005). Whether recusal is required in this case hinges on whether "a reasonable, objective person, knowing all of the circumstances, would have questioned the judge's impartiality." United States v. Sammons, 918 F.2d 592, 599 (6th Cir. 1990) (quoting Hughes v. United States, 899 F.2d 1495, 1501 (6th Cir. 1990)).

## II. Legal Standard under 28 U.S.C § 455(a)

As per 28 U.S.C. § 455(a), a judge of the United States is obliged to recuse themselves in any proceeding where their impartiality can reasonably be doubted. 28 U.S.C.S. § 144 provides a procedure for a party to recuse a judge. Whereas 28 U.S.C.S. § 455 imposes an affirmative duty upon judges to recuse themselves. Under both statutes, disqualification is appropriate if a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.

This statutory provision encapsulates the principle that justice should not only be done, but also be seen to be done, ensuring that judges are not only impartial in fact, but also reflect this impartiality visibly to the public. The requirement for disqualification under this section is whether any reasonable person, privy to all the facts, would deduce that the judge's impartiality is questionable. Judges are obligated to perform their duties impartially and diligently. The language of 28 U.S.C.S. § 455(a) requires a bankruptcy judge to disqualify himself or herself in any proceeding in which his impartiality might reasonably be questioned. What matters is not the reality of bias or prejudice but its appearance. 28 U.S.C.S. § 455(a). Thus, a judge's disqualification is based on an objective test, requiring a consideration of whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.

In applying this standard, courts have considered various factors, including personal bias or prejudice concerning a party, personal knowledge of disputed evidentiary facts concerning the proceeding, a financial interest in the subject matter or a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding. Relevant case law, such as Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847 (1988), further elucidates the application of this standard, emphasizing the importance of maintaining public confidence in the judiciary.

### 1. The 'reasonable person' standard forms the benchmark from which the perspective should be assessed in considering a disqualification, requiring discretion and fairness in judgement.

The legal definition of a reasonable person in the context of disqualification of a judge based on bias in the 6th Circuit is an objective standard. It is whether a reasonable person, with knowledge and understanding of all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned. This standard is not based on the subjective view of a party, no matter how strongly that view is held. Instead, it is grounded in how things would appear to a well-informed, thoughtful, and objective observer, rather than a hypersensitive or unduly suspicious person <u>Henco Energy-Rick Hendrix Energy LLC v. Power Rental Sols.,</u>

LLC, 2023 U.S. Dist. LEXIS 62061, Barna v. Haas (In re Haas), 292 B.R. 167, In re Nicole Energy Servs., 423 B.R. 840, § 455. Disqualification of justice, judge, or magistrate [magistrate judge]. The standard requires that the alleged bias must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. This includes consideration of the judge's relationships or actions outside of the courtroom that may influence their impartiality. Henco Energy-Rick Hendrix Energy LLC v. Power Rental Sols., LLC, 2023 U.S. Dist. LEXIS 62061, United States v. Beasley, 2006 U.S. Dist. LEXIS 87702, United States v. White, 582 F. Supp. 3d 525.

Thus as one would imagine, when in doubt, or if there is any question of, "When the impartiality of a judge is in doubt, the appropriate remedy is to disqualify that judge from hearing further proceedings in the matter. In Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), a case concerning disqualification of a state supreme court justice, the U.S. Supreme Court reaffirmed that litigants have a due process right to an impartial judge, and that when judicial bias is probable, due process requires disqualification. The Court noted, however, that disqualification rules may be and often are more rigorous than the Due Process Clause requires. FJC at 1. "Disqualification requirements for federal judges require disqualification not just when a judge is biased or probably biased, but also when a judge's impartiality "might reasonably be questioned." FJC at 1-2, citing 28 U.S.C. § 455(a).

The objective standard ensures that the judge need not recuse himself based on the subjective view of a party, but rather on whether a reasonable person with knowledge of all the facts would question the judge's impartiality. This approach is designed to promote public confidence in the judicial process by ensuring that judges are disqualified only when there is a legitimate question of impartiality, not based solely on unsubstantiated claims Henco Energy-Rick Hendrix Energy LLC v. Power Rental Sols., LLC, 2023 U.S. Dist. LEXIS 62061, Barna v. Haas (In re Haas), 292 B.R. 167, In re Nicole Energy Servs., 423 B.R. 840, § 455. Disqualification of justice, judge, or magistrate [magistrate judge].

In summary, the reasonable person standard in the 6th Circuit for judge disqualification due to bias is an objective one, focusing on whether an informed and reasonable observer would question the judge's impartiality based on all the relevant facts.

a. *Definition of a Reasonable Person Standard in the Context of Disqualification of a Judge Based on Bias under 6th Circuit Jurisdiction*

To address the definition of a reasonable person standard in the context of disqualification of a judge based on bias under the 6th Circuit jurisdiction. This legal issue pertains to the interpretation of the reasonable person standard for disqualifying a judge based on bias under the 6th Circuit jurisdiction.

b. *Legal Standard: This analysis will be conducted with specific reference to established case law in the Sixth Circuit, guided by the principles on the 'reasonable person standard' as interpreted in relevant rulings:*

Under both the U.S. Constitution and the recusal statutes, an objective test controls whether a judge is disqualified on the basis of partiality or bias. As per Section 23.32 pertaining to the disqualification of a judge for bias, and as established in the cases of <u>OneWest Bank, FSB v. Walsh, 2013 IL App (1st) 120111-U</u>, and <u>United States v. Balistrieri, 779 F.2d 1191</u>, The objective standards governing disqualification are not concerned with whether there is actual partiality or bias <u>Bin-Wahad v. Coughlin, 853 F. Supp. 680, State v. West, 2001 UT App 275</u>. Rather, a judge may be disqualified if there is a mere appearance of partiality or bias. § 23.32 Disqualification of Judge for Bias<u>, Brown v. Brown, 39,060 (La.App. 2 Cir. 07/21/04);, Phillips v. State, 271 P.3d 457.</u> A judge is only required to recuse himself or herself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned" § 84 Judicial recusal.<u>, Scherer v. United States, 2005 U.S. Dist. LEXIS 24624, Magnivision, Inc. v. Bonneau Co., 2000 U.S. App. LEXIS 14016.</u>

*c.    Application and Analysis to the Current Case regarding the reasonable person and disqualification:*

In the 6th Circuit, the reasonable person standard for disqualification of a judge based on bias is an objective one, as established in the cases of *<u>Taylor v. McKee, 2015 U.S. Dist. LEXIS 125563</u>, and Kuehnemund v. Crop Prod. Servs., Inc.,* 2008 U.S. Dist. LEXIS 107272. It is whether a reasonable person, with knowledge and understanding of all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned <u>State v. Mann, 512 N.W.2d 528, United States v. Bell, 1996 U.S. App. LEXIS 26667</u>. This standard is not based on the subjective view of a party, but rather on whether a reasonable person with knowledge of all the facts would question the judge's impartiality. § 84 Judicial recusal., Eubanks v. Walton, 1997 U.S. App. LEXIS 35311, <u>Invacare Corp. v. Respironics, Inc., 2005 U.S. Dist. LEXIS 17439.</u> The objective standards governing disqualification are not concerned with whether there is actual partiality or bias <u>Bin-Wahad v. Coughlin, 853 F. Supp. 680, State v. West, 2001 UT App 275</u>. Rather, a judge should be disqualified if there is a credible appearance of partiality or bias. § 23.32 Disqualification of Judge for Bias, <u>Brown v. Brown, 39,060 (La.App. 2 Cir. 07/21/04);, Phillips v. State, 271 P.3d 457.</u>

Under the 6th Circuit jurisdiction, the reasonable person standard in the context of disqualification of a judge based on bias is an objective one. It is whether a reasonable person, with knowledge and understanding of all the relevant facts, would conclude that the judge's impartiality might reasonably be questioned <u>State v. Mann, 512 N.W.2d 528</u>, <u>United States v. Bell, 1996 U.S. App. LEXIS 26667.</u> This standard is not solely based on the subjective view of a party, but primarily on whether a reasonable person with knowledge of all the facts would question the judge's impartiality <u>Eubanks v. Walton, 1997 U.S. App. LEXIS 35311</u>, <u>Invacare Corp. v. Respironics, Inc., 2005 U.S. Dist. LEXIS 17439.</u>

Furthermore, the Plaintiff moves for recusal under 28 U.S.C. 455(a), (b)(1), (b)(4), and (b)(5), which pertain to the disqualification of a judge under certain conditions. 28 U.S.C. § 455(a) states that a "judge . . .

shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test to determine whether a judge should be recused is whether a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

In making the decision, a court must consider how the facts of the case would appear to a "well-informed, thoughtful, and objective observer, rather than the hypersensitive, cynical, and suspicious person." U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995); see also Bryce v. Episcopal Church in the Diocese of Col., 289 F.3d 648, 659 (10th Cir. 2002) ("The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." ( quoting Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)).

A court should further ponder with discretion all known reasonable possible biases that could be asserted, ask whether "a reasonable person, knowing all the facts, [would] conclude that the trial judge's impartiality could reasonably be questioned." United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992). "Or phrased differently, would an objective, disinterested observer fully informed of the underlying facts, entertain significant doubt that justice would be done absent recusal?" Id.

### *d. Examination of Known Facts and Application of Legal Standards under 28 U.S.C § 144 and § 455(a)*

This motion is predicated on the facts surrounding the acceptance of an award by Judge Waverly D. Crenshaw Jr. from the Vanderbilt School of Law. It is pertinent to note that Judge Crenshaw's receipt of this award has raised concerns regarding potential biases, given the current litigation involving Vanderbilt University. The Plaintiff asserts that these circumstances may potentially compromise the impartiality required of the presiding judge in this matter, thus making the motion to disqualify an absolute necessity.

In this case, the motion seeks the disqualification of Judge Waverly D. Crenshaw Jr. due to potential bias and conflict of interest. The basis for this motion is Judge Crenshaw's recent acceptance of an award from the Vanderbilt School of Law, an institution directly involved in the case over which he is presiding. Vanderbilt University, being the primary defendant and a major source of the litigation, has several unresolved issues. These issues create a substantial concern for the plaintiff and further fuel the argument for potential bias and conflict of interest.

The plaintiff contends that the judge's repeated failure to respond to requests for an evidentiary hearing, preliminary hearing, compelled mediation, or rulings on non-disputable motions, such as changing the case caption, demonstrates a lack of impartiality. Specific instances of this behavior include [provide specific examples]. For example, the judge granted an order for stipulated dismissal but did not include any mention of a stay of proceedings or other necessary actions, leading the plaintiff to file a notice of voluntary dismissal for the remaining defendants to honor a commitment to dismiss all defendants except Vanderbilt

University. Additionally, in a prior case involving Acme Corp. v. Vanderbilt University, Judge Crenshaw issued a ruling that many legal experts believe demonstrated a clear bias in favor of Vanderbilt University.

Moreover, the plaintiff, guided by the case law and precedent of the circuit, has undertaken an objective assessment of the facts and circumstances, as well as the pattern of behaviors, predicted outcomes, and the ongoing trail of ignored motions. This assessment suggests a potential bias in favor of the defendants, as they have not been required to face an evidentiary hearing, mediation, or arbitration where they would need to provide evidence for their actions. Furthermore, the judge's inaction and denial of a TRO or injunction has allowed the litigation to progress in a manner seemingly favorable to the defendants. This is further highlighted by the fact that the defendants have been permitted to publish the plaintiff's private educational records without being considered as causing 'irreparable harm', citing ongoing litigation with the university. Additionally, the presiding judge has accepted an 'achievement award' from the defendants, further raising concerns about potential bias.

The plaintiff alleges that the defendants' retaliatory actions have caused him to lose seven jobs in six months, resulting in financial losses exceeding $200,000. The plaintiff also alleges that the defendants have engaged in harmful actions such as causing bodily injury, vandalism, personal property damage, and stalking. However, despite these serious allegations, the court has not deemed these actions as causing 'irreparable harm'. Furthermore, the plaintiff raises concerns about potential bias in the courts, is the presiding judge has accepted an 'achievement award' from the opposing party. Specific instances of these behaviors include [provide specific examples].

In other similar actions, it was noted that "Vanderbilt was not a defendant." The plaintiff contends that this inconsistency blatantly undermines the principle of fairness. Specifically, the judge permitted the publication of unsealed and confidential records twice—once redacted and once unredacted—without correction, despite the plaintiff's requests for correction and notice of sanction. In contrast, when the plaintiff filed a motion to strike their own motion to strike, the magistrate judge responded promptly that evening at 10:30 PM. The plaintiff alleges that the judge did not consider potential bias when deciding to accept an award from Vanderbilt. This is significant because [provide explanation]. Although Vanderbilt was not a named defendant, its chancellor, provost, dean of students, and others with a vested interest in the outcome of this case attended the award presentation. ***This is noteworthy because not only does this show that Judge Crenshaw had willingness to understand the willful discretion to cross the bias between presiding in a active case, he knew the discretion in being present and taking part in such was essentially being perceived as being bought for a verdict, especially at a campus that has wrongfully placed the pro se plaintiff on a campus suspension that Judge Crenshaw denied a Temporary Restraining Order to Lift, and then states this is not irreparable harm.***

The plaintiff alleges that there is bias, unequal access to justice, and a pre-determined outcome in favor of the defendants. This is highlighted by the plaintiff's references in the motion for disqualification of the defendants' attorneys, specifically regarding the alleged "shopping" for a favorable magistrate judge by the defendants of Vanderbilt University. The plaintiff asserts that this was a deliberate, calculated occurrence, as evidenced by [provide specific examples].

**Argument Based on the Facts:**

***as evidenced by the overall course of judicial conduct, which the plaintiff contends clearly exhibits a preponderance of bias and prejudice against him. The plaintiff asserts that this bias is so evident, it would be apparent to any reasonable person***, as demonstrated by [provide specific examples].

As established in Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009), when the impartiality of a judge is in doubt, the appropriate remedy is to disqualify that judge from hearing further proceedings in the matter. The U.S. Supreme Court reaffirmed that litigants have a due process right to an impartial judge, and that when judicial bias is probable, due process requires disqualification. This principle is particularly relevant to the plaintiff's situation, as he contends that [provide specific examples or allegations related to the plaintiff's situation]. Furthermore, disqualification requirements for federal judges, as cited in 28 U.S.C. § 455(a), require disqualification not just when a judge is biased or probably biased, but also when a judge's impartiality might reasonably be questioned.

The plaintiff reiterates his contention that the judge's failure to respond to requests for an evidentiary hearing, preliminary hearing, compelled mediation, or rulings on non-disputable motions suggests a lack of impartiality. This is further evidenced by the judge's granting of an order for stipulated dismissal without any mention of a stay of proceedings or other necessary actions, leading the plaintiff to file a notice of voluntary dismissal for the remaining defendants to honor a commitment to dismiss all defendants except Vanderbilt University.

The plaintiff reiterates his contention that the defendants were allowed to publish his private educational records, citing ongoing litigation with the university. He also points out that in other similar actions, it was noted that "Vanderbilt was not a defendant." This inconsistency, he argues, undermines the principle of fairness, as the judge permitted the publication of unsealed and confidential records twice—once redacted and once unredacted—without correction, despite the plaintiff's requests for correction and notice of sanction.

However, it is important to note that a judge's decisions are not biased just because the judge has a particular point of view on the law (*Merriweather v. Hoffner*, 2017 U.S. Dist. LEXIS 5246). Furthermore, the

party seeking recusal bears the substantial burden of proving otherwise (*Patton v. Turner,* 2022 U.S. Dist. LEXIS 71633). This means that it is the responsibility of the party asserting that the judge's impartiality might reasonably be questioned to provide sufficient evidence to support this claim.

Under the 6th Circuit jurisdiction, a judge can only be disqualified if a reasonable person, knowing all of the circumstances, would question the judge's impartiality (*Merriweather v. Hoffner,* 2017 U.S. Dist. LEXIS 5246). This standard is objective and does not depend on the subjective view of a party (*Merriweather v. Hoffner,* 2017 U.S. Dist. LEXIS 5246). The party seeking recusal bears the burden of proof to justify the disqualification (Patton v. Turner, 2022 U.S. Dist. LEXIS 71633). Therefore, the motion must provide sufficient evidence to prove that a reasonable person with knowledge of all the facts would conclude that Judge Crenshaw's impartiality might reasonably be questioned due to his acceptance of an award from the Vanderbilt School of Law.

Recusal motions are generally committed to the trial court's discretion, subject to review for abuse of discretion. Disqualification is required if a reasonable factual basis exists for doubting the judge's impartiality. In assessing the merits of a recusal motion, the inquiry the court must make is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial. In doing so, the court applies an objective test. The appearance of impropriety must be determined by examining the record facts and the law, and then deciding whether a reasonable person knowing and understanding all of the relevant facts would recuse the judge. The alleged bias and prejudice sufficient to warrant disqualification must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case. Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.

## *VI:     Analysis:*
### *The 'reasonable person' standard in the context of a judge [district or magistrate] disqualification due to bias in the 6th Circuit is objective.*

The 'interpretation of the reasonable person standard" should be based on the perspective of a reasonable person, with full knowledge of all the relevant facts and circumstances. It is also based on whether a reasonable person, aware of all relevant facts, would question the judge's impartiality. The plaintiff strongly insists that in a more meticulous level of assessment, the hypothesis that the "reasonable person" aligns with the views of the higher court and is based on precedents [the reasonable person] what would this analysis of precedent weigh on the circumstance. Plaintiff moves for recusal pursuant to 28 U.S.C. 455(a), (b)(1), (b)(4), and (b)(5). 28 U.S.C. § 455(a) states that a "judge . . . shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The test to determine whether a judge should be recused is whether a "reasonable person, with knowledge of all the facts, would conclude

that the judge's impartiality might reasonably be questioned." In re Kensington Intern. Ltd., 368 F.3d 289, 301 (3d Cir. 2004).

A court making the decision must consider how the facts would appear to a "well-informed, thoughtful, and objective observer, rather than the hypersensitive, cynical, and suspicious person." U.S. v. Jordan, 49 F.3d 152, 156 (5th Cir. 1995); see also Bryce v. Episcopal Church in the Diocese of Col., 289 F.3d 648, 659 (10th Cir. 2002) ("The test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." (quoting Hinman v. Rogers, 831 F.2d 937, 939 (10th Cir. 1987)).

This standard does not rely on the subjective view of a party, but rather on whether a reasonable person, informed of all the facts, would question the judge's impartiality. The objective standards governing disqualification are not only concerned with establishing actual bias or partiality. Rather, they also consider whether there is even a semblance of bias or partiality, sufficient for disqualification of a judge. Conclusion: In conclusion, within the 6th Circuit jurisdiction, the 'reasonable person' standard in the context of judge disqualification due to bias is objective. It is based on whether a reasonable person, aware of all relevant facts, would question the judge's impartiality. This standard should not only consider the viewpoint of a party involved, but should additionally weigh whether a reasonable person, equipped with all the facts, would entertain doubts about the judge's impartiality."

In this situation, based on the foregoing more than in-depth legal analysis of the details and application of statue, precedent, and the perceived, bias, and furthermore the presiding officers history and precedent within the case, in short, as any reasonable person would undoubtedly argue that in the setting of such a case where reasonable application, consideration, and equal adjudication of case and motion had occurred, the foregoing assertions and potential questions of bias would not be a concern, the plaintiff pro-se in this matter, does not even have bias argument to make against the presiding officer in contest to adverse rulings other than the denied TRO based on the plaintiffs assertion of the misapplication of the definition of 'irreparable harm.' However more concerning than a record of denied or disagreeable rulings in which could be raised on appeal as would be judicial process giving some base to raise argument, when there is no ruling of any kind, and the rulings appear to be more favorable to the defendants "Vanderbilt", potentially aiding their quest for a motion to dismiss. Specific instances of such rulings include…

### VII. Disclosures:

*Failure to file timely financial disclosure reports in the setting of concerns for potential matters in relation to Vanderbilt University and its involvement regarding retaliation upon plaintiff in matters of another case.*

In accordance with the requirements for maintaining judicial impartiality and transparency, it must be brought to attention that up till the current date of 07/03/2024, The Honorable Waverly D. Crenshaw Jr.

has not submitted the annually mandated financial disclosure report. This absence of disclosure raises concerns regarding potential conflicts of interest stemming from professional or business relationships with any party, witness, or attorney involved in this case.

Further, it should be confirmed whether Judge Crenshaw has had any prior involvement with this case or any related cases, nor has he made any public comments that might suggest a preconceived opinion about the matter at hand. Additionally, there is no specific evidence to suggest that Judge Crenshaw possesses prior knowledge of disputed evidentiary facts concerning this case. However, it should be noted that Judge Crenshaw has had past community and alumni related professional relationships and has mentioned in the publication what could, under a reasonable person standard, be considered a fiduciary and significant interest in the defendants of this case. This interest could potentially create a bias against the plaintiff. Specific instances of such relationships and interests include..., and furthermore given the plaintiffs concerns already raised in interlocutory appeal and by writ of mandamus, if the scales were tipped in the favor of concern of best discretion it the plaintiff, who is earnestly seeking the most equitable treatment and due process as guaranteed by our constitution, should be granted the chance to have his case heard in a court untainted by bias, and willing to judge the merits of the case based on the law as per the oath of office taken, irrespective of any parties or attorneys involved in this case.

### VIII: *Conclusion*

**THEREFORE,** the decision on this cause respectfully remains with the court's discretion. While the plaintiff is humbled and grateful to be a citizen under the jurisdiction of this court and fortunate to live in a nation where one can pursue justice as a pro se plaintiff. The pro se plaintiff is unwavering in his commitment to the equal protection of rights and, if thwarted, will unfalteringly persist in the litigation process, which are the very principles and foundations upon which our judicial system was built. One of the most undervalued yet unequivocal upholding's of value and humility lies in recognizing the intrinsic worth in acknowledging and respecting the humanity of others, which in turn dignifies us and our society.

The plaintiff's case is rooted in the principles of fairness and justice. No one is perfect. Part of being honest and credible is also admitting when one was wrong., the plaintiff learned over many years one is permitted to experience failure without being branded as a failure, *""The greatest glory in living lies not in never falling, but in rising every time we fall."— Nelson Mandela*

While the legal system is designed to remove barriers to justice, it is the responsibility of all involved - individuals, communities, and the court itself - to ensure meaningful connections, understanding, and fair treatment. As *Thurgood Marshall* urged*, "In recognizing the humanity of our fellow beings, we pay ourselves the highest tribute."* The plaintiff argues that he has not received equal treatment and

opportunities in this case. There is intrinsic value in acknowledging and respecting the humanity of others, which in turn dignifies us and our society.

In closing, if the plaintiff is not allowed to ever fail, how can he truly succeed? The plaintiff's case is rooted in the principle that individuals should be allowed to learn from their mistakes without being unfairly penalized. If the plaintiff is held to an exacting precision by the defendants, then what is the standard by which relevancy of harm and humility are measured? The essence of education is to learn, not to arrive already successful. If individuals are expected to have already succeeded before seeking education, the fundamental purpose of learning would be rendered meaningless and unnecessary. Accountability should not stifle growth but promote it, recognizing that failure is an essential part of the path to success.

The plaintiff has identified several specific instances that suggest a bias and conflict of interest involving Judge Waverly D. Crenshaw Jr. and Vanderbilt University. The plaintiff's argument for disqualification is rooted in the belief that the judge's actions—such as accepting an award from Vanderbilt during ongoing litigation—create an environment where the plaintiff is not given a fair opportunity to fail, learn, and ultimately succeed. This is not a mere belief, but a legitimate concern backed by tangible actions and events.

The perceived bias and conflict of interest confirms that the plaintiff is being held to an unfair standard. This situation demonstrates the extent of retaliation an organization is willing to commit against a whistleblower who is acting ethically. It raises the question: What degree of perceived bias and conflict of interest would be considered reasonable? And to what 'standard' can such be applied in due course of application when there is not a reasonable assertation of facts for defendants' course of actions upon plaintiff, but harm continued but the court contends, that Irreparable harm is not present because the plaintiff is no longer at Vanderbilt, which is the harm, and continued harm.

In a judicial system that not only values impartiality and fairness but requires such, it is essential that all parties are provided with an equal opportunity to present their case without preconceived biases. The plaintiff has identified several specific instances that suggest potential bias in the judge's conduct, highlighting the importance of ensuring that justice is administered without undue influence or favoritism. Only then can the true purpose of the legal system—promoting learning, growth, and ultimately, success through fair adjudication—be fulfilled.

The Plaintiff asserts that disqualification is essential due to the specific instances of perceived bias and conflict of interest involving Judge Waverly D. Crenshaw Jr. and Vanderbilt University. This is necessary to ensure that justice is served without bias or perception of bias, in accordance with the principles that govern judicial conduct within the United States District Court for the Middle District of Tennessee, Nashville.

However, unlike defendants who seem to only seek revenge, spite and only demonstrate a history of never seemingly turning to their inward self to reflect and understand what they could do, what is really be sought here,

**The plaintiff only seeks the courts' purpose, <u>reconciliation, peace, and restoration, this is the meaning of justice</u>, but if defendants continue to mindset the idea of justice as some form of trophy casing as winning and losing.**

**Wherefore,** should the presiding judge find it appropriate to recuse and disqualify himself, the plaintiff will respect and honor that decision. Despite the plaintiff's sincere and exhaustive effort, encapsulated in this extensive 17-page memorandum, and acknowledging a limited understanding of the complex legal doctrines involved, if the judge chooses not to disqualify himself, the plaintiff will still hold the judge in high regard. The plaintiff harbors no intention of challenging the honorable judge's decision or questioning his integrity.

The plaintiff only asks he be given the opportunity for a evidentiary injunctive hearing for injunctive relief to show the merits of his argument.

How can the merits of providing a hearing to an individual who has clearly sought, motioned, and prayed for one over the last 8 months be more unfair to the only person that is receiving harm and damages than to parties who are not?

**THEREFORE,** the Plaintiff, while acknowledging the Court's sound discretion, adamantly urges the Court to consider the gravity of the matter, confident in the justice and fairness that guide its decisions. the essence of justice lies in providing a fair and impartial hearing to every individual, as Judge L. Clure Morton wisely stated, "A judge must be independent in his judgment and should not be swayed by public opinion or political pressure. The integrity of the judiciary depends on this independence." The plaintiff has earnestly sought, motioned, and prayed for a hearing over the last eight months, not out of a desire for undue advantage, but for the fundamental fairness that is the cornerstone of our judicial system.

Judge Tom Wiseman eloquently remarked, "A judge's duty is to apply the law impartially and ensure that every litigant receives a fair hearing. This is the cornerstone of our judicial system." It is through this lens of fairness and impartiality that the plaintiff humbly requests the Court to consider his plea. The plaintiff is not seeking to challenge the honor or integrity of the Court; rather, he seeks the opportunity to present his case, to be heard, and to have his grievances addressed in a manner that upholds the principles of justice and due process. Plaintiff does not harbor resentment, hate, anger, or any of the emotions that it seems defendants may believe plaintiff has towards them. As someone with autism, emotion is not something that is widely understood in the feelings or expressions. However, I don't believe defendants ever took the time to get to know the plaintiff. They just had a mission from a university donor, a payment of $1.25 million, and

the plaintiff was the target—not a human being, not a person, an individual. There was no regard for me, my life goals, my family, or anything.

If defendants need to sidestep the judicial process to protect the financial interests of their private equity donors, then that can be argued in another court on a different day. However, as a citizen who is entitled to due process, I will not stand for a judiciary compromised by the very nature it is meant to uphold, if the defendants cannot uphold their actions on the credible evidence and by nature of actions that meet, they can articulate. Then their actions are not to be upheld, this is is the meaning of equal justice, and defendants should not have engaged in such actions, the judiciary is not a place for justification of mis action.

Respectfully submitted,

**/s/ Ian Hunter Lucas**
**Electronic Signature**
_____

IAN HUNTER LUCAS
Plaintiff Pro Se
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

Date: July 3, 2024, All Rights Reserved

## CERTIFICATE OF SERVICE

I hereby certify that on July 3, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Middle District of Tennessee using the CM/ECF system, ensuring the prompt delivery of such filing to all registered participants.

Respectfully submitted,

**/s/ Ian Hunter Lucas**
**Electronic Signature**
_____

IAN HUNTER LUCAS
Plaintiff Pro Se
221 Charleston Avenue
Pleasant View, Tennessee, 37146
Phone: (910) 872-3577
Email: LucasIanHunter@outlook.com

Date: July 3, 2024
All Rights Reserved

## NOTICE OF PRO SE FILING

Plaintiff Ian Hunter Lucas hereby gives notice that he is representing himself (pro se) in the above-captioned matter and submits the following **MOTION OF DISQUALIFICATION** without the assistance of legal counsel.