RECEIVED
07/10/2024
KELLY L. STEPHENS, Clerk

## NOTICE

To: Office of the Clerk
6th Circuit Court of Appeals
540 Potter Stewart U.S. Courthouse
100 East Fifth Street
Cincinnati, OH 45202-3988

Case Number: 24-5516 (Re: Ian Lucas)
Lucas v. Jessee, U.S. District Court for the Middle District of Tennessee

From: Ian Lucas, Pro Se
221 Charleston Avenue
Pleasant View TN, 37146
629-210-8215
lucasianhunter@outlook.com

Date: July 10, 2024

Subject: Notice of Application to Circuit Justice

Dear Clerk of the 6th Circuit Court of Appeals,

    I am writing to formally notify the Court that an application for injunctive relief has been submitted to the Circuit Justice due to the Court's failure to act on a pending motion in the above-referenced case. The motion in question was filed on June 12th, 2024, and concerns a Writ of Mandamus which was denied on the wrongful application of the law in terms of 'irreparable harm' by the district court, in violation of 28 U.S.C. § 1651. As of today, July 10, 2024, the Court has not issued a ruling on this motion, and the delay is causing substantial prejudice and ongoing irreparable harm.

**Summary of the Arguments Supporting the Appeal:**

1. **Misapplication of 'Irreparable Harm' Standard:**
   The district court's denial of the Writ of Mandamus relied on a narrow interpretation of 'irreparable harm,' which failed to align with established legal precedents. Irreparable harm includes not only immediate physical or monetary damages but also personal hardships and the impossibility of remediation through conventional legal remedies. The district court's failure to recognize this broader scope has unjustly hindered my right to relief.

2. **Failure to Consider Established Legal Precedents:**
   The district court overlooked established legal precedents that articulate a broader understanding of irreparable harm. These precedents emphasize that irreparable harm encompasses more than just tangible losses, including the erosion of trust in the judicial process and exacerbation of personal distress. The court's narrow

interpretation starkly contrasts with the spirit of the law and mandates a holistic consideration of harm.

3. **Procedural Violations:**
   The initial motion also highlighted that the district court proceedings were marred by procedural violations, including improper application of the law regarding irreparable harm. These procedural errors compromised my ability to receive a fair and impartial hearing, further necessitating the need for injunctive relief.

4. **Ongoing and Substantial Prejudice:**
   The delay in ruling on the pending motion has caused ongoing and substantial prejudice. The harm initially claimed continues to affect me significantly, necessitating immediate judicial intervention to compel the Court to act on the pending motion. This delay exacerbates the harm and underscores the urgency and necessity of immediate Court action to remedy the ongoing harm.

**Jurisdiction Statement:**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1291 as an appeal from a final decision of the district court.

**Statement of Facts:**

The undersigned, Ian Lucas, pro se, presents the following statement of facts relevant to the application for injunctive relief submitted to the Circuit Justice for the 6th Circuit Court of Appeals. Prior to seeking this relief, the applicant made reasonable efforts to mitigate the ongoing harm by requesting expedited consideration of the motion filed on June 12th, 2024. Despite these efforts, the harm persisted, necessitating the application for injunctive relief. This application was necessitated by the Court's inaction on a motion filed on June 12th, 2024, seeking review of a district court's decision denying a TRO on grounds that purportedly failed to properly consider the irreparable harm suffered by the applicant, contrary to the legal standards set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) and *Samson v. Murray*, 415 U.S. 61 (1974), and in violation of 28 U.S.C. § 1651 and Fed. R. Civ. P. 65.

The initial motion also argued that the district court proceedings were marred by procedural violations, including its application of the law regarding irreparable harm, a critical factor in the consideration of the Writ of Mandamus in failing to hold an evidentiary hearing and improper weighting of the harm to the applicant versus harm to the defendant, which compromised the applicant's ability to receive a fair and impartial hearing. Despite the timely filing and the urgency expressed due to ongoing prejudice and irreparable harm being suffered, the 6th Circuit Court of Appeals has, as of the date of this notice, July 10, 2024, failed to issue a ruling, respond, or acknowledge this pending motion.

**Argument:**

The crux of the matter before the Court hinges on the fundamental misapplication of the standard for 'irreparable harm' by the district court, a pivotal error that has

unjustly hindered Ian Lucas's right to relief. The district court's denial of the Writ of Mandamus, rooted in a narrow and arguably erroneous interpretation of 'irreparable harm,' fails to align with established legal precedents that articulate a broader understanding of the concept. Irreparable harm, as established in the corpus of appellate decisions, encompasses not only immediate physical or monetary damages but also pertains to the more nuanced realms of personal hardship and the impossibility of remediation through conventional legal remedies.

   The denial of the Writ of Mandamus based on a perceived lack of 'irreparable harm' overlooks the substantive and procedural injustices faced by Ian Lucas, injustices that manifest not just in tangible losses but in the erosion of trust in the judicial process and the exacerbation of personal distress. The district court's interpretation starkly contrasts with the spirit of the law, which mandates a holistic consideration of harm. It is imperative that the 6th Circuit Court of Appeals recognizes this oversight and rectifies the error by granting the application for injunctive relief. Such a course of action would not only align with the legal precedents concerning 'irreparable harm' but also serve justice by ensuring that Ian Lucas's grievances are adjudicated in a manner that fully acknowledges the breadth of his experienced and ongoing harm.

   In accordance with the rules and procedures governing such matters, I have applied for injunctive relief to the Circuit Justice. This step has been taken out of necessity due to the urgent nature of the relief sought and the lack of timely action by this Court following the Middle District of Tennessee's decision on May 29, 2024, in case no. 3:24-cv-00123. In the Middle District of Tennessee proceedings, the court denied my Writ of Mandamus, citing a lack of irreparable harm without considering the broader implications of personal and procedural harm I have endured. Enclosed with this notice is a copy of the application submitted to the Circuit Justice, along with all supporting documentation and exhibits that were included with the application.

I respectfully request that the Court take immediate notice of this application and expedite the consideration of the pending motion to prevent further harm.

Thank you for your prompt attention to this matter.
Respectfully Submitted,
**/S/ Ian H. Lucas**
*Electronically Signed*

Ian H. Lucas
Pro Se
Address: 221 Charleston Avenue, Pleasant View TN, 37146
Phone: 629-210-8215
Email: lucasianhunter@outlook.com

Enclosures: 1. Copy of the Application for Injunctive Relief submitted to the Circuit Justice

**Certificate of Compliance:**

I hereby certify that this filing complies with the type-volume limitation of Fed. R. App. P. 27 because it contains 980 words.

**/S/ Ian H. Lucas**

*Electronically Signed*

Ian H. Lucas

Pro Se

Address: 221 Charleston Avenue, Pleasant View TN, 37146

Phone: 629-210-8215

Email: lucasianhunter@outlook.com

---

**Certificate of Service**

I hereby certify that on this 10th day of July 2024, a true and correct copy of the foregoing Notice of Application to Circuit Justice for Injunctive Relief Due to Failure to Act on Motion was filed electronically via email with the Clerk of the 6th Circuit Court of Appeals. Notice of this filing will be sent by electronic notification to all parties registered to receive such service from the Court.

**/S/ Ian H. Lucas**

*Electronically Signed*

Ian H. Lucas

Pro Se

Address: 221 Charleston Avenue

Pleasant View TN, 37146

Phone: 629-210-8215

Email: lucasianhunter@outlook.com

RECEIVED
07/10/2024
KELLY L. STEPHENS, Clerk

No. _____

# In the Supreme Court of the United States

IAN H. LUCAS,

*Petitioner,*

v.

THE VANDERBILT UNIVERSITY
*(formerly Mary Ann Jessee et al.).,*

*Respondents.*

United States Courts of Appeal for the Sixth Circuit Case No. 24-5516

United States District Court. Middle District of Tennessee, Case No. 3:24-cv-00440
Hon. Waverly D. Crenshaw, Jr

---

## Application to Individual Justice of the Supreme Court of the United States Emergency Application for Direct Injunctive Relief Pending Appeal

---

**To: The Honorable Brett M. Kavanaugh,**
Associate Justice of the Supreme Court of the United States
and Circuit Justice for the Sixth Circuit

---

IAN HUNTER LUCAS
Petitioner Pro Se
221 Charleston Ave
Pleasant View, Tennessee 37146
Telephone: 629-210-8215
Email: lucasianhunter@outlook.com

Respectfully Submitted,

_____

Ian H. Lucas
Petitioner
*Pro Se*

# In the Supreme Court of the United States

## Application to Individual Justice of the Supreme Court of the United States
### Emergency Application for Direct Injunctive Relief Pending Appeal

**To: The Honorable Brett M. Kavanaugh,**
Associate Justice of the Supreme Court of the United States
and
Circuit Justice for the Sixth Circuit

**STATEMENT OF CASE**

This application seeks emergency injunctive relief pending appeal from the Supreme Court of the United States against decisions made by the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Middle District of Tennessee Nashville Division. The Petitioner, Ian Lucas, contends that these decisions adversely impact his First Amendment rights and requests immediate intervention to prevent irreparable harm.

The petitioner, Ian Lucas, asserts that The Vanderbilt University, an Interested Party, violated his First Amendment rights. The Petitioner argues that both the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Middle District of Tennessee Nashville Division have failed to protect these constitutional rights adequately.

**STANDARD OF REVIEW:**

The lower courts applied the "de novo" standard of review to the constitutional claims presented by the Petitioner. This standard involves a fresh,

independent examination of the issues without deference to the legal conclusions of the lower courts.

## RELEVANT CONSTITUTIONAL PROVISIONS:

1. **First Amendment**: "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." (U.S. Const. amend. I)

2. **Fourteenth Amendment**: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (U.S. Const. amend. XIV, § 1)

## RELEVANT STATUTORY PROVISIONS:

1. **Title 28, United States Code, Section 1651(a)**: The All-Writs Act, which grants the Supreme Court authority to issue all writs necessary or appropriate in aid of its jurisdiction. (28 U.S.C. § 1651(a))

## VERIFICATION OF CURRENT VALIDITY:

All cited constitutional and statutory provisions are verified as current and have not been amended or repealed as of the date of this application.

## APPLICATION OF CONSTITUTIONAL AND STATUTORY PROVISIONS:

3

The First Amendment supports the Petitioner's claim by protecting his freedom of speech, which he alleges has been infringed by The Vanderbilt University. The Fourteenth Amendment provides a basis for the Petitioner's claim against the state actors involved in the judicial process, ensuring due process and equal protection under the law.

The All-Writs Act empowers the Supreme Court to issue the requested injunctive relief to prevent further irreparable harm pending the resolution of the appeal.

The Petitioner, Ian Lucas, respectfully requests that the Circuit Justice of the Sixth Circuit by individual justice or by deferment to the entire Supreme Court grant immediate injunctive relief to enjoin the enforcement of the lower court rulings, thereby preserving his constitutional rights and preventing irreparable harm.

## STATEMENT OF FACTS

The Petitioner, Ian Lucas, seeks emergency injunctive relief from the Supreme Court of the United States, directly challenging the decisions made by the Respondent, the United States Court of Appeals for the Sixth Circuit, and the United States District Court for the Middle District of Tennessee Nashville Division. This application arises out of a dispute involving The Vanderbilt University, an Interested Party, regarding alleged violations of constitutional rights.

The core of the dispute centers on actions taken by The Vanderbilt University that the Petitioner contends infringe upon his First Amendment rights. The Petitioner

4

argues that the decisions of the lower courts have failed to adequately protect these rights, leading to an urgent need for Supreme Court intervention. The Petitioner asserts that without immediate and direct injunctive relief from this Court, he will suffer irreparable harm, for which there is no adequate remedy at law.

This application for direct injunctive relief is made under the extraordinary circumstances where lower court rulings have, in the Petitioner's view, misapplied constitutional principles, necessitating an immediate review by the Supreme Court to prevent ongoing violations of constitutional rights.

## STANDING

The Petitioner, Ian Lucas, hereby asserts standing to seek injunctive relief from this Court. Standing is predicated on the demonstration of a concrete and particularized injury in fact, which is both actual and imminent, and not conjectural or hypothetical. The injury claimed herein arises directly from the actions and decisions of the Respondents, the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Middle District of Tennessee Nashville Division, which have adversely affected the Petitioner's legal rights and interests. Furthermore, it is asserted that the relief sought, if granted, will redress the alleged injury by preventing or remedying the adverse effects of the Respondents' actions.

The Petitioner contends that the requisite legal interest and harm have been sufficiently demonstrated to satisfy the standing requirements as outlined by the Supreme Court of the United States. This assertion is supported by the direct

impact of the Respondents' decisions on the Petitioner's ability to exercise and enjoy legal rights and protections, which are at the core of the relief sought through this application.

## LEGAL BASIS

This Application for Direct Injunctive Relief Pending Appeal is submitted to an Individual Justice of the Supreme Court of the United States pursuant to the authority granted by Title 28, United States Code, Section 1651(a), the All-Writs Act, and under the Supreme Court's inherent constitutional authority to issue writs necessary in aid of its jurisdiction. The Petitioner, Ian Lucas, seeks immediate injunctive relief against the Respondents, the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Middle District of Tennessee Nashville Division, to prevent irreparable harm pending the resolution of the appeal.

The basis for this Application rests on the claim that the actions and decisions of the Respondents have caused, and will continue to cause, significant and irreparable harm to the Petitioner that cannot be adequately remedied through traditional legal channels. The Petitioner asserts that the circumstances of this case meet the criteria for the issuance of an extraordinary writ as defined by the Supreme Court's precedents, including the necessity for immediate relief to prevent irreparable harm, the inadequacy of other legal remedies, and the presence of important questions of law that merit the Supreme Court's review.

The Petitioner further contends that the involvement of an Interested Party, The Vanderbilt University, adds a significant dimension to the case that underscores the need for the Supreme Court's intervention. The Petitioner argues that the unique legal and factual issues presented by this case make it an appropriate candidate for the exercise of the Supreme Court's discretionary power to provide immediate relief through an injunction.

## MOOTNESS

This Application for Direct Injunctive Relief is predicated on the understanding that the issues presented are not moot and remain of significant legal and practical importance to the parties involved. Notwithstanding the evolving nature of the underlying dispute, the Petitioner, Ian Lucas, asserts that the relief sought herein is necessary to prevent irreparable harm and to ensure the enforcement of rights under the United States Constitution and applicable federal laws against the Respondents, United States Court of Appeals for the Sixth Circuit and United States District Court for the Middle District of Tennessee Nashville Division, and any actions or decisions by the Interested Party, The Vanderbilt University, that may affect the Petitioner's rights.

The mootness of the Application will be determined in accordance with the prevailing legal standards set forth by the Supreme Court of the United States. Should any aspect of the dispute be resolved or rendered inapplicable prior to the Court's decision, the Petitioner reserves the right to adjust the scope of the relief sought accordingly.

7

## STANDARD MET FOR IRREPARABLE HARM

The Petitioner, Ian Lucas, asserts that the standard for demonstrating irreparable harm has been met in this instance, necessitating the granting of direct injunctive relief by the Supreme Court of the United States. Irreparable harm is defined as an injury for which there is no adequate remedy at law, meaning that monetary damages are insufficient to compensate for the harm. In this case, the Petitioner argues that the actions and decisions of the Respondents, specifically the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Middle District of Tennessee Nashville Division, have caused harm that cannot be adequately remedied through monetary damages alone.

Furthermore, the Petitioner contends that the harm suffered is both immediate and significant, with the potential for lasting effects that could not be reversed should the relief sought not be granted. The involvement of an Interested Party, The Vanderbilt University, underscores the complexity and urgency of the matter, further supporting the Petitioner's claim for the necessity of injunctive relief to prevent irreparable harm.

## REQUEST FOR RELIEF

The Petitioner, Ian Lucas, by and through his undersigned counsel, respectfully requests that the Honorable Justice of the Supreme Court of the United States grant immediate injunctive relief pending appeal, to enjoin the Respondents, United States Court of Appeals for the Sixth Circuit and United States District

Court for the Middle District of Tennessee Nashville Division, from enforcing their respective orders, which are the subject of the instant appeal.

This request is made on the grounds that the Petitioner is suffering, and will continue to suffer, Irreparable Harm as defined herein, absent the granting of such relief. It is further contended that the balance of equities tips decidedly in favor of the Petitioner, and that the Petitioner has a likelihood of success on the merits of the appeal. Moreover, the public interest would not be disserved by the granting of the requested relief.

The Petitioner also respectfully requests that this Court consider the interests of the Interested Party, The Vanderbilt University, in its deliberation of this matter.

## SUPPORTING EVIDENCE

The Petitioner, Ian Lucas, submits this Application for Direct Injunctive Relief to the Supreme Court of the United States, seeking Immediate Injunctive Relief pending appeal from the decisions of the United States Court of Appeals for the Sixth Circuit and the United States District Court for the Middle District of Tennessee Nashville Division. In support of this application, the Petitioner presents evidence demonstrating Irreparable Harm that would result if such relief is not granted.

The evidence submitted herein includes, but is not limited to, affidavits, expert testimony, and documented instances of actions taken by the Respondents that directly impact the Petitioner's legal rights and interests. Specifically, the

9

evidence aims to illustrate the immediate and ongoing harm to the Petitioner that cannot be adequately remedied through monetary damages alone, thus necessitating the request for Immediate Injunctive Relief.

Furthermore, the Petitioner includes relevant legal precedents and statutory provisions that support the claim for Immediate Injunctive Relief, highlighting the urgency and necessity of the Supreme Court's intervention to prevent the continuation of Irreparable Harm. The Petitioner respectfully requests that the Court consider this evidence in its evaluation of the Application for Direct Injunctive Relief.

## PRECEDENT CASES

The Petitioner, Ian Lucas, seeks Immediate Injunctive Relief from the Supreme Court of the United States, asserting that the actions and decisions of the Respondents, United States Court of Appeals for the Sixth Circuit and United States District Court for the Middle District of Tennessee Nashville Division, have caused Irreparable Harm. In support of this Application, the Petitioner cites the following precedent cases which have established the legal standards for granting such relief:

1. *Nken v. Holder*, 556 U.S. 418 (2009), which clarified the standards for granting a stay pending appeal, emphasizing the necessity of showing both a probability of success on the merits and irreparable harm absent the stay.

2.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), which set forth the four-factor standard for preliminary injunctive relief, including the likelihood of irreparable harm and the public interest.

3.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), which addressed the requirements for standing in seeking injunctive relief, including the need to demonstrate an imminent risk of irreparable harm.

These cases are presented as a basis for the Court to consider the Petitioner's request for Immediate Injunctive Relief to prevent further harm that cannot be adequately remedied through monetary damages alone. The Petitioner asserts that the circumstances of this case meet the established criteria for such relief, as detailed in the cited precedents.

## DOCUMENTATION AND TRANSCRIBED WITNESS INTERVIEW

The Petitioner, Ian Lucas, presents documented instances of actions taken by The Vanderbilt University that directly impacted his legal rights and interests. Specifically, The Vanderbilt University openly and in written documentation discriminated and retaliated against the Petitioner for requesting disability accommodations and for reporting systemic discrimination by the Vanderbilt University School of Nursing against students needing disability accommodations. The Petitioner received numerous instances of unequal and unfavorable treatment compared to his peers, as evidenced by email communications and other documented proof. These actions have contributed to the irreparable harm suffered by the Petitioner, necessitating immediate injunctive relief.

11

## CONCLUSION

Based upon the foregoing arguments and evidence presented in this Application, Ian Lucas, the Petitioner, respectfully requests that the Supreme Court of the United States grant Immediate Injunctive Relief pending the appeal. Such relief is imperative to prevent Irreparable Harm to the Petitioner that cannot be adequately remedied through monetary damages alone. The urgency and significance of this matter necessitate the Court's immediate and favorable consideration.

Granting this Application will serve the interests of justice by preserving the status quo and preventing the Petitioner from suffering irreparable losses that could not be rectified should the final judgment be in his favor. The Petitioner avers that there are substantial grounds for relief, and that the balance of equities tips decidedly in his favor, warranting the extraordinary remedy sought herein.

Respectfully submitted,

_____

**Ian Lucas**

Petitioner

*Pro Se*

12

## PROOF OF SERVICE

Pursuant to Supreme Court Rule 29, I hereby certify that on July 9th, 2024, I served the foregoing Application for Direct Injunctive Relief Pending Appeal on all parties by electronic filing, email to the clerk of court, or certified mail via the USPS. The parties served are as follows:

1. **United States Court of Appeals for the Sixth Circuit**

   o Address: 540 Potter Stewart U.S. Courthouse, 100 East Fifth Street, Cincinnati, OH 45202

   o Method of service: electronic filing via email to clerk at CA06_Pro_Se_Efiling@ca6.uscourts.gov

2. **United States District Court for the Middle District of Tennessee Nashville Division**

   o Address: 801 Broadway, Nashville, TN 37203

   o Method of service: CM/ECF via Petitioner to Court Record

3. **The Vanderbilt University (Interested Party)**

   o Address: 2301 Vanderbilt Place, Nashville, TN 37235

   o Method of service: Certified Mail

I declare under penalty of perjury that the foregoing is true and correct.

_____

**Ian Lucas**

Petitioner

*Pro Se*

No. _____

## In the Supreme Court of the United States

IAN H. LUCAS,

*Petitioner,*

v.

MARY ANN JESSEE ET AL.,

*Respondents.*

United States Courts of Appeal for the Sixth Circuit
Case No. 24-5516

United States District Court. Middle District of
Tennessee, Case No. 3:24-cv-00440
Hon. Waverly D. Crenshaw, Jr

## PETITION FOR AN EXTRAORDINARY WRIT (RULE 20.2)

IAN HUNTER LUCAS
Plaintiff-Appellant, Pro Se
221 Charleston Ave
Pleasant View, Tennessee 37146
Telephone: 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
Email: lucasianhunter@outlook.com

*Petitioner Pro Se*
Ian H. Lucas

i

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS ............................................. i

TABLE OF AUTHORITIES ...................................... ii

PETITION FOR AN EXTRAORDINARY
WRIT .......................................................................... 1

    Introduction ......................................................... 1

    Reasons for Granting the Writ ............................ 2

    Argument .............................................................. 3

    Conclusion ............................................................ 7

APPENDICES ............................................................. 9

ii

# TABLE OF AUTHORITIES

Page

**Cases:**

*Cheney v. U.S. Dist. Court for D.C*
  542 U.S. 367 (2004)  ............................  4

*John Doe v. Univ. of Cincinnati*
  872 F.3d 393 (6th Cir. 2017)  .............................  5

*Kerr v. U.S. Dist. Court for N. Dist. of Cal.*
  426 U.S. 394 (1976)  ............................  4

*Logan v. Zimmerman Brush Co.*
  455 U.S. 422 (1982)  .......................................  4, 6

*Roe v. Adams-Gaston*
  No. 2:17-CV-945
  2018 WL 5306768 (S.D. Ohio Apr. 17,
  2018)  ......................................................  4

*Sampson v. Murray*
  415 U.S. 61 (1974)  ............................  6

*Winter v. Natural Res. Def. Council, Inc.*
  555 U.S. 7 (2008)  .................................  3

**Statutes:**

28 U.S.C. § 1292  ...................................  6

28 U.S.C. § 1651  ...................................  1

1

## Petition for an Extraordinary Writ

### Introduction

This Petition for an Extraordinary Writ, pursuant to Rule 20.2, is brought before the Supreme Court of the United States by Petitioner, Ian Hunter Lucas, against Respondents, the United States Sixth Circuit Court of Appeals and the United States District Court for the Middle District of Tennessee Nashville Division. The Petition seeks review of the decisions rendered by the lower courts, which are contested by the Petitioner on several grounds.

The nature of the case involves a dispute over the denial of a Temporary Restraining Order (TRO) and injunctive relief, which has led to significant legal disputes warranting the intervention of this Court. The decisions of the lower courts, specifically the denial of the TRO and the failure to rule on the motion for Preliminary and Permanent Injunction, are challenged on the basis that they represent a misapplication of the legal standard for irreparable harm and a failure to provide timely and reasoned decisions.

The legal basis for the Supreme Court's jurisdiction over this Petition is grounded in 28 U.S.C. § 1651(a), which authorizes the Court to grant extraordinary writs in cases of critical importance and where lower courts may have erred in their judgments. Statement of the Case

This petition for an extraordinary writ pursuant to Rule 20.2 is brought forth by Ian Hunter Lucas ("Petitioner") against the United States Sixth Circuit Court of Appeals and the United States District Court for the Middle District of Tennessee Nashville Division (collectively, "Respondents"). The case arises from a

2

dispute that has traversed the lower courts, culminating in a need for an extraordinary review by this Court.

The procedural history began with an initial filing by the Petitioner in the United States District Court for the Middle District of Tennessee Nashville Division. The case was subsequently appealed to the United States Sixth Circuit Court of Appeals. The decisions made by these courts have led to the current petition, seeking an extraordinary writ from the Supreme Court of the United States.

The facts of the case, as presented, detail the circumstances and events leading up to the petition. The Petitioner contends that the decisions of the lower courts are in error and seeks relief through this petition. This statement provides a comprehensive overview of the procedural journey and the factual background that supports the Petitioner's request for judicial review.

### Reasons for Granting the Writ

The Petition for an Extraordinary Writ, submitted to the Supreme Court of the United States by Petitioner Ian Hunter Lucas, seeks relief from the decisions rendered by the Respondent United States Sixth Circuit Court of Appeals and the Respondent United States District Court for the Middle District of Tennessee Nashville Division. The grounds for granting this extraordinary writ are rooted in the incorrect interpretation and application of the law by the lower courts, which has resulted in a significant miscarriage of justice.

The lower courts have erred in their interpretation and application of the law, leading to the denial of the temporary restraining order and injunctive relief sought by the Petitioner. This denial has not only ad-

3

versely affected the Petitioner's legal rights but also sets a concerning precedent that could impact the broader application of justice. The Supreme Court's intervention is necessary to correct these errors and to ensure that the law is applied correctly and fairly.

Granting the writ would serve not only to rectify the injustices experienced by the Petitioner but also to uphold the integrity of the judicial system by ensuring that lower courts adhere to correct legal principles and interpretations. It is imperative that the Supreme Court exercise its discretion to review and correct the lower courts' decisions to prevent further miscarriage of justice.

## Argument

This Court should reverse the district court's order because the district court made significant legal errors by denying the Temporary Restraining Order (TRO) and failing to rule on the motion for Preliminary and Permanent Injunction. The lower court's actions, or lack thereof, have caused substantial and irreparable harm, necessitating immediate appellate review for corrective action. The district court failed to provide a timely ruling on the motion for Preliminary and Permanent Injunction, leaving the Petitioner in a state of legal uncertainty and without necessary relief.

First, the denial of the TRO is fundamentally flawed as it rests upon a misapplication of the legal standard for irreparable harm. The Supreme Court in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), clarified that plaintiffs must demonstrate that irreparable harm is likely in the absence of an injunction. The district court, however, failed to adequately consider the substantial evidence presented by the Petitioner that demonstrated this likelihood.

4

This misapplication not only undermines the integrity of judicial decision-making but also leaves the Petitioner exposed to ongoing harm without the necessary judicial protection.

Moreover, the district court's lack of explanation for the denial of the TRO gravely undermines judicial transparency. *Cheney v. U.S. Dist. Court for D.C*, 542 U.S. 367, 379 (2004), and *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982), underscore the necessity for timely and reasoned decisions in matters involving significant rights. The district court's failure to provide a detailed rationale not only deprives the Petitioner of understanding the basis for the denial but also obstructs meaningful appellate review, thereby compromising the fairness and transparency that are fundamental to the judicial process.

The Petitioner accordingly seeks a Writ of Mandamus to compel the district court to act on the motion for Preliminary and Permanent Injunction and to reconsider the denial of the TRO, with particular attention to the accurate application of the principle of irreparable harm. The issuance of a Writ of Mandamus is appropriate here, as articulated in *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976), where the Court held that mandamus is warranted to correct a clear abuse of discretion or to compel an action that is required by law.

In the Sixth Circuit, precedent has been established regarding 'irreparable harm' in cases involving student expulsion and wrongful academic disciplinary processes. In the case of *Roe v. Adams-Gaston*, No. 2:17-CV-945, 2018 WL 5306768 (S.D. Ohio Apr. 17, 2018), Plaintiff Jane Roe1, a former student at The Ohio State University (OSU), was suspended and later expelled for alleged sexual misconduct. Roe filed a Motion for Preliminary Injunction, arguing that OSU

5

violated her constitutional right to procedural due process by not allowing her to cross-examine adverse witnesses during the university disciplinary hearings. The Court granted Roe's Motion for Preliminary Injunction, enjoining OSU from disciplining her based on the outcomes of the disciplinary proceedings.

Defendants contended that Roe's injury was speculative, arguing that it was unclear what actual harm Roe had suffered as a result of her dismissal (Mem. in Opp'n at 14, ECF No. 31). However, the Sixth Circuit had previously rejected a similar argument in University of Cincinnati, where the court noted that, without an injunction, "Doe would be suspended for a year and suffer reputational harm both on and off campus based on a finding rendered after an unfair hearing" (*John Doe v. Univ. of Cincinnati*, 872 F.3d 393, 407 (6th Cir. 2017)). The Court in Roe's case found that Defendants failed to distinguish their argument from the one previously rejected by the Sixth Circuit, concluding that Roe's injury was not speculative. Without an injunction, Roe would continue to be expelled and suffer significant reputational harm based on the outcome of hearings in which she was denied the opportunity to cross-examine adverse witnesses.

Similarly, the Petitioner in this case seeks prospective relief to halt a continuing federal law violation: an injunction to restore his legal status and prevent further actions that infringe on his rights. Just as the Court found that the Defendants likely violated Roe's due process rights by denying her cross-examination opportunities, the Petitioner argues that the denial of a Temporary Restraining Order and the failure to rule on the motion for Preliminary and Permanent Injunction represent misapplications of the legal standard for irreparable harm. This misapplication, similar to Roe's case, underscores the need for judicial in-

6

tervention to correct the lower courts' errors and ensure that due process and judicial fairness are upheld. The Petitioner, like Roe, relies on established legal principles to seek relief from ongoing and prospective harm caused by the lower courts' decisions.

Additionally, the Appellant has filed a separate motion for injunctive relief with the Sixth Circuit, given the district court's application of the same flawed standard of irreparable harm to the injunction request as it did to the TRO. Despite multiple motions and requests for hearings, the district court has not acted upon the motion for injunctive relief or held an evidentiary hearing, resulting in continued irreparable harm. This inaction effectively amounts to a denial of the requested relief, which is immediately appealable under 28 U.S.C. § 1292(a)(1), obviating the need for leave of the court for such an appeal. The district court's failure to rule within a reasonable time constitutes an abuse of discretion and a denial of due process. The Supreme Court in *Logan v. Zimmerman Brush Co.*, 455 U.S. at at 429, held that undue delays in judicial proceedings can violate due process rights. Furthermore, *Sampson v. Murray*, 415 U.S. 61, 88 (1974), emphasized the critical importance of prompt relief in cases involving irreparable harm. The district court's inaction has left the Petitioner in a state of legal limbo, exacerbating the harm suffered and undermining the principles of justice and equity. This Court must intervene to ensure that the Petitioner's rights are protected, and that due process is upheld.

For these reasons, this Court should reverse the District Court's denial of the Temporary Restraining Order and grant the motion for Preliminary and Permanent Injunction. The Petitioner further prays that

7

this Court expedite the review of this appeal to prevent any further irreparable harm and to uphold the principles of justice and equity.

## Conclusion

In summary, the arguments presented herein demonstrate the clear and pressing need for the Supreme Court of the United States to grant the Petitioner, Ian Hunter Lucas, the extraordinary writ. This action is necessary to correct the errors and oversights committed by the Respondent, United States Sixth Circuit Court of Appeals, and the Respondent, United States District Court for the Middle District of Tennessee Nashville Division, in the proceedings below.

The Petitioner respectfully requests that this Honorable Court issue the injunctive relief sought or take any other appropriate action deemed just and proper under the circumstances. Such measures are imperative to uphold the principles of justice and equity, and to ensure that the Petitioner is afforded the legal protections and remedies rightfully due.

8

Therefore, it is with earnest hope and respect that the Petitioner urges this Court to favorably consider this petition and grant the relief requested.

Pro Se Petitioner

Respectfully submitted to uphold the fundamental values of equal, fair, and unbiased access to justice

Jan H. Lucas

221 Charleston Avenue
Pleasant View, Tennessee, 37146-5500
Phone: 629-210-8215
Email: lucasianhunter@outlook.com

9

## Appendices

The Petition for an Extraordinary Writ submitted to the Supreme Court of the United States by Ian Hunter Lucas ("Petitioner") against the United States Sixth Circuit Court of Appeals and the United States District Court for the Middle District of Tennessee Nashville Division (collectively, "Respondents") shall include the following appendices:

- Complete copies of all opinions, orders, findings, and judgments from the lower courts relevant to the issues presented in this petition.

- A copy of any statute, regulation, or constitutional provision that is involved in the case, including any state statutes if the case involves questions of state law.

- Relevant case law and other legal authorities that the Petitioner relies upon in arguing for the granting of the extraordinary writ.

- Any other documentary evidence that the Petitioner deems necessary to support the petition.

10

All documents included in the appendices must be clearly labeled, paginated, and organized in a manner that facilitates easy reference by the Court.

Pro Se Petitioner

Respectfully submitted to reaffirm a fair opportunity to seek redress and protection under the law,

Ian H. Lucas

221 Charleston Avenue
Pleasant View, Tennessee, 37146-5500
Phone: 629-210-8215
Email: lucasianhunter@outlook.com

No. 24-5516

# In the United States Court of Appeals

# for the Sixth Circuit

LUCAS V. VANDERBILT UNIVERSITY

IAN HUNTER LUCAS

*Plaintiff—Appellant,*

v.

THE VANDERBILT UNIVERSITY

*Defendant-Appellee.*

On Appeal from the United States District Court
for the Middle District of Tennessee
No. 3:24-cv-00440
Hon. Waverly D. Crenshaw

## BRIEF FOR PLAINTIFF-APPELLANT

Ian H. Lucas
*Plaintiff-Appellant, Pro Se*
221 Charleston Ave
Pleasant View, Tennessee 37146
Telephone: 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
Email: lucasianhunter@outlook.com

## DISCLOSURE OF CORPORATE AFFILIATIONS AND
## FINANCIAL INTERESTS

Pursuant to 6th Cir. R. 26.1, Plaintiff-Appellant Ian H. Lucas makes the following disclosure:

Pursuant to 6th Cir. R. 26.1, Plaintiff-Appellant Ian H. Lucas makes the following disclosure:

1. Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

**No.**

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identify of such a corporation and the nature of the financial interest:

**No.**

Plaintiff-Appellant, Pro Se

Very Respectfully,

Dated: June 21, 2024              By:  /s/ Ian H. Lucas
                                      _____

                                      IAN H. LUCAS

                                      *Plaintiff-Appellant, Pro Se*
                                      221 Charleston Ave
                                      Pleasant View, Tennessee 37146
                                      Telephone: 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
                                      Email: lucasianhunter@outlook.com

# TABLE OF CONTENTS

Page

DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL
INTERESTS ........................................................................................... i

TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES ................................................................. iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT ......................... iv

APPELLANT'S BRIEF .......................................................................... 1

   JURISDICTIONAL STATEMENT ..................................................... 1

   STATEMENT OF THE ISSUES ......................................................... 2

   STATEMENT OF THE CASE ............................................................. 3

      A.   BACKGROUND .......................................................................... 3

      B.   PROCEDURAL HISTORY ........................................................... 3

   SUMMARY OF ARGUMENT ............................................................ 3

   ARGUMENT ...................................................................................... 6

    I.   LEGAL ERROR IN DISTRICT COURT'S FAILURE TO
       RULE ON THE MOTION FOR PRELIMINARY INJUNCTION ........... 6

      A.   STANDARD OF REVIEW ............................................................ 6

      B.   SUBSIDIARY LEGAL ARGUMENT ............................................. 7

    II.   ERROR IN INTERPRETATION AND APPLICATION OF
       STANDARD FOR IRREPARABLE HARM ............................................ 7

      A.   STANDARD OF REVIEW ............................................................ 7

      B.   SUBSIDIARY LEGAL ARGUMENT ............................................. 8

   III.   FAILURE TO RULE WITHIN REASONABLE TIME
       CONSTITUTES ABUSE OF DISCRETION ......................................... 8

      A.   STANDARD OF REVIEW ............................................................ 9

      B.   SUBSIDIARY LEGAL ARGUMENT ............................................. 9

   CONCLUSION ................................................................................. 10

CERTIFICATE OF COMPLIANCE .................................................... 12

CERTIFICATE OF SERVICE ............................................................. 13

## TABLE OF AUTHORITIES

Page

**Cases:**

*Cheney v. U.S. Dist. Court for D.C.*
   542 U.S. 367 (2004) ........................................................... 1, 4, 7

*Kerr v. U.S. Dist. Court for N. Dist. of Cal.*
   426 U.S. 394 (1976) ................................................................. 5

*Logan v. Zimmerman Brush Co.*
   455 U.S. 422 (1982) ..................................................... 1, 4, 5, 9

*Nken v. Holder*
   556 U.S. 418 (2009) ................................................................. 8

*Sampson v. Murray*
   415 U.S. 61 (1974) .............................................................. 5, 9

*Winter v. Natural Res. Def. Council, Inc.*
   555 U.S. 7 (2008) ............................................................... 4, 8

**Statutes:**

18 U.S.C. § 3742 ..................................................................... 1

28 U.S.C. § 1291 ..................................................................... 1

28 U.S.C. § 1292 ..................................................... 1, 2, 5, 6, 8

**Court Rules:**

Fed. R. App. P. 4 .................................................................... 1

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

Pursuant to Federal Rule of Appellate Procedure 34(a) and Sixth Circuit Rule 34(a), Appellant respectfully requests oral argument. This appeal presents important questions concerning the district court's denial of a Temporary Restraining Order and failure to rule on the motion for Preliminary and Permanent Injunction. These are important, novel questions, and a robust discussion of the issues at oral argument will substantially assist the Court in its consideration of this appeal. Oral argument would allow the Court to clarify its understanding of the facts and explore the appellant's contentions in greater detail.

Plaintiff-Appellant, Pro Se

Very Respectfully,

Dated: June 21, 2024          By:  /s/ Ian H. Lucas

IAN H. LUCAS

*Plaintiff-Appellant, Pro Se*
221 Charleston Ave
Pleasant View, Tennessee 37146
Telephone: 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
Email: lucasianhunter@outlook.com

iv

## APPELLANT'S BRIEF

## JURISDICTIONAL STATEMENT

The district court had subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a) because the appeal is brought under the Constitution, laws, or treaties of the United States. This appeal falls within the jurisdiction of the U.S. Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1291, which grants the courts of appeals jurisdiction over all final decisions of the district courts. Additionally, under 28 U.S.C. § 1292(a), jurisdiction extends to the review of interlocutory orders involving injunctions.

The district court entered the order denying the Temporary Restraining Order on 01/15/2024. Ian Hunter Lucas filed a notice of appeal on 01/17/2024. This appeal is timely pursuant to Federal Rules of Appellate Procedure 4(a)(1)(A), which requires that a notice of appeal in a civil case be filed within 30 days after entry of the judgment or order appealed from. This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) because the appeal is from an interlocutory order involving the refusal to grant an injunction. Despite the urgency and substantial evidence presented, the district court denied the Temporary Restraining Order (TRO) on 01/15/2024.

Subsequently, the district court has failed to rule on the motion for a preliminary injunction, the motion for an evidentiary hearing, the motion for reconsideration, and the motion to ascertain status. *Under Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. 367, 379 (2004), and *Logan v. Zimmerman Brush Co.*,

455 U.S. 422, 429 (1982), the Supreme Court has emphasized the importance of timely judicial decisions in matters involving significant rights, indicating that undue delays in judicial proceedings can constitute a denial of due process. Additionally, under 28 U.S.C. § 1292(a)(1), the statute provides for interlocutory appeals of orders refusing injunctions without the need for leave of the court.

The failure of the district court to act on the plaintiff's motions, including the motion for a preliminary injunction, effectively amounts to a denial of injunctive relief, which is immediately appealable under this provision. The district court's inaction has resulted in a de facto denial of the requested relief, leaving the Plaintiff-Appellant in a state of legal uncertainty and continuing harm.

## STATEMENT OF THE ISSUES

I. Whether the United States District Court for the Middle District of Tennessee committed legal error by failing to issue a decision on the motion for a preliminary injunction after denying the Temporary Restraining Order sought by Ian Hunter Lucas.

II. Whether the District Court erred in its interpretation and application of the standard for irreparable harm in denying the Temporary Restraining Order and subsequently not deciding on the motion for preliminary and permanent injunctions.

III. Whether the district court's failure to rule on the motion for preliminary and permanent injunction within a reasonable time frame constitutes an abuse of discretion or a denial of due process under the U.S. Constitution

## STATEMENT OF THE CASE

### A.   BACKGROUND

The Petitioner, Ian Hunter Lucas, sought immediate relief through a Temporary Restraining Order (TRO) to prevent irreparable harm pending the resolution of the underlying dispute. Despite presenting substantial evidence to support the motion, the district court denied the TRO without a detailed explanation and has yet to rule on the motion for Preliminary and Permanent Injunction.

### B.   PROCEDURAL HISTORY

The case originated in the United States District Court for the Middle District of Tennessee, where the Petitioner, Ian Hunter Lucas, filed a motion for a TRO and a motion for Preliminary and Permanent Injunction. The district court denied the motion for the TRO and has yet to rule on the motion for Preliminary and Permanent Injunction. Subsequently, the Petitioner filed a Petition for Writ of Mandamus and an appeal with the U.S. Court of Appeals for the Sixth Circuit to address these issues.

## SUMMARY OF ARGUMENT

This Court should reverse the district court's order because the district court made significant legal errors by denying the Temporary Restraining Order (TRO) and failing to rule on the motion for Preliminary and Permanent Injunction. The lower court's actions, or lack thereof, have caused substantial and irreparable harm,

necessitating immediate appellate review for corrective action. The district court failed to provide a timely ruling on the motion for Preliminary and Permanent Injunction, leaving the Petitioner in a state of legal uncertainty and without necessary relief.

First, the denial of the TRO is fundamentally flawed as it rests upon a misapplication of the legal standard for irreparable harm. The Supreme Court in *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), clarified that plaintiffs must demonstrate that irreparable harm is likely in the absence of an injunction. The district court, however, failed to adequately consider the substantial evidence presented by the Petitioner that demonstrated this likelihood. This misapplication not only undermines the integrity of judicial decision-making but also leaves the Petitioner exposed to ongoing harm without the necessary judicial protection.

Moreover, the district court's lack of explanation for the denial of the TRO gravely undermines judicial transparency. *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. at 379, and *Logan v. Zimmerman Brush Co.*, 455 U.S. at 429, underscore the necessity for timely and reasoned decisions in matters involving significant rights. The district court's failure to provide a detailed rationale not only deprives the Petitioner of understanding the basis for the denial but also obstructs meaningful appellate review, thereby compromising the fairness and transparency that are fundamental to the judicial process.

The Petitioner accordingly seeks a Writ of Mandamus to compel the district court to act on the motion for Preliminary and Permanent Injunction and to

reconsider the denial of the TRO, with particular attention to the accurate application of the principle of irreparable harm. The issuance of a Writ of Mandamus is appropriate here, as articulated in *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976), where the Court held that mandamus is warranted to correct a clear abuse of discretion or to compel an action that is required by law.

Additionally, the Appellant has filed a separate motion for injunctive relief with the Sixth Circuit, given the district court's application of the same flawed standard of irreparable harm to the injunction request as it did to the TRO. Despite multiple motions and requests for hearings, the district court has not acted upon the motion for injunctive relief or held an evidentiary hearing, resulting in continued irreparable harm. This inaction effectively amounts to a denial of the requested relief, which is immediately appealable under 28 U.S.C. § 1292(a)(1), obviating the need for leave of the court for such an appeal.

The district court's failure to rule within a reasonable time constitutes an abuse of discretion and a denial of due process. The Supreme Court in *Logan v. Zimmerman Brush Co.*, 455 U.S. at 429, held that undue delays in judicial proceedings can violate due process rights. Furthermore, *Sampson v. Murray*, 415 U.S. 61, 88 (1974), emphasized the critical importance of prompt relief in cases involving irreparable harm. The district court's inaction has left the Petitioner in a state of legal limbo, exacerbating the harm suffered and undermining the principles of justice and equity. This Court must intervene to ensure that the Petitioner's rights are protected, and that due process is upheld.

For these reasons, this Court should reverse the District Court's denial of the Temporary Restraining Order and grant the motion for Preliminary and Permanent Injunction. The Petitioner further prays that this Court expedite the review of this appeal to prevent any further irreparable harm and to uphold the principles of justice and equity.

## ARGUMENT

## I.  LEGAL ERROR IN DISTRICT COURT'S FAILURE TO RULE ON THE MOTION FOR PRELIMINARY INJUNCTION

The Petitioner, Ian Hunter Lucas, sought immediate relief to prevent irreparable harm pending the resolution of the underlying dispute by filing a motion for a TRO in the district court. Despite the urgency and substantial evidence presented, the district court denied the motion without a detailed explanation and has yet to rule on the motion for Preliminary and Permanent Injunction.

### A.  STANDARD OF REVIEW

Under 28 U.S.C. § 1292(a), jurisdiction extends to the review of interlocutory orders from district courts that involve the granting, continuation, modification, refusal, or dissolution of injunctions, or refusal to modify or dissolve injunctions, in significant matters where an immediate appeal is necessary to protect the rights of the parties.

### B.   SUBSIDIARY LEGAL ARGUMENT

The denial of the TRO and the lack of a timely ruling on the Motion for Preliminary and Permanent Injunction are contrary to established legal standards and precedents. In *Cheney v. U.S. Dist. Court for D.C.*, 542 U.S. at 379, the Supreme Court emphasized the importance of timely judicial decisions in matters involving significant rights. Immediate and interim relief is necessary to prevent irreparable harm resulting from the delay in adjudication. The Petitioner argues that the lower court's actions, or lack thereof, have caused significant harm and necessitate immediate appellate intervention to ensure that justice is served.

## II.   ERROR IN INTERPRETATION AND APPLICATION OF STANDARD FOR IRREPARABLE HARM

The Petitioner, Ian Hunter Lucas, presented substantial evidence indicating the likelihood of irreparable harm if the Temporary Restraining Order (TRO) was not granted. Despite this, the district court denied the TRO without providing a detailed explanation or addressing the evidence of irreparable harm. Additionally, the district court has not ruled on the motion for Preliminary and Permanent Injunction, leaving the Petitioner in a state of uncertainty.

### A.   STANDARD OF REVIEW

The standard for reviewing the denial of a TRO and the failure to rule on a motion for preliminary and permanent injunction involves determining whether the district court abused its discretion or misapplied the legal standards for irreparable

7

harm. Under 28 U.S.C. § 1292(a), the appellate court has jurisdiction to review interlocutory orders related to injunctions to ensure that legal standards are correctly applied.

## B.  SUBSIDIARY LEGAL ARGUMENT

The district court's denial of the TRO and failure to rule on the preliminary and permanent injunctions constitute an abuse of discretion and misapplication of the legal standards for irreparable harm. In *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. at 20, the Supreme Court clarified that plaintiffs must demonstrate that irreparable harm is likely in the absence of an injunction. The Petitioner provided substantial evidence demonstrating this likelihood, which the court failed to adequately consider. Additionally, *Nken v. Holder*, 556 U.S. 418, 435 (2009), reiterated the necessity of considering the balance of harms and public interest in such decisions. This inaction has significantly harmed the Petitioner and warrants corrective action by the appellate court.

## III.  FAILURE TO RULE WITHIN REASONABLE TIME CONSTITUTES ABUSE OF DISCRETION

The Petitioner, Ian Hunter Lucas, has been waiting for a ruling on the motion for Preliminary and Permanent Injunction for an extended period. The district court's inaction has left the Petitioner in a state of legal uncertainty and without the

relief sought to prevent ongoing harm. This delay raises concerns about the abuse of discretion and potential violation of due process rights under the U.S. Constitution.

### A.  STANDARD OF REVIEW

The standard of review for determining whether a delay in ruling constitutes an abuse of discretion or a denial of due process involves assessing whether the delay was unreasonable and whether it resulted in prejudice to the parties involved. The appellate court must consider whether the district court's inaction denied the Petitioner a fair and timely adjudication of their rights.

### B.  SUBSIDIARY LEGAL ARGUMENT

The extended delay in ruling on the motion for Preliminary and Permanent Injunction constitutes an abuse of discretion and a denial of due process. In *Logan v. Zimmerman Brush Co.*, 455 U.S. at 429, the Court held that undue delays in judicial proceedings can violate due process rights. The Petitioner has been deprived of timely relief, which has exacerbated the harm suffered. Further, in *Sampson v. Murray*, 415 U.S. at 88, the Court emphasized the critical importance of prompt relief in cases involving irreparable harm. The district court's failure to act within a reasonable timeframe undermines the principles of justice and equity, necessitating intervention by the appellate court to ensure that the Petitioner's rights are protected, and that due process is upheld.

## CONCLUSION

For all the foregoing reasons, this Court should reverse the District Court's denial of the Temporary Restraining Order and grant the motion for Preliminary and Permanent Injunction. The district court's misapplication of the legal standard for irreparable harm, coupled with its failure to provide a detailed explanation for its denial, undermines the integrity of judicial decision-making and transparency. Furthermore, the district court's inaction on the motion for a preliminary injunction, despite the substantial evidence and multiple motions presented, constitutes an abuse of discretion and a denial of due process. This inaction has left the Petitioner in a state of ongoing harm and legal uncertainty, necessitating immediate appellate intervention.

The Petitioner respectfully requests that this Court issue a Writ of Mandamus to compel the district court to act on the motion for Preliminary and Permanent Injunction and to reconsider the denial of the TRO with proper application of the principle of irreparable harm. Additionally, the Petitioner has filed a separate motion for injunctive relief with the Sixth Circuit, highlighting the district court's continued inaction and the resulting irreparable harm.

The urgency of this matter cannot be overstated. The district court's failure to act promptly and in accordance with established legal standards has exacerbated the Petitioner's harm and violated fundamental principles of justice and equity. Therefore, the Petitioner prays that this Court expedite the review of this appeal to prevent any further irreparable harm and to uphold the rule of law.

Plaintiff-Appellant, Pro Se

Respectfully submitted,

Dated: June 18, 2024                    By: /s/ Ian H. Lucas

IAN H. LUCAS

*Plaintiff-Appellant, Pro Se*
221 Charleston Ave.
Pleasant View, Tennessee 37146
Telephone: 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
Email: lucasianhunter@outlook.com

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **2,220 words**, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface, **14-pt Times New Roman**, using TypeLaw.com's legal text editor.

Dated: June 18, 2024                    By:  /s/ Ian H. Lucas

12

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the pro se appellate email provided by the clerk of whom will file the following accordingly with the CM/ECF system on June 18, 2024.

I certify that all participants in the case are registered CM/ECF users, and that service will be accomplished by the appellate CM/ECF system once filed by the Clerk.

Dated: June 18, 2024                    By:  /s/ Ian H. Lucas

13

## ADDENDUM: DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS PURSUANT TO 6TH CIR. R. 30(B)

| RECORD ENTRY NUMBER | DESCRIPTION OF ITEM | FILING DATE | PAGE ID # |
|---|---|---|---|
| [1] | Complaint | 01/05/2024 | PAGE ID #1 |
| [2] | Motion for TRO | 01/10/2024 | PAGE ID #15 |
| [3] | Memorandum and Order [Denial of TRO] | 01/15/2024 | PAGE ID #20 |
| [4] | Motion for Preliminary Injunction | 01/20/2024 | PAGE ID #25 |
| [5] | Motion for Reconsideration | 05/13/2024 | PAGE ID #16 |
| [6] | Motion for Hearing | 01/20/2024 | PAGE ID #19 |
| [7] | Motion to Ascertain Status | 06/03/2024 | PAGE ID #57 |
| [8] | Motion to Amend Complaint | 05/30/2024 | PAGE ID #56 |
| [9] | Motion for Recusal | 06/10/2024 | PAGE ID #60 |

A1

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IAN HUNTER LUCAS, Pro Se | |
| Plaintiff(s), | Case No. 3:24-cv-00440 |
| v. | Judge Waverly D. Crenshaw, Jr |
| | Magistrate Judge Alistair E. Newbern |
| MARY ANN JESSEE et al., | |
| Defendant(s). | |

## PLAINTIFF'S MOTION FOR RECONSIDERATION OF MEMORANDUM OPINION AND ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER

Ian Hunter Lucas ("Plaintiff"), proceeding pro se, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and Local Rule 7.01(g) of the United States District Court for the Middle District of Tennessee, respectfully moves this Honorable Court to reconsider its Memorandum Opinion and Order dated May 9, 2024, denying Plaintiff's Emergency Motion for Temporary Restraining Order (the "Order," Docket No. 26). Plaintiff contends that this Court should vacate the aforementioned Order on the grounds that there has been a clear error of law affecting the outcome of the Court's decision. In support of this motion for reconsideration, Plaintiff submits the following arguments and authorities.

I. BACKGROUND

A brief recitation of the factual and procedural background relevant to the motion at hand is warranted to contextualize the bases upon which the motion is predicated.

On May 8, 2024, Plaintiff filed an Emergency Motion for Temporary Restraining Order, seeking injunctive relief due [to] the harm he was sustaining from the actions of Defendants as agents and representatives of Vanderbilt University, and affiliated parties (collectively, "Defendants"). This Court, after due consideration, issued a Memorandum Opinion and Order on May 9, 2024, in which the Court

denied the Plaintiff's motion. The Court found, inter alia, that Plaintiff had not demonstrated a likelihood of irreparable harm in the absence of such injunctive relief.

Plaintiff now moves for reconsideration of the Order, principally on the grounds to correct a clear error of law with respect to the irreparable harm standard as applied in this matter.

## II. STANDARD FOR RECONSIDERATION

The Federal Rules of Civil Procedure permit a court to alter or amend a judgment upon motion and just terms, filed no later than 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). A motion for reconsideration can be granted for several reasons, including the availability of new evidence that was previously unavailable, an intervening change in controlling law, or the need to correct a clear error or prevent manifest injustice. GenCorp, Inc. v. American Intern. Underwriters, 178 F.3d 804, 834 (6th Cir. 1999).

In adherence with these provisions and out of respect for the judicial process, Plaintiff now brings forth this Motion for Reconsideration, believing in good faith that such grounds for reconsideration as recognized by the Court and the pertinent legal authorities duly apply to the present circumstances.

## III. ARGUMENT

A. There Has Been a Clear Error in the Application of the Law Regarding Irreparable Harm Analysis

The mere occurrence of harm does not, in isolation, constitute the requisite legal standard for the issuance of the extraordinary relief of a temporary restraining order or preliminary injunction. Rather, the harm must be of such a character that it is irreparable; that it cannot be adequately remedied or compensated in damages. Berridge v. Heiser, 993 F.2d 517, 519 (6th Cir. 1993).

1. The Court's Memorandum Opinion, while comprehensive, did not adequately address the ongoing effects of discrimination and retaliation against the Plaintiff, emanating from the actions of the Defendants. Plaintiff contends that the Court's analysis was overly confined to prior, discrete incidents, without due regard for the continuous and accumulative prejudice being suffered by the Plaintiff, particularly with respect to his reputation and future career prospects.

2. Existing precedent within the jurisdiction of the Sixth Circuit acknowledges that certain types of injuries, such as damage to reputation and the chilling effect on future employment opportunities, are categorically irreparable in nature. Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir. 1998). Where a party can show that its reputation is being tarnished, and such tarnishment is likely to dissuade future employers or associates, relief may be warranted even if some time has elapsed since the initiation of the harmful conduct. In other words, continuing harm of this nature inherently extends beyond past actions and requires urgent judicial redress to prevent ongoing and future injury. Since December 4th, 2024, the Plaintiff has faced continuing and immediate injury, loss, or damage that is likely to ensue before the Defendants can adequately be heard in opposition. Such extraordinary circumstances unequivocally mandate the issuance of a Temporary Restraining Order (TRO). It is an incontrovertible fact that law obligates the Plaintiff to exhaust all internal administrative appeals; nonetheless, when such processes are being fraudulently influenced or otherwise manipulated by the Defendants, the perpetuation of these irreparable harms cannot be disregarded.

3. The Plaintiff has indubitably incurred irremediable injury by being obligated to repay student loans exceeding $200,000, plus accruing interest, for an education unjustifiably denied and terminated — a scenario institutionally orchestrated by the Defendants. Entrapped in his final semester, the Plaintiff was deprived of the anticipated educational outcome and subsequent financial income to repay such debts, thereby exacerbating the severity of the inflicted harms, and underscoring the need for swift corrective legal intervention.

4. Critical to the reconsideration of this matter is Exhibits, extracted from metadata, which unveils a communication from the Vanderbilt University Medical Center Privacy Office. This correspondence unmistakably attests that the academic measures wielded against Plaintiff were not engendered by any legitimate privacy breach, thus undermining the basis for Plaintiff's academic expulsion. Additionally transcripts from the interview with Defendant Newsome and Plaintiff which demonstrated that Plaintiff did not provide a false statement about firearms and that the Student Accountability allegations were all falsified to create a constructed expulsion, to the point that Defendant

Neil Jamerson himself of whom is an overseeing Dean of such process, submitted an "allegation" *ex parte* after Lucas requested Jamerson be recused from the process due to not providing Lucas a reason for the ongoing campus restriction which was never provided to Lucas to this date. This revelation strikes at the heart of Plaintiff's likelihood to prevail on the merits, demanding a rigorous reappraisal of the Court's prior judgment.

5. In the preceding judgment rendered by this estimable Court, there appears to have subsisted an inadvertence to fully weigh the pervasive retaliatory stratagems engaged by the Defendants, marked notably by whistleblower retaliatory conduct, intimidation of witnesses, and the propagation of defamatory statements. The elaborate scheme of retribution pursued by the Defendants incepted posthaste on December 4th, 2023, with consecutive acts sustaining these interrogable tactics, inclusive of an episode amounting to a presumed infringement of not just refusal to allow Plaintiff to see his educational records as mandated by the Family Educational Rights and Privacy Act (FERPA) but Defendants refusal to provide Plaintiff with mandated provisions as required under Title III and Title IX. These orchestrated reprisals, as evinced by a carefully documented chronology of events, impart significant gravity to the Plaintiff's case and inherently call for a deeper scrutiny as applied by the Court, which was ostensibly deficient in the prior adjudication.

6. It is on this pivotal point that Plaintiff urges the Court to reconsider its application of the irreparable harm analysis. It is the Plaintiff's position that the Respondent Court, when issuing the Order, did not fully contemplate the enduring and prospective harm being inflicted upon him as a plausible outcome of the Defendants' conduct. The Plaintiff respectfully submits that this constitutes an error of law, which, in the interest of justice and equity, necessitates a reassessment of the circumstances under the correct legal standard.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the Court grant this Motion for Reconsideration, set aside the previously entered order, and issue a new order providing relief commensurate with Plaintiff's present circumstances and supported by the law and equity.

Respectfully submitted for reconsideration on the merits of the request for upon this court to issue upon its authority a temporary order of restriction in which will allow the plaintiff some relief in the actions that the defendants have caused in the conspiring of a unethical and what the evidence will reveal as not at face value the assessment that should be given for defendants creditability.

Respectfully requesting reconsideration and a equitable review of all merits and previously submitted exhibits with other fillings, this 10th day of May 2024

_____

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that I filed the foregoing MOTION on the Court's CM/ECF system on this 9th of MAY 2024

which forwarded a copy to:

Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760
*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

Kevin C. Klein (#23301)
Jeffrey W. Sheehan (#33534)
KLEIN SOLOMON MILLS, PLLC
1322 4th Avenue North
Nashville, Tennessee 37208
(615) 600-4780
*Attorneys for Defendants: Mary Ann Jessee, Michelle
Tellock, Joel Newsome, Melissa Porter, G.L. Black,
Neil Jamerson, Jeremy Bourgoin, Mavis Schorn,
Pamela Jefferies, E. Jacob Cummings, Jill Harris,
Heather Robbins, Cate Enstrom, Angela Weaver,
Mary Roy, Michael Fazi, and Feylyn Lewis*

Submitted May 9, 2024

_____

Ian Hunter Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, Tennessee, 37146
910-872-3577 (Mobile)
lucasianhunter@outlook.com