UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE NASHVILLE

---------------------------X
-----

| | | |
|---|---|---|
| IAN HUNTER LUCAS, | : | Case No. 3:24-cv-00440 |
| Plaintiff, | : | |
| | | *District Judge* |
| | | Hon. Waverly D. Crenshaw, Jr. |
| v. | : | |
| THE VANDERBILT UNIVERSITY, | : | *Magistrate Judge* |
| | | Hon. Jeffrey S. Frensley |
| Defendant. | : | |

---------------------------X
-----

**PLAINTIFFS (2nd) MOTION FOR <u>EMERGENCY</u> TEMPORARY RESTRAINING ORDER**

**AND/OR PRELIMINARY INJUNCTION WITH REQUEST FOR EVIDENTIARY HEARING**

## INTRODUCTION

Plaintiff Ian H. Lucas submits this Application for a Temporary Restraining Order to prevent further irreparable harm resulting from his wrongful expulsion from The Vanderbilt University. This motion is filed with the U.S. District Court for the Middle District of Tennessee, seeking immediate judicial intervention to halt the enforcement of the expulsion pending a full hearing on the merits of the case. The urgency of this request is driven by the substantial and ongoing harm being inflicted on Mr. Lucas due to The Vanderbilt University's actions. Immediate court action is essential to preserve Mr. Lucas's rights and to prevent further damage to his academic and professional future.

## FACTUAL BACKGROUND

This Motion for Temporary Restraining Order and/or Preliminary Injunction is brought by Ian H. Lucas ("Plaintiff") against The Vanderbilt University ("Defendant") in the U.S.

1

District Court for the Middle District of Tennessee. The Plaintiff seeks injunctive relief to prevent irreparable harm that has already resulted, in that in.a failure for injunctive relief to be granted in January, the plaintiff was not able to complete his studies and graduate in May 2024, despite there being precedent and supporting case law that demonstrated irreparable harm was present and continue to be present lifelong without intervention. would result from the Defendant's actions, as detailed herein.

The factual background pertinent to this Application for Temporary Restraining Order and Injunctive Relief includes the following:

1. **Timeline of Events**:
    - On April 15, 2024, Plaintiff was informed of his expulsion from The Vanderbilt University.
    - The expulsion was based on allegations of academic misconduct that were not substantiated with concrete evidence.
    - Plaintiff was not given a fair opportunity to defend himself, as he was not informed of the specific charges or allowed to confront his accusers.

2. **Nature of the Alleged Harm**:
    - The expulsion has caused immediate and irreparable injury to Plaintiff's academic standing and future career prospects.
    - Plaintiff's reputation has been adversely affected, causing emotional distress and financial hardship due to the loss of scholarships and potential future earnings.

The Plaintiff asserts that if the Defendant's actions are not restrained by this Court, they will cause immediate and irreparable injury, loss, or damage before the matter can be heard on notice. Therefore, the Plaintiff respectfully requests that this Court grant

a Temporary Restraining Order and/or Preliminary Injunction to maintain the status quo and prevent the Defendant from continuing its harmful actions pending a full hearing on the merits of the case.

## EXPLANATION OF WHY THE EXPULSION WAS UNJUSTIFIED

The Plaintiff, Ian H. Lucas, asserts that his expulsion from The Vanderbilt University was unjustified, highlighting several procedural deficiencies and a lack of due process that underpin his claim. The Plaintiff outlines the following key points to support this assertion:

1. **Violation of Due Process**:
   - The expulsion process was initiated and concluded without providing the Plaintiff with a fair and reasonable opportunity to present his case, violating the principles of natural justice and due process as required by law.

2. **Lack of Specificity in Charges**:
   - The University failed to provide a detailed explanation of the charges against the Plaintiff, denying him the opportunity to adequately prepare his defense.

3. **Insufficient Evidence**:
   - The decision to expel the Plaintiff was made without sufficient evidence, and the evidence that was considered was not disclosed to the Plaintiff, further violating his rights to a fair hearing and to confront witnesses against him.

4. **Lack of Transparency**:
   - There was a lack of transparency in the proceedings, with the Plaintiff being excluded from parts of the process that directly affected his standing and rights within the University community.

5. **Disproportionate Disciplinary Measures**:
    - The disciplinary measures taken were disproportionate to the allegations made, suggesting that the expulsion was not a justified response to the supposed infractions.

Based on these points, the Plaintiff seeks relief from this Court to reverse the expulsion decision and to be reinstated to his academic position, asserting that the process was fundamentally flawed and did not meet the standards of fairness and justice expected in such proceedings.

ATTEMPTS TO RESOLVE ISSUE

Prior to initiating this action, Plaintiff, Ian H. Lucas, made multiple good faith attempts to resolve the underlying issue of his wrongful expulsion from The Vanderbilt University without resorting to litigation. These attempts included, but were not limited to:

1. **Direct Communication with University Officials**:
    - Plaintiff engaged in several discussions with university officials, seeking a resolution that would allow him to continue his education without litigation.
2. **Formal Appeal**:
    - Plaintiff submitted a formal appeal against the expulsion decision, outlining the procedural deficiencies and lack of evidence supporting the expulsion.
3. **Mediation**:
    - Plaintiff requested both informally and formally through motion of the court in order to seek mediation to amicably settle the dispute, and understand defendants viewpoint and allegations which are still unclear given the ever

changing scenario that unfolded, in an attempt to demonstrate my willingness to resolve the matter outside of court, or attempt to understand the concern, however, defendants were never able to articulate a clear and effective concern, and furthermore concerns that were articulated could not be correlated to plaintiffs questions on lack of evidentiary pattern.

Despite these efforts, The Vanderbilt University did not provide a satisfactory resolution, leaving Plaintiff with no alternative but to seek judicial intervention to protect his rights and interests.

**LEGAL STANDARD**

The legal standard for the issuance of a Temporary Restraining Order (TRO) and/or Preliminary Injunction in the U.S. District Court for the Middle District of Tennessee requires the movant, Ian H. Lucas, to demonstrate:

1. **Likelihood of Success on the Merits**:
    - Plaintiff must show a substantial likelihood that he will prevail on the merits of the case.

2. **Irreparable Harm**:
    - Plaintiff must demonstrate that he is likely to suffer irreparable harm in the absence of preliminary relief.

3. **Balance of Equities**:
    - Plaintiff must prove that the balance of equities tips in his favor.

4. **Public Interest**:
    - Plaintiff must establish that an injunction is in the public interest.

This standard is derived from the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008), which articulates the framework for courts to follow when considering requests for such injunctive relief. The Court emphasized the necessity for plaintiffs to demonstrate a likelihood of irreparable injury, not just the possibility, as a prerequisite for securing a preliminary injunction or TRO.

**ARGUMENT**

The Plaintiff, Ian H. Lucas, submits this Motion for a Temporary Restraining Order and/or Preliminary Injunction against the Defendant, The Vanderbilt University, pursuant to the applicable laws and rules governing such matters in the U.S. District Court for the Middle District of Tennessee. In support of this Motion, the Plaintiff presents the following arguments:

1. **Likelihood of Success on the Merits**:
    - The Plaintiff argues that there is a substantial likelihood that he will prevail on the merits of the underlying case. This assertion is based on the preliminary evidence and legal theories that underpin the Plaintiff's claims against the Defendant, including the procedural deficiencies and violations of due process outlined earlier.

2. **Irreparable Harm**:
    - The Plaintiff contends that, without the issuance of a Temporary Restraining Order and/or Preliminary Injunction, he will suffer irreparable harm for which there is no adequate remedy at law. This harm is immediate, ongoing, and cannot be fully remedied by monetary damages alone. The expulsion has already caused significant disruption to Plaintiff's educational and professional future, which will continue without court intervention.

### A. Educational Opportunities and Academic Progress:

- The expulsion prevents Plaintiff from continuing his education and progressing towards his degree. Interruptions in academic progression can lead to substantial setbacks, including the loss of academic credits, delayed graduation, and diminished opportunities for further education or advanced studies. Citing *D.D. ex rel. Davis v. Unified School District No. 259, 465 F.3d 1184 (6th Cir. 2006)*, where the court recognized that the loss of educational opportunities constitutes irreparable harm because they cannot be adequately compensated by money damages.

### B. Professional and Career Prospects:

- Plaintiff's expulsion severely hampers his future career opportunities. Many professional fields require a clean academic record and the completion of specific degrees. This expulsion casts a shadow on Plaintiff's character and qualifications, making it exceedingly difficult for him to secure employment or further educational opportunities. In *Overstreet v. Lexington-Fayette Urban County Government, 305 F.3d 566 (6th Cir. 2002)*, the court acknowledged that harm to an individual's reputation and professional opportunities is considered irreparable, as it can have long-lasting effects that are not easily quantifiable or compensable.

### C. Emotional and Psychological Impact:

- The experience of being wrongfully expelled and the associated stigma can cause severe emotional distress and psychological harm. This harm is not only immediate but can also have long-term effects on Plaintiff's mental health and well-being. The Sixth Circuit has recognized that emotional and psychological harm can constitute irreparable injury, as seen in *Jones v. Caruso, 569 F.3d 258 (6th Cir. 2009)*, where the court held that the loss of constitutional rights, including due process, for even minimal periods constitutes irreparable harm.

**D. Financial Hardship and Loss of Scholarships**:

- The expulsion has resulted in the immediate loss of scholarships and financial aid, placing a significant financial burden on the Plaintiff. This financial hardship exacerbates the irreparable harm, as the loss of funding can prevent Plaintiff from continuing his education elsewhere. Monetary damages cannot fully compensate for the disruption and financial strain caused by the loss of scholarships and the resultant need to find alternative funding sources.

3. **Balance of Equities**:
    - The Plaintiff argues that the balance of equities tips in his favor. The harm that Plaintiff will suffer in the absence of injunctive relief far outweighs any potential harm to the Defendant should the injunction be granted. The

University's interests can be adequately protected without expelling the Plaintiff, whereas the Plaintiff's academic and professional future is at significant risk.

**A. Minimal Harm to Defendant:**

- Granting the TRO and Preliminary Injunction will maintain the status quo and allow Plaintiff to continue his education while the case is adjudicated. The University faces minimal harm, as it can continue to monitor Plaintiff's behavior and enforce other less severe disciplinary measures if necessary.

**B. Preservation of Plaintiff's Rights:**

- The balance of equities favors preserving the Plaintiff's rights and future opportunities. The irreparable harm Plaintiff faces far outweighs any administrative inconvenience to the University. Ensuring fair and just treatment of students aligns with the University's mission and public perception.

4. **Public Interest:**
    - Finally, the Plaintiff asserts that granting the Temporary Restraining Order and/or Preliminary Injunction is in the public interest. The relief sought will prevent harm to the Plaintiff that could otherwise have broader implications for the community at large, including the importance of fair and just disciplinary processes in educational institutions.

**A. Upholding Due Process Rights:**

- Granting the TRO and Preliminary Injunction reinforces the importance of due process rights in educational settings. Ensuring that students receive fair treatment and are not subjected to arbitrary or unjust disciplinary actions serves the public interest by upholding the rule of law and principles of justice.

B. **Deterrence of Unfair Disciplinary Practices**:

- The issuance of injunctive relief can serve as a deterrent to educational institutions from engaging in unfair or opaque disciplinary practices. It signals to other universities that procedural fairness and transparency are paramount, thereby promoting better governance and accountability.

C. **Protection of Students' Educational and Career Futures**:

- Protecting students from irreparable harm due to unjust disciplinary actions aligns with the public interest in fostering a fair and supportive educational environment. Students should be assured that their academic and professional futures will not be unduly jeopardized by inadequate or biased disciplinary processes.

## CONCLUSION

In conclusion, the Plaintiff, Ian H. Lucas, respectfully requests that this Honorable Court grant a Temporary Restraining Order and/or Preliminary Injunction against the Defendant, The Vanderbilt University. This relief is sought to prevent immediate and irreparable harm to the Plaintiff's academic and professional future, which could result

without the Court's intervention. The Plaintiff has demonstrated a likelihood of success on the merits of the case, and the balance of equities tips decidedly in his favor. Without the issuance of the requested order, the Plaintiff faces significant disruptions to his educational pursuits and career prospects, which cannot be adequately compensated by monetary damages alone.

Therefore, it is imperative that this Court act swiftly to protect the Plaintiff's rights and interests by granting the requested Temporary Restraining Order and/or Preliminary Injunction.

Respectfully Submitted for Consideration in support of the motion for TRO,
IN WITNESS WHEREOF, I have hereunto set my hand this __**11th**__ day of __**JULY**__, 2024.

**/S/ Ian H. Lucas**
*Electronically Signed*
Ian H. Lucas, *Plaintiff Pro Se*

## CERTIFICATE OF EX PARTE FILING

I, Ian H. Lucas, hereby certify that this filing was made with the court on an ex parte basis due to the urgent nature of the request and the immediate and irreparable harm that could result to me if the relief sought is not granted before the Respondent can be heard. Given the circumstances outlined in my motion for a temporary restraining order and/or preliminary injunction, it is imperative that the Court reviews and, if deemed appropriate, grants the requested relief without the usual notice to the opposing party. This approach is justified by the need to prevent the imminent and substantial harm that delay in the provision of relief could cause.

This certificate accompanies my motion for a temporary restraining order and/or preliminary injunction against The Vanderbilt University, seeking immediate judicial intervention to halt the enforcement of my expulsion pending a thorough and impartial review of my case.

In accordance with the relevant federal rules and the practices of the U.S. District Court for the Middle District of Tennessee, I understand the obligations and implications of seeking ex parte relief and assert that this filing is made in good faith and not for the purpose of undue advantage or to cause unnecessary harm or burden to the Respondent.

I further certify that a copy of this motion and accompanying documents will be served upon the Respondent in a manner prescribed by law at the earliest possible time, consistent with the Court's directions and the exigencies of this situation.

Dated this __**11th**__ day of __**July**__, 2024.

**/S/ Ian H. Lucas**
*Electronically Signed*

Ian H. Lucas
Plaintiff Pro Se