UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE NASHVILLE

------------------------------X
                          -----

IAN HUNTER LUCAS,                        :        Case No. 3:24-cv-00440

            Plaintiff,                   :

                                                  *District Judge*

                                                  Hon. Waverly D. Crenshaw, Jr.

                  v.                     :

THE VANDERBILT UNIVERSITY,               :        *Magistrate Judge*

                                                  Hon. Jeffrey S. Frensley

            Defendant.                   :

------------------------------X
                          -----

## DECLARATION OF IAN H. LUCAS: IN SUPPORT OF PLAINTIFF MOTION FOR TEMPORARY RESTRAINING ORDER AND/OR PRELIMINARY INJUNCTION.

BOND:

The plaintiff declares the requests that no bond or security be required for the issuance of the injunctive relief.

*If the Court determines that a bond is required, the plaintiff proposes that the bond amount be set at $10,000. The bond shall be forfeited if the plaintiff fails to prosecute the action in good faith, or if it is ultimately determined that the plaintiff was not entitled to the injunctive relief. Otherwise, the bond shall be returned to the plaintiff upon final resolution of the case.*

## PERSONAL BACKGROUND

I, Ian H. Lucas, declare under penalty of perjury under the laws of the United States of America that the following is true and correct to the best of my knowledge, information, and belief: I am the Declarant in the above-captioned matter. I am over the age of eighteen years and am competent to testify to the matters stated herein. My current residence is in Nashville, Tennessee. I have a personal interest in the outcome of this case as it directly affects my rights and interests. My involvement with The Vanderbilt University, hereinafter referred to as "Respondent", began in 2021, when I enrolled as a

graduate student in the Master of Science in Nursing program. Since then, I have had various interactions with the Respondent that are relevant to the claims made in this motion. This declaration is made in support of my motion for a Temporary Restraining Order and/or Preliminary Injunction against the Respondent to prevent further harm and to protect my interests in this matter.

The Court may consider waiving the bond requirement under circumstances where it finds that the plaintiff has demonstrated a clear likelihood of success on the merits, and where the imposition of a bond would constitute an undue hardship on the plaintiff, potentially obstructing access to judicial relief. Such consideration would be consistent with the principles of equity and justice, particularly in cases where the plaintiff's financial resources are limited, and the relief sought is aimed primarily at preventing irreparable harm rather than compensating for damages.

The terms of payment for the bond, should the Court decide to impose one, are as follows: the bond shall be paid by the plaintiff, Ian H. Lucas, directly to the Clerk of the Court within five (5) business days of the Court's order. The payment shall be made in the form of a cashier's check or surety bond, subject to the Court's approval. The bond shall remain in effect for the duration of the injunction, serving as a security for any costs or damages that may be incurred by the defendant, The Vanderbilt University, should it be found that the injunction was wrongfully granted.

The bond or security is intended to balance the equities between the parties by providing a measure of protection to the defendant against the potential costs and damages that could result from an improperly issued injunction. However, it is important to note that the requirement of a bond should not serve as an impediment to the relief sought by the plaintiff, particularly in cases of pressing urgency where immediate action is necessary to prevent irreparable harm. Therefore, any bond imposed should be reasonable and not

exceed the plaintiff's ability to pay, to ensure that justice is accessible to all parties irrespective of their financial means.

In lieu of a traditional cash bond, alternative forms of security that the Court may consider acceptable include a letter of credit from a reputable financial institution, a personal or corporate surety bond, or other tangible assets that can be easily liquidated. The acceptability of such alternative forms of security would be contingent upon their ability to provide equivalent assurance of compensation to the defendant, should it be entitled to such compensation upon the resolution of the case. The Court's approval of any alternative form of security would be based on an assessment of its value, liquidity, and the ease with which it can be converted into cash, if necessary.

**EDUCATIONAL AND PROFESSIONAL BACKGROUND**

I, Ian H. Lucas, hereby declare that my educational background includes the following:

1. Bachelor of Science in Respiratory Therapy from the East Tennessee State University, Graduated in August 2020.

2. Associates of Applied Science in Health Science-Paramedic from Volunteer State Community College, Graduate August 2018

3. Associates of Applied Science in Respiratory Therapy from Volunteer State Community College, Graduate in August 2015

4. Associates of Science in Liberal Arts, Political Science Concentration in Legal Studies, and Minor in Military Studies, Graduated in May 2014

I additionally hold professional licensure as a Licensed Paramedic and Licensed Registered Respiratory Therapist in the States of Tennessee, North Carolina, and Kentucky. Additionally, I am Nationally Board Registered Respiratory Therapist and additionally a Board Certified Neonatal Pediatric Specialist, and subsequently sit on the

board for the national certification center and the review test questions in my area of specialty for the certification of neonatal pediatric transport, which I have been designated as a subject matter expert in, and have spent the majority of my professional career in the care of critically injured and sick neonates and pediatric patients requiring transport via a specialized pediatric specialty team.

**CIRCUMSTANCES OF EXPULSION**

This declaration is made in support of my motion for a temporary restraining order and/or preliminary injunction against The Vanderbilt University ("Respondent"). I, Ian H. Lucas ("Declarant"), hereby declare under penalty of perjury pursuant to the laws of the United States of America, and specifically the laws of the U.S. District Court for the Middle District of Tennessee, that the following statements are true and correct to the best of my knowledge, information, and belief. On March 27, 2024, I was informed by the Respondent that I was being expelled from the institution.

The expulsion was premised on allegations of academic misconduct, allegations I categorically and vehemently deny. Despite my efforts to engage with the Respondent's disciplinary process, including presenting evidence in my defense and requesting a fair hearing, I believe the process was flawed and prejudiced against me, leading to my wrongful expulsion. As a direct consequence of the expulsion, I have suffered significant harm, including but not limited to the following:

1. Loss of educational opportunity: My dreams of obtaining a Master's degree in Nursing from a prestigious institution have been shattered. This expulsion has abruptly halted my academic journey, leaving my future prospects in limbo.

2. Financial burdens: I have already invested substantial amounts of money into my education, including tuition fees, textbooks, and other related expenses. The expulsion has rendered these investments futile, and I am now facing the daunting

prospect of repaying student loans without the anticipated income boost from my intended career path.

3. Emotional distress: The emotional toll of this expulsion has been overwhelming. I have experienced sleepless nights, anxiety, and a deep sense of injustice and betrayal. The stress has affected my mental health, leading to feelings of depression and hopelessness.

4. Reputational damage: My reputation has been irreparably tarnished. The expulsion has cast a shadow of doubt over my integrity and character, affecting my relationships with peers, professors, and potential employers. I am constantly haunted by the stigma of the allegations.

5. Loss of professional opportunities: The expulsion has significantly diminished my career prospects. Potential employers are likely to view my expulsion as a red flag, making it difficult for me to secure employment in my chosen field. The professional network I was building at Vanderbilt University has been severed.

6. Personal impact: The expulsion has strained my personal relationships. Friends and family members who were once supportive are now questioning my actions and integrity. The emotional burden has caused rifts and misunderstandings, further isolating me during this challenging time.

It is on these grounds that I seek a temporary restraining order and/or preliminary injunction, to halt the enforcement of the expulsion by the Respondent pending a thorough and impartial review of the case. I assert that immediate and irreparable injury, loss, or damage will result to me in the absence of the relief requested, including the potential loss of an entire academic years' worth of tuition and fees paid ($50,000), potential difficulties in transferring credits to another institution, and disruption to my academic progress which may delay my graduation by a year or more. While the only potential hardship on the

Respondent if the relief is granted would be administrative in delaying the expulsion proceedings until the review takes place if the relief is granted.

It is on these grounds that I seek a temporary restraining order and/or preliminary injunction, to halt the enforcement of the expulsion by the Respondent pending a thorough and impartial review of the case. The hardships I will face from this expulsion are permanent and irreversible, as it will negatively impact my academic record and prospects. I assert that immediate and irreparable injury, loss, or damage will result to me in the absence of the relief requested.

Prior to seeking this injunctive relief, I have attempted to resolve the matter through the institution's internal grievance process. However, my attempts have been unsuccessful, leaving me no choice but to seek legal intervention to prevent further harm. I have also sought counseling and support services to help mitigate the emotional distress caused by this situation.

In this case, I, the applicant, face significantly greater hardship compared to the respondent institution. The potential consequences of this expulsion on my academic record and prospects are severe and long-lasting. In contrast, the respondent's hardship is relatively minimal, as granting this injunctive relief would merely require them to pause the expulsion process until a thorough review is conducted. Therefore, the need for relief is justified to prevent the disproportionate harm I would suffer if the expulsion is enforced without due process.

**DENIAL OF DUE PROCESS**

This declaration is made by Ian H. Lucas ("Declarant"), in support of the motion for a temporary restraining order and/or preliminary injunction against The Vanderbilt University ("Respondent"). In this context, Declarant asserts that Respondent has denied Declarant due process in violation of the principles and protections afforded by the U.S.

Constitution and applicable federal laws. Specifically, Declarant alleges that Respondent failed to provide a fair and impartial hearing, adequate notice of the allegations, and a reasonable opportunity to respond or to present evidence in defense of the allegations made against Declarant. Such actions, or lack thereof, by Respondent have significantly prejudiced Declarant's rights and interests, necessitating this motion for judicial intervention to prevent further irreparable harm.

**IRREPARABLE HARM SUFFERED**

This declaration is made to assert that Ian H. Lucas ('Declarant') has suffered, and continues to suffer, irreparable harm because of the actions and omissions of The Vanderbilt University ('Respondent'). The nature of this harm is such that monetary damages alone cannot adequately compensate the Declarant for the losses and damages sustained, and there are no adequate alternative remedies available. This harm includes, but is not limited to, significant emotional distress, reputational damage, and the loss of educational and professional opportunities. The Declarant respectfully requests that the U.S. District Court for the Middle District of Tennessee recognize the severity and irreparability of the harm suffered. It is imperative that the Court grants the motion for a temporary restraining order and/or preliminary injunction to prevent further damage and to preserve the status quo pending the resolution of this matter.

**ATTEMPTS TO RESOLVE ISSUE**

Prior to the initiation of this motion, I, Ian H. Lucas, made several attempts to amicably resolve the underlying issues with The Vanderbilt University. These attempts included but were not limited to, written communications, direct conversations with representatives of the university, and seeking mediation to find a mutually agreeable solution. Despite these efforts, it has become necessary to proceed with legal action to protect my rights and interests. This declaration is made in good faith, with the

understanding that all possible avenues for resolution were explored before resorting to this court's intervention.

## LEGAL STANDARD AND CASE LAW

This declaration is submitted in support of the Motion for Temporary Restraining Order and/or Preliminary Injunction against The Vanderbilt University to prohibit them from [describe specific action to be restrained] and require them to [describe specific action to be required]. The legal standards for granting such relief are well established, as outlined in the pertinent laws and statutes...under the applicable laws and statutes governing such claims. The legal standards for granting such relief are well established. A temporary restraining order ("TRO") or preliminary injunction may be granted only if the movant demonstrates (1) a substantial likelihood of success on the merits, (2) that irreparable harm will result if the injunction is not granted, (3) that the threatened injury outweighs the harm that the injunction may cause to the respondent, and (4) that the injunction will not disserve the public interest.

The temporary restraining order and/or preliminary injunction is sought for a period of [specify duration, e.g. 14 days, until further court order, etc.] In support of this motion, relevant case law within the jurisdiction of the U.S. District Court for the Middle District of Tennessee will be cited to illustrate the application of these principles...

The injunction is sought to apply within the geographic area of [specify geographic scope, e.g. the state of Tennessee, Vanderbilt University campus, etc.] In support of this motion, relevant case law within the jurisdiction of the U.S. District Court for the Middle District of Tennessee will be cited to illustrate the application of these principles...

In support of this motion, relevant case law within the jurisdiction of the U.S. District Court for the Middle District of Tennessee will be cited to illustrate the application

of these principles. cases to . The injunctive relief being sought is not expected to impact any public services. Public health and safety. The public policy. Interest.

**Factual Evidence Supporting Plaintiff's Claim:** In further support of my claim, I present the following factual evidence: First, I submitted emails and documented communications between myself and the faculty at Vanderbilt University where I repeatedly requested clarification and assistance regarding the alleged academic misconduct. These communications demonstrate my proactive effort to address any concerns and adhere to academic standards. Additionally, I have affidavits from fellow students and faculty members who attest to my integrity and adherence to academic policies.

Notably, a review of my academic record prior to the allegations shows a consistent record of high performance and no history of misconduct, reinforcing the argument that the expulsion was unwarranted and baseless. Furthermore, in comparison to the publishes procedures and evaluated disciplinary process there is found significant deviations from the university's established protocols, suggesting procedural improprieties that undermined the fairness of the proceedings.

**Legal Theory Underpinning Plaintiff's Claim:** Legal Theory Underpinning Plaintiff's Claim: The legal theory underpinning my claim against The Vanderbilt University is based on violations of due process rights as guaranteed under the Fourteenth Amendment of the U.S. Constitution. Specifically, I assert that the university deprived me of my right to a fair and impartial hearing, which constitutes a violation of procedural due process. The university's failure to provide adequate notice of the allegations and a meaningful opportunity to respond constitutes a deprivation of my property interest in my continued education and the professional opportunities it affords. Additionally, I argue

that the university's actions were arbitrary and capricious, lacking a rational basis, and were carried out in bad faith, which supports a claim under common law principles of breach of contract. By not adhering to its own disciplinary procedures and failing to provide a fair adjudicative process, Vanderbilt University breached its contractual obligations to me as a student, further substantiating my claim for injunctive relief.

This declaration is submitted in support of the Motion for Temporary Restraining Order and/or Preliminary Injunction against The Vanderbilt University. The legal standards for granting such relief are well established. A temporary restraining order ("TRO") or preliminary injunction may be granted only if the movant demonstrates (1) a substantial likelihood of success on the merits, (2) that irreparable harm will result if the injunction is not granted, (3) that the threatened injury outweighs the harm that the injunction may cause to the respondent, and (4) that the injunction will not disserve the public interest. This declaration will present a well-structured argument, supported by relevant case law, that logically supports the likelihood of success on the merits for each of these factors.

**GOVERNING LAW**

This Declaration and any dispute arising out of or related to the subject matter herein shall be governed by and construed in accordance with the laws of the United States of America and, where applicable, the laws of the State of Tennessee, without giving effect to any choice or conflict of law provision or rule. Any legal suit, action, or proceeding arising out of, or related to, this Declaration shall be instituted exclusively in the federal courts of the United States or the courts of the State of Tennessee in each case located in the city of Nashville and County of Davidson, although we retain the right to bring any suit, action, or proceeding against the other party for breach of this Declaration in your county of residence or any other relevant county. Each party irrevocably consents to the jurisdiction of such

courts and waives any and all objections to the exercise of jurisdiction over them by such courts and to venue in such courts.

**CONFIDENTIALITY**

The parties acknowledge that during litigation, they may become privy to certain confidential information pertaining to the other party's strategies, evidence, or other materials that are of a sensitive and proprietary nature. Therefore, the parties hereby agree to maintain the confidentiality of all such information, documents, and communications. Neither party shall disclose any such confidential information to any third party without the prior written consent of the other party, except as may be required by law or court order. This confidentiality obligation shall survive the termination or resolution of this case and shall remain in effect indefinitely. Any breach of this confidentiality clause shall be deemed a serious violation, subject to legal remedy and enforcement by the aggrieved party.

**ENTIRE AGREEMENT**

This Declaration and any exhibits, attachments, or documents incorporated herein by reference, constitute the entire agreement and understanding between the parties with respect to the subject matter hereof and supersedes all prior agreements, understandings, negotiations, and discussions, whether oral or written, between the parties related to the subject matter of this declaration. No amendment, modification, or addition to this Declaration shall be binding unless it is in writing and signed by the parties. This Declaration may not be modified or amended except by a written agreement, duly executed by the parties hereto.

**SEVERABILITY**

If any provision of this Declaration, or the application thereof to any person or circumstance, is determined by a court of competent jurisdiction to be invalid, illegal, or

unenforceable to any extent, such provision shall be excluded to the extent of such invalidity or unenforceability; all other provisions hereof shall remain in full force and effect and shall be liberally construed in order to carry out the intentions of the parties as nearly as may be possible. Such invalidity, illegality, or unenforceability of any provision of this Declaration shall not affect the validity or enforceability of the remaining provisions.

## AMENDMENT OF DECLARATION

This Declaration may be amended from time to time only by written instrument signed by the Declarant and acknowledged by The Vanderbilt University. Any such amendment shall be attached to this Declaration and shall be deemed to be incorporated herein, thus becoming a part of this Declaration as if the amendments were originally set forth herein. No oral agreement, statement, or pre-contractual representation shall be considered to modify, interpret, or add to the provisions of this Declaration. This provision is intended to ensure that any changes to the Declaration are documented and agreed upon by both parties in a formal and traceable manner, thus providing clarity and preventing disputes over the contents and terms of this Declaration.

## CONCLUSION

Considering the foregoing, I, Ian H. Lucas, respectfully request that the U.S. District Court for the Middle District of Tennessee grant the motion for a temporary restraining order and/or preliminary injunction against The Vanderbilt University. This action is necessary to prevent immediate and irreparable harm that could result from the continuation of the respondent's actions without the Court's intervention.

Respectfully Submitted for Consideration in support of the motion for TRO,
IN WITNESS WHEREOF, I have hereunto set my hand this __**11**th__ day of
____**JULY**____**,** 2024.

**/S/ Ian H. Lucas**
*Electronically Signed*
Ian H. Lucas, *Plaintiff Pro Se*

## DECLERATION UNDER PENALTY OF PERJURY

I affirm under penalty of perjury that the statements made herein are true and

correct to the best of my knowledge, information, and belief.

IN WITNESS WHEREOF, I have hereunto set my hand this __**11th**__ day of

__**JULY**__, 2024.


**/S/ Ian H. Lucas**

*Electronically Signed*

_____

Ian H. Lucas
*Plaintiff Pro Se*

# CERTIFICATE OF EX PARTE FILING

I, Ian H. Lucas, hereby certify that this filing was made with the court on an ex parte basis due to the urgent nature of the request and the immediate and irreparable harm that could result to me if the relief sought is not granted before the Respondent can be heard. Given the circumstances outlined in my motion for a temporary restraining order and/or preliminary injunction, it is imperative that the Court reviews and, if deemed appropriate, grants the requested relief without the usual notice to the opposing party. This approach is justified by the need to prevent the imminent and substantial harm that delay in the provision of relief could cause.

This certificate accompanies my motion for a temporary restraining order and/or preliminary injunction against The Vanderbilt University, seeking immediate judicial intervention to halt the enforcement of my expulsion pending a thorough and impartial review of my case.

In accordance with the relevant federal rules and the practices of the U.S. District Court for the Middle District of Tennessee, I understand the obligations and implications of seeking ex parte relief and assert that this filing is made in good faith and not for the purpose of undue advantage or to cause unnecessary harm or burden to the Respondent.

I further certify that a copy of this motion and accompanying documents will be served upon the Respondent in a manner prescribed by law at the earliest possible time, consistent with the Court's directions and the exigencies of this situation.

Dated this __11th__ day of __July__, 2024.

**/S/ Ian H. Lucas**
*Electronically Signed*

Ian H. Lucas
Plaintiff Pro Se