UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE NASHVILLE

---------------------------X
                            -----

IAN HUNTER LUCAS,                :        Case No. 3:24-cv-00440

            *Plaintiff*,           :

                                           *District Judge*

                                           Hon. Waverly D. Crenshaw, Jr.

            v.                    :

THE VANDERBILT UNIVERSITY,       :        *Magistrate Judge*

                                           Hon. Jeffrey S. Frensley

            *Defendant*.          :

---------------------------X
                            -----

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF (2nd) REQUEST FOR THE EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER and/or EVIDENTIARY HEARING ON PRELIMINARY INJUNCTION

### INTRODUCTION

This memorandum of law is submitted in support of Ian Hunter Lucas's ("Plaintiff") second request for an emergency motion for a Temporary Restraining Order ("TRO") and/or an evidentiary hearing on a preliminary injunction against The Vanderbilt University ("Defendant"). The Plaintiff seeks immediate judicial intervention to prevent ongoing and irreparable harm resulting from the Defendant's unjust expulsion of the Plaintiff. This motion is predicated on the assertion that the Defendant's actions have not only deprived the Plaintiff of his rightful place within the academic community but have also inflicted significant emotional and professional damage, the effects of which cannot be adequately remedied through traditional legal channels.

The Plaintiff asserts that the Defendant's actions violate both procedural and substantive rights, warranting the issuance of a TRO and/or a preliminary injunction to maintain the status quo ante until the matter can be fully adjudicated. This memorandum outlines the factual and legal basis for the Plaintiff's request, emphasizing the urgency and necessity of the Court's intervention to prevent further harm.

### LEGAL STANDARD

The legal standard for obtaining a Temporary Restraining Order (TRO) or a Preliminary Injunction within the jurisdiction of the United States District Court for the Middle District of Tennessee, as requested by Plaintiff Ian Hunter Lucas against Defendant The Vanderbilt University, requires the Plaintiff to demonstrate:

1. **Likelihood of Success on the Merits:** The Plaintiff must show that there is a substantial likelihood that he will succeed on the merits of the case.
2. **Irreparable Harm:** The Plaintiff must prove that he is likely to suffer irreparable harm in the absence of preliminary relief. Irreparable harm refers to harm that cannot be adequately compensated by damages or where the damages cannot be measured by any certain pecuniary standard.
3. **Balance of Equities:** The court must consider whether the balance of equities tips in the Plaintiff's favor. This involves weighing the potential harm to the Plaintiff if the relief is not granted against the harm to the Defendant if the relief is granted.
4. **Public Interest:** The Plaintiff must demonstrate that issuing the TRO or Preliminary Injunction would be in the public interest.

This standard is consistent with the precedents set by the United States Supreme Court and the Sixth Circuit Court of Appeals. It is designed to ensure that such extraordinary

relief is granted only when the legal and factual basis for the injunction is clearly established.

**ARGUMENT**

There Has Been a Clear Error in the Application of the Law Regarding Irreparable Harm Analysis:

The mere occurrence of harm does not, in isolation, constitute the requisite legal standard for the issuance of the extraordinary relief of a temporary restraining order or preliminary injunction. Rather, the harm must be of such a character that it is irreparable; that it cannot be adequately remedied or compensated in damages. We firmly contend that the harm suffered by the Plaintiff, both tangible and intangible, cannot be adequately compensated in damages and thus fulfills this requirement. - Berridge v. Heiser, 993 F.2d 517, 519 (6th Cir. 1993).

Despite the comprehensiveness of the Court's Memorandum Opinion, it overlooked the ongoing effects of discrimination and retaliation the Plaintiff has been subjected to, as a result of the actions of the Defendants. The Plaintiff contends that the Court's analysis was heavily concentrated on past, isolated incidents, thereby overlooking the ongoing and cumulative harm being endured by the Plaintiff, especially concerning his reputation and future career prospects.

Existing precedent within the jurisdiction of the Sixth Circuit acknowledges that certain types of injuries, such as damage to reputation and the chilling effect on future employment opportunities, are categorically irreparable in nature. Kallstrom v. City of Columbus, 136 F.3d 1055, 1060 (6th Cir. 1998). Where a party can show that its reputation is being tarnished, and such tarnishment is likely to dissuade future employers or associates, relief may be warranted even if some time has elapsed since the initiation of the harmful conduct.

In other words, continuing harm of this nature inherently extends beyond past actions and requires urgent judicial redress to prevent ongoing and future injury. Since December 4th, 2024, the Plaintiff has faced continuing and immediate injury, loss, or damage that is likely to ensue before the Defendants can adequately be heard in opposition. Such extraordinary circumstances unequivocally mandate the issuance of a Temporary Restraining Order (TRO). While it is an indisputable requirement of the law for the Plaintiff to exhaust all internal administrative appeals, if such processes are being fraudulently influenced or manipulated by the Defendants, the perpetuation of these irreparable harms cannot be overlooked.

The Plaintiff has indubitably sustained an irreparable injury by being forced to repay student loans exceeding $200,000, along with accruing interest, for an education unjustifiably denied and abruptly terminated — a scenario orchestrated by the Defendants. During his final semester, the Plaintiff was devoid of the expected educational outcome and the subsequent financial income necessary to repay these debts. This situation not only intensifies the severity of the inflicted harms but also underlines the crucial need for swift legal intervention.

Critical to the reconsideration of this matter is Exhibits, extracted from metadata, which unveils a communication from the Vanderbilt University Medical Center Privacy Office. This correspondence unmistakably attests that the academic measures wielded against Plaintiff were not engendered by any legitimate privacy breach, thus undermining the basis for Plaintiff's academic expulsion.

Moreover, transcripts from the interview with Defendant Newsome and the Plaintiff reveal that the Plaintiff did not make a false statement about firearms, and that the Student Accountability allegations were fabricated to orchestrate an expulsion. Notably, Defendant Neil Jamerson, who is an overseeing Dean of such process, submitted an

4

"allegation" ex parte after Lucas requested Jamerson be recused from the process due to Jamerson's failure to provide Lucas with a reason for the ongoing campus restriction, a reason which has not been provided to Lucas to this date. This revelation strikes at the heart of Plaintiff's likelihood to prevail on the merits, demanding a rigorous reappraisal of the Court's prior judgment.

In the previous judgment rendered by this esteemed Court, there seems to have been an oversight in fully considering the widespread retaliatory strategies employed by the Defendants, notably characterized by whistleblower retaliatory behavior, intimidation of witnesses, and the spreading of defamatory statements. The complex scheme of retaliation pursued by the Defendants began immediately on December 4th, 2023, with successive acts maintaining these questionable tactics, including an instance amounting to a purported violation of not only the refusal to permit the Plaintiff to access his educational records as mandated by the Family Educational Rights and Privacy Act (FERPA) but also the Defendants' refusal to provide the Plaintiff with mandated provisions as required under Title III and Title IX. These orchestrated reprisals, as evidenced by a detailed timeline of events, underscore the gravity of the Plaintiff's case, and necessitate a thorough examination by the Court, an aspect which was seemingly absent in the previous ruling.

It is on this pivotal point that Plaintiff urges the Court to reconsider its application of the irreparable harm analysis. The Plaintiff asserts that the Respondent Court, in issuing the Order, did not fully consider the ongoing and potential harm being imposed on him as a likely consequence of the Defendants' actions. The Plaintiff firmly submits that this constitutes a material error of law, which, in the interest of justice and equity, necessitates a comprehensive reassessment of the circumstances under the correct legal standard.

WHEREFORE, for the foregoing reasons, The Plaintiff respectfully requests the Court to grant this Motion for Reconsideration, rescind the previous order, and issue a fresh order providing relief that is commensurate with the Plaintiff's present circumstances and founded on both law and equity.

## LIKELIHOOD OF SUCCESS ON THE MERITS

The Plaintiff, Ian Hunter Lucas, asserts a strong likelihood of success on the merits of the case against The Vanderbilt University, based on several key arguments. Firstly, the Plaintiff claims unjust expulsion as a result of a denial of due process. The University failed to provide a fair and transparent procedure, thereby violating the Plaintiff's rights under the applicable statutes and regulations governing educational institutions.
Secondly, the charges levied against the Plaintiff lacked specificity, making it impossible for the Plaintiff to mount a comprehensive defense. This vagueness in the charges is contrary to the principles of fairness and equity. Thirdly, the evidence presented by the Defendant, The Vanderbilt University, was insufficient to support the decision to expel the Plaintiff. The lack of substantial evidence underscores the argument that the expulsion was unjust and not based on a preponderance of the evidence as required by law.

Furthermore, the Plaintiff argues that there was a lack of transparency throughout the disciplinary process. The University did not provide timely access to evidence or clarity on the procedures, which further compromised the Plaintiff's ability to defend against the charges. Lastly, the Plaintiff contends that the punishment of expulsion was disproportionate to the alleged infractions. Such a severe penalty without adequate justification or consideration of mitigating factors indicates a failure to adhere to the principles of proportionality and justice.

In light of the above arguments, the Plaintiff, Ian Hunter Lucas, demonstrates a substantial likelihood of success on the merits of the claim against The Vanderbilt University, warranting the consideration for the emergency motion for a temporary restraining order and/or an evidentiary hearing on a preliminary injunction.

### IRREPARABLE HARM STANDARD AS APPLIED TO THIS CASE

The Plaintiff, Ian Hunter Lucas, has suffered and continues to suffer irreparable harm as a direct and immediate consequence of the actions taken by the Defendant, The Vanderbilt University. This harm is of such a nature that monetary damages alone cannot adequately compensate the Plaintiff for the losses incurred. Specifically, the expulsion of the Plaintiff from the University has resulted in:

- Significant damage to the Plaintiff's reputation, both within academic circles and in the broader community, which cannot be easily quantified or repaired.
- Severe disruption to the Plaintiff's academic progress, effectively derailing the Plaintiff's educational trajectory and future career prospects.
- Considerable financial hardship due to the loss of tuition fees already paid, potential scholarship opportunities, and future earning potential.

Given these circumstances, the Plaintiff respectfully requests that the Court grant the emergency motion for a Temporary Restraining Order and/or schedule an evidentiary hearing on a Preliminary Injunction to prevent further irreparable harm to the Plaintiff's reputation, academic progress, and financial situation.

### BALANCE OF EQUITIES

This Court should find that the balance of equities tips decidedly in favor of the Plaintiff, Ian Hunter Lucas. In considering the issuance of a temporary restraining order

and/or preliminary injunction, the Court must weigh the potential harm to the Plaintiff against any inconvenience the Defendant, The Vanderbilt University, might experience as a result of the injunction.

The harm to the Plaintiff, if the injunction is not granted, is both immediate and significant. Without the Court's intervention, the Plaintiff faces irreparable injury that cannot be adequately compensated by monetary damages alone. This includes, but is not limited to, damage to the Plaintiff's academic standing, potential loss of educational and professional opportunities, and the emotional and psychological distress associated with such losses.

Conversely, the inconvenience to the Defendant, if the injunction is granted, is minimal in comparison. The Defendant, being a large educational institution, is well-equipped to manage the temporary adjustments required by the injunction without suffering substantial harm. Furthermore, the public interest in ensuring fair and equitable treatment within educational institutions supports granting the injunction. Therefore, this Court should conclude that the balance of equities favors granting the emergency motion for a temporary restraining order and/or evidentiary hearing on preliminary injunction to the Plaintiff, Ian Hunter Lucas, as the greater harm lies not in the inconvenience to the Defendant, but in the potential irreparable injury to the Plaintiff.

### PUBLIC INTEREST

The Plaintiff, Ian Hunter Lucas, asserts that the public interest is significantly served by granting the requested temporary restraining order and/or preliminary injunction against The Vanderbilt University. This assertion is grounded on the premise that the enforcement of this injunction will uphold the fundamental principles of due process and fairness, which are cornerstones of the American legal system. By ensuring

that these principles are adhered to, the court will not only protect the rights of the Plaintiff but also send a clear message to educational institutions and similar entities about the importance of maintaining fair and transparent processes.

Furthermore, the issuance of such an injunction will serve as a deterrent against the implementation of unfair practices by other institutions, thereby safeguarding the rights and interests of individuals against arbitrary and unjust actions. In this way, the court's decision to grant the injunction will have a broader impact, reinforcing the public's trust in the legal system's ability to provide equitable remedies in situations where individuals' rights are at risk.

## CONCLUSION

In conclusion, Plaintiff Ian Hunter Lucas respectfully requests that this Honorable Court grant the emergency motion for a Temporary Restraining Order (TRO) and/or conduct an evidentiary hearing on the preliminary injunction against Defendant The Vanderbilt University. This request is made to prevent further harm and injustice to the Plaintiff pending the resolution of this matter. The Plaintiff has demonstrated a likelihood of success on the merits of the case, as well as the potential for irreparable harm in the absence of immediate and interim relief. Therefore, it is imperative that the Court act swiftly to protect the Plaintiff's rights and interests.

Dated this __11th__ day of ___July_____, 2024.

**/S/ Ian H. Lucas**
*Electronically Signed*

Ian H. Lucas
*Plaintiff Pro Se*
221 Charleston Avenue | Pleasant View, TN, 37216-5500
Phone: 910-872-3577 | Email: lucasianhunter@outlook.com

# CERTIFICATE OF EX PARTE FILING

I, Ian H. Lucas, hereby certify that this filing was made with the court on an ex parte basis due to the urgent nature of the request and the immediate and irreparable harm that could result to me if the relief sought is not granted before the Respondent can be heard. Given the circumstances outlined in my motion for a temporary restraining order and/or preliminary injunction, it is imperative that the Court reviews and, if deemed appropriate, grants the requested relief without the usual notice to the opposing party. This approach is justified by the need to prevent the imminent and substantial harm that delay in the provision of relief could cause.

This certificate accompanies my motion for a temporary restraining order and/or preliminary injunction against The Vanderbilt University, seeking immediate judicial intervention to halt the enforcement of my expulsion pending a thorough and impartial review of my case.

In accordance with the relevant federal rules and the practices of the U.S. District Court for the Middle District of Tennessee, I understand the obligations and implications of seeking ex parte relief and assert that this filing is made in good faith and not for the purpose of undue advantage or to cause unnecessary harm or burden to the Respondent.

I further certify that a copy of this motion and accompanying documents will be served upon the Respondent in a manner prescribed by law at the earliest possible time, consistent with the Court's directions and the exigencies of this situation.

Dated this __11th__ day of __July__, 2024.

**/S/ Ian H. Lucas**

*Electronically Signed*

Ian H. Lucas
*Plaintiff Pro Se*
221 Charleston Avenue
Pleasant View, TN, 37216-5500
Phone: 910-872-3577
Email: lucasianhunter@outlook.com