# Tenn. Code § 39-17-1310

Section 39-17-1310 - Affirmative defense to carrying weapons on school property

It is an affirmative defense to prosecution under § 39-17-1309(a)-(d) that the person's behavior was in strict compliance with the requirements of one (1) of the following classifications:

**(1)** A person hunting during the lawful hunting season on lands owned by any public or private educational institution and designated as open to hunting by the administrator of the educational institution;

**(2)** A person possessing unloaded hunting weapons while transversing the grounds of any public or private educational institution for the purpose of gaining access to public or private lands open to hunting with the intent to hunt on the public or private lands unless the lands of the educational institution are posted prohibiting entry;

**(3)** A person possessing guns or knives when conducting or attending "gun and knife shows" and the program has been approved by the administrator of the educational institution; or

**(4)** A person entering the property for the sole purpose of delivering or picking up passengers and who does not remove, utilize or allow to be removed or utilized any weapon from the vehicle.

*T.C.A. § 39-17-1310*

Acts 1989, ch. 591, § 1; 1991, ch. 510, § 4.



# Tenn. Code § 39-17-1326

Section 39-17-1326 - Private right of action for intentional disclosure of information regarding firearms - Award of damages

**(a)** This section and § 39-17-1327 are known and may be cited as the "Firearms Information Privacy Protection Act."

**(b)** If a person intentionally discloses information that the person knows or reasonably should know was unlawfully obtained and that identifies another person as the purchaser or owner of a firearm, firearm ammunition, or firearm accessory for purposes of compiling or facilitating the compilation of a federal firearms registry or database or the confiscation of firearms, then the person disclosing the information is subject to a private right of action by the person whose information was disclosed.

**(c)** A court may award the person whose information was disclosed and prevails in an action under this section:

  **(1)** A minimum of seventy-five thousand dollars ($75,000) in statutory damages per intentional violation of subsection (b);

  **(2)** Actual damages;

  **(3)** Punitive damages;

  **(4)** Other forms of equitable relief; and

  **(5)** Reasonable costs and attorney fees.

**(d)** This section does not apply to information that is provided to a government entity pursuant to § 38-8-116, § 38-8-123, § 39-17-1315, § 39-17-1316, § 39-17-1351, § 39-17-1365, or § 39-17-1366, federal law, or as part of a criminal investigation.

  *T.C.A. § 39-17-1326*

Added by 2021 Tenn. Acts, ch. 540, s 1, eff. 7/1/2021.



# Tenn. Code § 39-17-1326

Section 39-17-1326 - Private right of action for intentional disclosure of information regarding firearms - Award of damages

(a) This section and § 39-17-1327 are known and may be cited as the "Firearms Information Privacy Protection Act."

(b) If a person intentionally discloses information that the person knows or reasonably should know was unlawfully obtained and that identifies another person as the purchaser or owner of a firearm, firearm ammunition, or firearm accessory for purposes of compiling or facilitating the compilation of a federal firearms registry or database or the confiscation of firearms, then the person disclosing the information is subject to a private right of action by the person whose information was disclosed.

(c) A court may award the person whose information was disclosed and prevails in an action under this section:

  (1) A minimum of seventy-five thousand dollars ($75,000) in statutory damages per intentional violation of subsection (b);

  (2) Actual damages;

  (3) Punitive damages;

  (4) Other forms of equitable relief; and

  (5) Reasonable costs and attorney fees.

(d) This section does not apply to information that is provided to a government entity pursuant to § 38-8-116, § 38-8-123, § 39-17-1315, § 39-17-1316, § 39-17-1351, § 39-17-1365, or § 39-17-1366, federal law, or as part of a criminal investigation.

*T.C.A. § 39-17-1326*

Added by 2021 Tenn. Acts, ch. 540, s 1, eff. 7/1/2021.



# Tenn. Code § 39-17-1326

Section 39-17-1326 - Private right of action for intentional disclosure of information regarding firearms - Award of damages

**(a)** This section and § 39-17-1327 are known and may be cited as the "Firearms Information Privacy Protection Act."

**(b)** If a person intentionally discloses information that the person knows or reasonably should know was unlawfully obtained and that identifies another person as the purchaser or owner of a firearm, firearm ammunition, or firearm accessory for purposes of compiling or facilitating the compilation of a federal firearms registry or database or the confiscation of firearms, then the person disclosing the information is subject to a private right of action by the person whose information was disclosed.

**(c)** A court may award the person whose information was disclosed and prevails in an action under this section:

  **(1)** A minimum of seventy-five thousand dollars ($75,000) in statutory damages per intentional violation of subsection (b);

  **(2)** Actual damages;

  **(3)** Punitive damages;

  **(4)** Other forms of equitable relief; and

  **(5)** Reasonable costs and attorney fees.

**(d)** This section does not apply to information that is provided to a government entity pursuant to § 38-8-116, § 38-8-123, § 39-17-1315, § 39-17-1316, § 39-17-1351, § 39-17-1365, or § 39-17-1366, federal law, or as part of a criminal investigation.

  *T.C.A. § 39-17-1326*

Added by 2021 Tenn. Acts, ch. 540, s 1, eff. 7/1/2021.



# Tenn. Code § 39-17-1327

Section 39-17-1327 - Unlawful disclosure of information regarding firearms by government personnel

**(a)** It is an offense for any personnel, including elected and appointed officials, of this state, a local governmental entity, or a political subdivision of this state, when acting in the person's official capacity or disclosing information obtained in the person's official capacity, to intentionally disclose information that identifies another person as the purchaser or owner of a firearm, firearm ammunition, or firearm accessory for the purpose of:

   **(1)** Compiling or facilitating the compilation of a federal firearms registry or database; or

   **(2)** The confiscation of firearms.

**(b)** This section does not apply to information that is provided to a government entity pursuant to § 38-8-116, § 38-8-123, § 39-17-1315, § 39-17-1316, § 39-17-1351, § 39-17-1365, or § 39-17-1366, or as part of a criminal investigation.

**(c)** A violation of this section is a Class E felony.

   *T.C.A. § 39-17-1327*

Added by 2021 Tenn. Acts, ch. 540, s 2, eff. 7/1/2021.



# Tenn. Code § 39-17-1366

Section 39-17-1366 - Concealed handgun carry permit

**(a)** Any resident of this state who is a United States citizen or lawful permanent resident, as defined by § 55-50-102, may apply to the department for a concealed handgun carry permit. If the applicant is not prohibited from possessing a firearm in this state pursuant to § 39-17-1307(b), 18 U.S.C. § 922(g), or any other state or federal law, and the applicant otherwise meets all of the requirements of this section, the department shall issue a permit to the applicant.

**(b)** To be eligible to receive a concealed handgun carry permit, the person must:

  **(1)** Apply in person to the department on a concealed handgun carry permit application developed by the department;

  **(2)** Provide proof of the person's identity and state residency by presenting:

    **(A)** A driver license or photo identification issued by this state; or

    **(B)** Other proof satisfactory to the department showing the person's identity and residency;

  **(3)** Meet the qualifications for the issuance of an enhanced handgun carry permit under § 39-17-1351(b) and (c) and provide the department with two (2) sets of fingerprints in the manner required in § 39-17-1351(d);

  **(4)**

    **(A)** Provide proof the person has demonstrated competence with a handgun; provided, that any safety or training course or class must have been completed no more than one (1) year prior to the application for the concealed handgun carry permit. The person may demonstrate such competence by one (1) of the following, but a person is not required to submit to any additional demonstration of competence:

      **(i)** Completing any hunter education or hunter safety course approved by the Tennessee wildlife resources agency or a similar agency of another state;

      **(ii)** Completing any firearms safety or training course administered by an organization specializing in firearms training and safety;

      **(iii)** Completing any firearms safety or training course or class available to the general public offered by a law enforcement agency, junior college, college, private or public institution or organization, or firearms training school utilizing instructors certified by an organization specializing in firearms training and safety or the department;

      **(iv)** Completing any law enforcement firearms safety or training course or class offered for security guards, investigators, special deputies, or any division or subdivision of law enforcement or security enforcement;

**(v)** Presenting evidence of equivalent experience with a firearm through current military service or proof of an honorable discharge from any branch of the armed services;

**(vi)** Obtaining or previously having held a license to carry a firearm in this state, unless such license has been revoked for cause;

**(vii)** Completing any firearms training or safety course or class, including an electronic, video, or online course, that:

**(a)** Is conducted by a firearms instructor who is certified by the state or an organization specializing in firearms training and safety; and

**(b)** Meets the qualifications established by the department pursuant to subsection (*l*);

**(viii)** Completing any governmental law enforcement agency firearms training course and qualifying to carry a firearm in the course of normal police duties; or

**(ix)** Completing any other firearms training that the department deems adequate; and

**(B)** Proof of competence under this subdivision (b)(4) is evidenced by a photocopy of a certificate of completion of any of the courses or classes described in subdivision (b)(4)(A); an affidavit from the instructor, school, club, organization, or group that conducted or taught such course or class attesting to the completion of the course or class by the applicant; or a copy of any document that shows completion of the course or class or required experience;

**(5)** Pay an application and processing fee of sixty-five dollars ($65.00) to the department; and

**(6)** Provide a signed printed copy of the form provided by the department, pursuant to subdivision (k)(4), stating that the applicant has read and understands the current state law on carrying handguns.

**(c)**

**(1)** Upon receipt of a concealed handgun carry permit application, the department shall:

**(A)** Forward two (2) full sets of fingerprints of the applicant to the Tennessee bureau of investigation; and

**(B)** Send a copy of the application to the sheriff of the county in which the applicant resides.

**(2)** Within thirty (30) days of receiving an application, the sheriff shall provide the department with any information concerning the truthfulness of the applicant's answers to the eligibility requirements of § 39-17-1351(c) that is within the knowledge of the sheriff.

**(3)** Upon receipt of the fingerprints from the department, the Tennessee bureau of investigation shall conduct searches and record checks in the same manner required in § 39-17-1351(h) and send the results to the department.

**(d)** If an applicant meets all the requirements of this section, the department shall issue the applicant a concealed handgun carry permit that entitles the permit holder to carry any handgun that the permit holder legally owns or possesses in a concealed manner. The concealed handgun permit is valid for eight (8) years from the date of issuance.

**(e)** The permit holder shall have the permit in the holder's immediate possession at all times when carrying a handgun in a location or manner that would be prohibited if not for the person's status as a concealed handgun carry permit holder and shall display the permit on demand of a law enforcement officer under such circumstances.

**(f)** The permit shall be issued on a wallet-sized card of the same approximate size as is used by this state for driver licenses and contain only the following information concerning the permit holder:

   **(1)** The permit holder's name, address, and date of birth;

   **(2)** A description of the permit holder by sex, height, weight, and eye color;

   **(3)** A visible full face photograph of the permit holder; and

   **(4)** The permit number, issuance date, and expiration date.

**(g)** The issuance of a concealed handgun carry permit under this section does not relieve a person from complying with all requirements of § 39-17-1351 in order to be issued an enhanced handgun carry permit pursuant to that section.

**(h)** A concealed handgun carry permit issued under this section shall authorize the permit holder to carry or possess a handgun as authorized by § 39-17-1313.

**(i)** A concealed handgun carry permit issued under this section is subject to the same restrictions and requirements found in §§ 39-17-1352 - 39-17-1359.

**(j)**

   **(1)** Prior to the expiration of a concealed handgun carry permit, a permit holder may apply to the department for the renewal of the permit by submitting, under oath, a renewal application. The renewal application must be on a standard form developed by the department; must require the applicant to disclose, under oath, the information concerning the applicant as set forth in subsection (b); and must require the applicant to certify that the applicant still satisfies all the eligibility requirements of this section for the issuance of a concealed handgun carry permit. In the event the permit holder's current concealed handgun carry permit expires prior to the department's approval or issuance of notice of denial regarding a pending renewal application, the permit holder is entitled to continue to use the expired permit until the department issues an approval or denial of the renewal application.

   **(2)** A person may renew that person's concealed handgun carry permit beginning six (6) months prior to the expiration date on the face of the permit.

   **(3)** The department shall charge a renewal fee of fifty dollars ($50.00).

**(k)** The department shall maintain the following material on the department's website:
   **(1)** Current state law on carrying handguns;

**(2)** An explanation of the different handgun carry permits available;

**(3)** A list of various providers that conduct department-approved training courses or classes, pursuant to subdivision (b)(4)(A); and

**(4)** A printable form to be signed by the applicant pursuant to subdivision (b)(6).

**(l)** The department shall determine that a firearms training or safety course or class meets the requirement of subdivision (b)(4)(A)(vii) if the course or class curriculum does the following:

**(1)** Conveys the basic knowledge and skills necessary for safe handling and storage of firearms and ammunition and includes firearm safety rules, handgun uses, features, basic skills and techniques, safe cleaning, transportation, and storage methods;

**(2)** Conveys the current state law on carrying handguns;

**(3)** Is not less than ninety (90) minutes in length;

**(4)** Includes a test or quiz that confirms competency of the course or class curriculum; and

**(5)** Provides a printable certificate of course or class completion.

**(m)** Any law enforcement officer of this state or of any county or municipality may, within the officer's lawful jurisdiction and when the officer is acting in the lawful discharge of the officer's official duties, disarm a permit holder at any time when the officer reasonably believes it is necessary for the protection of the permit holder, officer, or another individual. The officer shall return the handgun to the permit holder before discharging the permit holder from the scene when the officer has determined that the permit holder is not a threat to the officer, the permit holder, or another individual; provided, that the permit holder has not violated this section or committed any other violation that results in the arrest of the permit holder.

**(n)** As used in this section, "department" means the department of safety.

**(o)**

**(1)** After the initial issuance of a concealed handgun carry permit, the department shall conduct a name-based criminal history record check every four (4) years or upon receipt of an application.

**(2)** If the applicant is prohibited from purchasing or possessing a firearm in this state pursuant to § 39-17-1307(b), 18 U.S.C. § 922(g), or any other state or federal law, the department shall revoke the applicant's permit pursuant to § 39-17-1352.

T.C.A. § 39-17-1366

Amended by 2023EX1 Tenn. Acts, ch. 1,s 3, eff. 9/8/2023.
Amended by 2022 Tenn. Acts, ch. 1000, s 2, eff. 7/1/2022.
Amended by 2022 Tenn. Acts, ch. 1000, s 1, eff. 7/1/2022.
Amended by 2021 Tenn. Acts, ch. 219, Secs.s 10, s 11 eff. 4/22/2021.
Amended by 2021 Tenn. Acts, ch. 108, s 7, eff. 7/1/2021.

Added by 2019 Tenn. Acts, ch. 479, s 5, eff. 1/1/2020.

casetext
Part of Thomson Reuters

5