IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| IAN LUCAS, | ) | |
| | ) | |
| Plaintiff, | ) | No. 3:24-cv-00440 |
| | ) | |
| v. | ) | Judge Crenshaw |
| | ) | Magistrate Frensley |
| VANDERBILT UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**STUDENT DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO DISQUALIFY**

Clairise Gamez, Crystal Ritchie, and Marissa Shulruff respond in opposition to "Plaintiff's Motion to Disqualify Defendant's Attorneys'" [sic]. (Doc. 74) ("Plaintiff's Motion").

## ARGUMENT

Plaintiff's Motion to disqualify is inapplicable. This response has been filed to clarify matters for the Court.

Plaintiff, apparently, seeks to disqualify Baker Donelson from representing Vanderbilt University ("Vanderbilt") on the grounds that Plaintiff served as an expert for Baker Donelson in a different litigation at the recommendation of Vanderbilt.[1] Based on this and nothing more, Plaintiff concludes that the undersigned Baker Donelson attorneys have conflicts of interest and have breached ethical standards such that their disqualification is necessary to preserve the integrity of the judicial process. Nonsense.

---

[1] For what it is worth, neither of the undersigned Baker Donelson attorneys were involved in the litigation Plaintiff participated in as an expert witness. The undersigned Baker Donelson attorneys are not located in Memphis, Tennessee. The litigation involving Plaintiff was handled by an attorney located in Baker Donelson's Memphis office.

First, Plaintiff does not identify any ethical rule governing his motion. As attorneys practicing before this Court, the undersigned abide by and are held to the Tennessee Rules of Professional Conduct ("RPC" or "Tennessee Rules"). Local Rule 83.01(c)(6). None of the Tennessee Rules prohibit an attorney from representing a party against an expert witness hired by the attorney's firm in a prior, unrelated litigation. And Plaintiff has not cited any rule or case indicating otherwise. Plaintiff, misguidedly, refers to other rules to justify Baker Donelson's disqualification—rules that have no applicability to him.

> For instance, Plaintiff states
>
> Under the TCA and USC, the ethical standards for attorney conduct explicitly prohibit representation in circumstances where there is a significant risk that the attorney's action on behalf of the client will be materially limited by the attorney's responsibilities to another client or by the attorney's own interests.

(Doc. 74 at 4). It bears mention that Baker Donelson **does not represent Vanderbilt** in the present litigation. As is evident from the docket sheet, Baker Donelson represented Clairse Gamez, Marissa Shulruff, and Chrystal Ritchie, all of whom have been dismissed. Therefore, there is no present representation to disqualify. But even if there had been, Plaintiff's Motion would still be misguided, because he was never a client of Baker Donelson. To disqualify counsel on the grounds of a conflict of interest, a party must be a former or concurrent client of the counsel representing his adversary. ("But a motion to disqualify for conflict of interest can only be brought if the movant had an attorney-client relationship with the attorney."). Home Fed. Bank of Tennessee v. Home Fed. Bank Corp., No. 3:18-CV-00379, 2020 WL 3568316, at *4 (E.D. Tenn. July 1, 2020). See also Home Fed. Bank of Tennessee v. Home Fed. Bank Corp., No. 3:18-CV-379-JRG-DCP, 2020 WL 6038054, at *15 (E.D. Tenn. Mar. 19, 2020) (collecting cases). Furthermore, Plaintiff has not identified an interest of Baker Donelson's that would limit its responsibilities toward Vanderbilt,

if it were representing Vanderbilt. Thus, even by the misapplied criteria identified in Plaintiff's Motion his effort to disqualify fails.

## CONCLUSION

To conclude, Plaintiff's Motion has failed every criterion pertinent to judging its applicability—Baker Donelson does not represent Vanderbilt and Plaintiff was never a client of Baker Donelson, and therefore lacks standing to move to disqualify. Furthermore, Plaintiff makes no argument, let alone shows, that Baker Donelson's nonexistent representation of Vanderbilt is materially limited by its responsibilities to other individuals or its own interests. Accordingly, Plaintiff's Motion should be denied.

Respectfully submitted,

s/ *Mark A. Baugh*
Mark A. Baugh, BPR No. 015779
Denmark J. Grant, BPR No. 036808
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
1600 West End Avenue, Suite 2000
Nashville, Tennessee 37203
Telephone (615) 726-5600
Facsimile (615) 744-5760

*Attorneys for Defendants Clairise Gamez, Crystal Ritchie, and Marissa Shulruff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Student Defendants' Response in Opposition to Plaintiff's Motion to Disqualify has been sent via e-mail to the following individuals on July 15, 2024:

Ian Lucas
221 Charleston Avenue
Pleasant View, TN, 37126
(910) 872-3577 (telephone)
lucasianhunter@outlook.com

*Plaintiff Pro Se*

Kevin C. Klein
Klein Solomon Mills, PLLC
1322 4th Avenue North
Nashville, TN 37208
Phone: (615) 600-4802
kevin.klein@kleinpllc.com

*Counsel for the remaining Defendants*

                                                  s/ *Mark A. Baugh*
                                                  Mark A. Baugh