UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE NASHVILLE

---------------------------X
    -----

| | | |
|---|---|---|
| IAN LUCAS, | : | Case No. 3:24-cv-00440 |
| *Plaintiff*, | : | |
| | | *District Judge* |
| | | Hon. Waverly D. Crenshaw, Jr. |
| V. | : | |
| THE VANDERBILT UNIVERSITY, *CLAIRSE GAMEZ, CRYSTAL RITCHIE, MARISSA SHULRUFF* | : | *Magistrate Judge* |
| | | Hon. Jeffrey S. Frensley |
| *Defendant.* | : | |

---------------------------X
    -----

**PLAINTIFF'S REPLY TO THE DEFENDANTS' RESPONSE IN OPPOSITION TO THE PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL**

Plaintiff Ian Lucas submits this reply, pro se, to the Defendants' response in opposition to the Motion to Disqualify Defendants' Counsel, aiming to demonstrate the necessity of removing the Defendants' counsel from representation in this case due to conduct incompatible with ethical standards. This submission is made pursuant to the relevant rules and ethical guidelines governing legal practice in the U.S. Tennessee Middle District Court, underscoring the Plaintiff's commitment to ensuring that the proceedings are conducted in a manner that upholds the integrity of the legal process.

## Introduction

Plaintiff Ian Lucas submits this reply, *pro se,* to the Defendants' response in opposition to the Motion to Disqualify Defendants' Counsel, aiming to demonstrate the necessity of removing the Defendants' counsel from representation in this case due to conduct incompatible with ethical standards. This submission is made pursuant to the relevant rules and ethical guidelines governing legal practice in the U.S. Tennessee Middle District Court, underscoring the Plaintiff's commitment to ensuring that the proceedings are conducted in a manner that upholds the integrity of the legal process.

## Legal Precedents and Analysis

Plaintiff Ian Lucas respectfully submits this reply to the Defendants' response in opposition to the Plaintiff's Motion to Disqualify Defendants' Counsel. The Plaintiff contends that the Defendants' counsel has engaged in conduct that is incompatible with the ethical standards and professional conduct required by the jurisdiction of the U.S. Tennessee Middle District Court. This reply outlines the basis for the motion to disqualify, aiming to demonstrate the necessity of removing the Defendants' counsel from representation in this case.

The Tennessee Supreme Court in <u>Clinard v. Blackwood</u> addressed the issue of imputed disqualification under <u>Tenn. Sup. Ct. Rule 8, DR 5-105 of the Code of Professional Conduct</u>, which governed the ethical conduct of attorneys practicing in Tennessee prior to the adoption of the new <u>Rules of Professional Conduct. DR 5-105</u> provided for mandatory imputed disqualification when a conflict of interest was present. However, the Supreme Court held that disqualification was not automatic and that screening procedures provided an exception to the rule which appeared to be mandatory on its face.

The Defendants' counsel's conduct must be evaluated against the standards set forth in the <u>Tennessee Code of Professional Responsibility (TCPR).</u> According to Local Rule 83.01(e)(4), attorneys appearing before courts in the U.S. District Court for the Middle District of Tennessee are held to these standards. The TCPR mandates that no lawyer can fall below the minimum level of conduct without being subject to disciplinary action. Standing to Disqualify Counsel

Generally, courts within the Sixth Circuit find that only former clients have standing to move to disqualify counsel based on a conflict of interest. This principle is underscored in the case of <u>Home Fed. Bank of Tennessee v. Home Fed. Bank Corp</u>., where the court emphasized that a former client must demonstrate a substantial relationship between the subject matter of the prior representation and the issues of the present lawsuit.

### Conflict of Interest and Imputed Disqualification

The Model Rules generally reject imputed disqualification, allowing a lawyer to act as an advocate in a trial where another lawyer in the firm is likely to be called as a witness, unless precluded by certain conflict of interest rules. The advocate-witness rule requires careful consideration of the effect of the testimony on the client's case, using conflict of interest guidelines as the test. In Clinard, the Tennessee Supreme Court examined a situation where a lawyer's firm stood as an adversary against the lawyer's former client in the same litigation, highlighting the importance of avoiding conflicts of interest.

Based on the foregoing arguments and evidence presented, Plaintiff Ian Lucas respectfully requests that this Honorable Court grant the Motion to Disqualify Defendants' Counsel. It is imperative for the integrity of the judicial process that counsel with potential conflicts of interest be disqualified to ensure the fair administration of justice. The Plaintiff further requests that the Court consider the evidence and arguments laid out in this reply, and in doing so, recognize the necessity of disqualifying Defendants' counsel to prevent any undue prejudice or ethical violations that may arise from their continued representation.

### Standing to Disqualify Counsel

In the matter of the standing of the Plaintiff, Ian Lucas, to move to disqualify Defendants' counsel based on conflict of interest, it is pertinent to reference key legal precedents and principles applicable within the jurisdiction of the U.S. Tennessee Middle District Court. Notably, the case of <u>Home Fed. Bank of Tennessee v. Home Fed. Bank Corp.</u> establishes that a party may have stood to disqualify opposing counsel based on a conflict of interest if the opposing counsel previously declined to represent that party due to a conflict, but now represents an opposing party in the same litigation.

In the Middle District of Tennessee, motions to disqualify counsel are generally viewed with disfavor and are considered a drastic measure that courts should hesitate to impose except when 'absolutely' necessary. The moving party, in this case, bears the burden

of proving that opposing counsel should be disqualified, as supported by cases such as Melville Capital, LLC v. Tenn. Commerce Bank, Colonial Pipeline Co. v. Metro. Nashville Airport Auth., and Annette v. Haslam. Courts must balance the public interest in requiring professional conduct by an attorney against the interest of allowing a party to retain counsel of their choice, a principle echoed in Colonial Pipeline Co. v. Metro. Nashville Airport Auth. and Six L's Packing Co. v. Beale.

The standing to bring a motion to disqualify typically requires a past or present relationship with the firm in question, and the moving party must demonstrate that they would suffer harm if the representation continued. However, some courts have allowed opposing counsel to raise conflicts issues even without a direct relationship, emphasizing the duty to point out ethical violations as outlined in § 808.02 Common Procedural and Remedy Issues Raised by Conflicts of Interest.

In cases involving conflicts of interest, the court must consider whether the subject matter of the current representation is substantially related to the previous representation and whether confidential information was acquired that could be used to the detriment of the former client, as per Jordan v. Kohl's Dep't Stores, Inc. and § 26.06 Stipulations and Motions. If a substantial relationship exists, the presumption is that confidential information was shared, and disqualification may be warranted according to § 51.04 Whether to "Take the Case": Conflict of Interest.

In summary, while the specific scenario of previously declined representation due to a conflict is not directly addressed, the principles and cases suggest that a party may have stood to seek disqualification if they can demonstrate a substantial relationship and potential harm from the continued representation.

### Conflict of Interest and Imputed Disqualification

In cases where a law firm has previously represented a party in a substantially related matter, courts have found that disqualification may be warranted to protect client confidences and avoid conflicts of interest. For example, in Gentile v. Gentile, 57 Misc. 3d 886, the court disqualified a law firm because a partner had previously worked for the firm representing the opposing party and had acquired client confidences during that time. Similarly, in Galanos v. Galanos, 20 A.D.3d 450, the law firm was disqualified because it had access to confidential information from a prior representation that was substantially related to the current matter.

Additionally, the principle of avoiding the appearance of impropriety and protecting the integrity of the adversary process is emphasized in several cases. In Ambush v. Engelberg, 282 F. Supp. 3d 58, the court noted that disqualification might be necessary to preserve the fairness of the proceedings and the integrity of the adversary process. Given these precedents, if the plaintiff can demonstrate that their prior role as a legal medical expert for the defendants' law firm involved access to confidential information that is substantially related to the current litigation, they may have grounds to seek disqualification of the law firm. The termination of the plaintiff's contract to allow the firm to represent the defendants against the plaintiff further supports the argument for a conflict of interest.

In conclusion, the plaintiff's prior relationship with the defendants' law firm and the circumstances of their contract termination could provide sufficient grounds for seeking disqualification based on conflict of interest, particularly if there is a substantial relationship between the prior and current matters and access to confidential information is involved.

### Standing to Disqualify based on Baker Donelson Conflict of Interest with Plaintiff and Vanderbilt

The Plaintiff, Ian Lucas, asserts ground for the disqualification of defendants counsel based on the declarative fact that the specific entry of appearance of a Baker Donelson attorney in the litigation of this matter does not preclude the establishment of a relationship when such retainment of representation and financial securement under pre-defined business contractual contracts for litigation were obtained for the defendants *CLAIRSE GAMEZ, CRYSTAL RITCHIE, MARISSA SHULRUFF by The Vanderbilt University.*

Thus, this was done to aide in the student defendants from perjury of Vanderbilts actions when being sued by Plaintiff without representation, and thus would harm The Vanderbilt University in the ongoing litigation, premised on an alleged conflict of interest.

This contention arises from the Plaintiff's previous engagement with Baker Donelson as a legal medical expert/consultant at the recommendation of the Vanderbilt School of Nursing Faculty and by way of the Vanderbilt University General Counsel Office, in which my contact information was provided to Baker Donelson, during which the Plaintiff was contracted and actively participated in litigation to assist Baker Donelson and its clients, which resulted in benefit to Vanderbilt University Medical Center.

The crux of the Plaintiff's argument for disqualification hinges on the premise that the Plaintiff's contract was terminated to enable Baker Donelson to represent Vanderbilt against the Plaintiff, thereby creating a conflict of interest. The legal framework for disqualification motions within the Middle District of Tennessee, as guided by the Sixth Circuit, underscores the critical importance of safeguarding client confidences and upholding the integrity of the judicial process. The Sixth Circuit has delineated a three-part test for assessing disqualification due to conflict of interest, which includes:

1. The existence of a past attorney-client relationship between the party seeking disqualification and the attorney in question.
2. A substantial relation between the subject matter of the past relationship and the current litigation.
3. The attorney's acquisition of confidential information during the past relationship that is relevant to the current litigation.

In applying this test to the present case, the Plaintiff's prior engagement with Baker Donelson establishes a past attorney-client relationship, marked by the Plaintiff's contribution of expert services integral to Baker Donelson's legal strategies. The subject matter of the Plaintiff's work with Baker Donelson bears a substantial relation to the current litigation, particularly given the Plaintiff's access to confidential information and strategic insights while their engagement. This satisfies the criteria set forth by the Sixth Circuit for disqualification.

**Counter Precedent**

However, it is important to address the counter-precedent of <u>Klein v. Heideman</u>, which held that disqualification of an expert witness is a drastic measure that should be imposed only hesitantly, reluctantly, and rarely. The two-part test generally applied requires that the adversary had a confidential relationship with the expert and disclosed confidential information relevant to the current litigation <u>(Klein v. Heideman, 2022 U.S. Dist. LEXIS 24468)</u>. Similarly, in In <u>re Incretin Mimetics Prods. Liab. Litig</u>., the court considered whether disqualification would be fair to the affected party and would promote the integrity of the legal process <u>(In re Incretin Mimetics Prods. Liab. Litig., 2015 U.S. Dist. LEXIS 43837).</u>

The case of Berthiaume v. Allianz Life Ins. Co. of N. Am. also supports the two-part test and adds that policy interests, such as potential prejudice to the parties, should be weighed in determining disqualification (Berthiaume v. Allianz Life Ins. Co. of N. Am., 946 N.W.2d 423). High Point Sarl v. Sprint Nextel Corp. further elaborates that the party seeking disqualification bears the burden of demonstrating the existence of a confidential relationship and the disclosure of privileged or confidential information (High Point Sarl v. Sprint Nextel Corp., 2013 U.S. Dist. LEXIS 17366).

This precedent can be distinguished from the present case because the plaintiff's prior relationship as a legal expert provides grounds for disqualification that were not present in the counter-precedent. The plaintiff's prior engagement with Baker Donelson established a past attorney-client relationship marked by the plaintiff's contribution of expert services integral to Baker Donelson's legal strategies. This relationship involved confidential communications and strategic insights relevant to the current litigation, thereby meeting the criteria for disqualification and highlighting the potential for prejudice in the current case.

The balance of interests, as required by the courts, weighs heavily in favor of disqualification in this instance. The termination of the Plaintiff's contract under circumstances that suggest a potential for the misuse of confidential information and the appearance of impropriety significantly undermines the integrity of the judicial process. Consequently, the public interest in maintaining ethical standards and protecting client confidences strongly supports the disqualification of Baker Donelson from representing Vanderbilt in this matter.

Thus, despite the defense counsel mere response on attorney opinion and being in plaintiff's viewpoint of caught in the act along with The Vanderbilt University, Plaintiff has successfully demonstrated the criteria for disqualification under the Sixth Circuit's test. The balance of interests further substantiates the necessity of disqualifying Baker Donelson to preserve the integrity of the judicial process and uphold ethical standards. Accordingly, the Plaintiff's motion to disqualify Baker Donelson from representing Vanderbilt should be granted.

### Conclusion

In conclusion, Plaintiff Ian Lucas respectfully requests that this Honorable Court grant the Motion to Disqualify Defendants' Counsel, specifically Counsel for Defendants

Mark A. Baugh, Denmark J. Grant, Jeffrey W. Sheehan, and Kevin C. Klein of the law firms Baker, Donelson, Bearman, Caldwell & Berkowitz P.C. and Klein Solomon Mills, PLLC. This request is made to ensure the integrity of the judicial process and to prevent undue prejudice or ethical violations that may arise from their continued representation of The Vanderbilt University and Defendants Claires Gamez, Crystal Ritchie, Marissa Shulruff, in the above-captioned matter. Such action is deemed necessary to protect the interests of justice and to maintain the highest standards of legal practice within the jurisdiction of the U.S. Tennessee Middle District Court.

Furthermore, formal sanctions for malpractice, and violations for unethical misconduct in knowing that Vanderbilt University actions, and their client's participation in its actions were that of perjury and of direct harm to the plaintiff, represents a great fraud, and inconsistency and the issues that plague our Judicial System.

In that without accountability for the officers of the court for whom allowed such to happen then there is no merits or boundaries for a judicial forum that can weigh the balance of equitable rights and wrongs. The system designed to maintain ethics and moral courage to do the right thing, is focused on the being mis intent and misuse by those who have been most unethical and most fraudulent and yet claim innocence.

Respectfully submitted,

*/s/ Ian Lucas*

Ian Lucas
*Plaintiff, Pro Se*
221 Charleston Ave
Pleasant View. TN, 37146
ian.h.lucas#outlook.com
910-872-3577

Date: July 15, 2024,
in Nashville, TN, USA

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of July 2024, a true and correct copy of the foregoing Plaintiff's Reply to the Defendants' Response in Opposition to the Plaintiff's Motion to Disqualify Defendants' Counsel was served upon the following counsel of record via the Court's electronic case filing (ECF) system:

*Mark A. Baugh*
*Denmark J. Grant*
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
1600 West End Avenue, Suite 2000
Nashville, TN 37203

*Kevin C. Klein*
Klein Solomon Mills, PLLC
1322 3rd Avenue North
Nashville, TN 37208

**/s/ Ian Lucas**
Ian Lucas
*Plaintiff, Pro Se*
221 Charleston Ave
Pleasant View. TN, 37146
ian.h.lucas#outlook.com
910-872-3577
Date: July 15, 2024