UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE NASHVILLE

---------------------X
----------

| | | |
|---|---|---|
| IAN LUCAS, | : | Case No. 3:24-cv-00440 |
| *Plaintiff,* | : | |
| | | *District Judge* |
| | | Hon. Waverly D. Crenshaw, Jr. |
| V. | : | |
| THE VANDERBILT UNIVERSITY, | : | *Magistrate Judge* |
| | | Hon. Jeffrey S. Frensley |
| *Defendant.* | : | |

---------------------X
----------

**PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO DISQUALIFY DEFENDANTS' COUNSEL, MR. SHEEHAN**

INTRODUCTION

Plaintiff, Ian Lucas, through this submission, seeks to address the Defendant, The Vanderbilt University's, response to Plaintiff's Motion to Disqualify Defendant's Counsel, Mr. Jeffrey W. Sheehan, and to further underscore the substantial ethical concerns and legal improprieties that necessitate Mr. Sheehan's disqualification. This motion is not made lightly but is compelled by Mr. Sheehan's and, by extension, the Klein, Solomon, and Mills PLLC Law Firm's actions, which

stand in stark violation of the ethical standards and fiduciary duties incumbent upon legal practitioners. The circumstances surrounding Mr. Sheehan's engagement in this matter reveal not only a direct conflict of interest but also a broader pattern of behavior that undermines the integrity of the judicial process and the fair administration of justice.

### JURISDICTION AND VENUE

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves questions of federal law, including but not limited to, the interpretation and application of the Family Educational Rights and Privacy Act (FERPA). Additionally, this Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

The substantive laws of Tennessee shall apply to any and all matters relating to the interpretation, validity, and enforcement of any aspect of this case, including but not limited to any motions, briefs, and procedural practices, notwithstanding any other jurisdiction's choice of law considerations.

Defendant, The Vanderbilt University, is subject to personal jurisdiction in this district for several reasons, including but not limited to, its substantial and not isolated activities within this District, and because the acts giving rise to Plaintiff's claims occurred in whole or in part within this District. Consequently, Defendant has sufficient minimum contacts with this District to justify the imposition of personal jurisdiction over it in this matter.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions that give rise to the claim occurred in this district. This action, including all claims and disputes arising out of or in connection with this case, shall be governed by, and construed in accordance with,

2
Case 3:24-cv-00440    Document 84    Filed 07/22/24    Page 2 of 20 PageID #: 2210

the laws of the State of Tennessee, without giving effect to its conflict of laws principles. The Defendant is deemed to reside in this district for purposes of venue under 28 U.S.C. § 1391(c), given its continuous and systematic contacts with the district. Therefore, this Court is the appropriate venue for the adjudication of this action.

## COMPLIANCE WITH LOCAL RULES

This motion is filed in compliance with all applicable local rules of this Court, including Local Rule 83.01(e) and Rule 1.9 of the Tennessee Rules of Professional Conduct. The undersigned has reviewed the local rules and certifies that this motion adheres to all requirements set forth therein.

At the heart of this motion is the fundamental principle that the legal profession is entrusted with ensuring the impartiality of the judiciary and upholding the highest standards of ethical conduct. The involvement of Mr. Sheehan in this case, given his prior and current associations, presents a clear and present danger to these principles. Specifically, this motion seeks to disqualify Mr. Sheehan due to representing the Defendant in a case where he also currently works as faculty for the defendant, thus breaching the principle of undivided loyalty, which violates

The authority for this motion and the potential imposition of sanctions is derived from Rule 1.7 of the Tennessee Rules of Professional Conduct, which prohibits representation of a client if there is a concurrent conflict of interest that may affect the lawyer's ability to provide competent and diligent representation. Additionally, the case of Hirst v. Siegfried, 35 Va. Cir. 166 provides further grounds for disqualification in cases where there is a breach of the duty of loyalty.

## STATEMENT OF FACTS

Plaintiff, Ian Lucas, initiated this action against The Vanderbilt University ("Vanderbilt"), alleging violations of the Family Educational Rights and Privacy Act (FERPA), breach of contract, and emotional distress resulting from the University's decision to dismiss Plaintiff from its School of Nursing. The controversy stems from Vanderbilt's handling of Plaintiff's academic records and its subsequent decision-making processes that led to Plaintiff's dismissal.

Plaintiff enrolled in Vanderbilt University's School of Nursing in the Spring of 2023, with the expectation of completing a Master of Nursing degree and 21 graduate doctorate credits with follow-on education to complete a Doctor of Nursing Practice Degree and Post Masters Certificate in an Advanced Practice Specialty. During his tenure at the University, Plaintiff encountered no academic challenges, and maintained passing grades, and above-standard GPA.
In late 2023, Plaintiff was informed by Dean Mavis Schorn of his dismissal from the School of Nursing due to what was described as unsatisfactory academic progress.

After Dean Mary Ann Jessee had changed two of plaintiff's course grades from the previous semester from a Pass to a Fail based on baseless allegations which were found to be false and unsubstantiated. In addition to this wrongful "academic dismissal" Vanderbilt went even further to falsely "expel" the plaintiff to prevent any further opportunity for the plaintiff to overturn or undo the wrongdoing of the Vanderbilt University which all combine was done at the request of a former employer of the Plaintiffs whom also as a major donor to the Vanderbilt University paid the Vanderbilt University 1.25 million dollars to conduct the forementioned acts upon the plaintiff, thus making the conduct of defendants counsel even beyond the realm of unprofessional conduct and furthermore into the boundary of conspiratorial alliance and co-conspirators.

Following his dismissal, Plaintiff sought to challenge the University's decision through internal appeal processes. However, he alleges that these efforts were stymied by a lack of transparency and cooperation from the University. Specifically, Plaintiff claims that Vanderbilt failed to provide him with complete access to his academic records as required under FERPA, thereby impeding his ability to fully appeal his dismissal.

The culmination of these events prompted Plaintiff to file this lawsuit, seeking redress for what he believes to be unjust and discriminatory actions by Vanderbilt that have caused him significant emotional and financial harm. Plaintiff asserts that Vanderbilt's actions not only violated his rights under FERPA but also breached the contractual obligations owed to him as a student, culminating in damages that include lost tuition, future earnings, and emotional distress.

Plaintiff further alleges that Vanderbilt's conduct is part of a broader pattern of behavior that demonstrates a disregard for student rights and fair treatment, particularly for students with disabilities. This case, therefore, not only seeks to rectify the wrongs committed against Plaintiff but also to prompt Vanderbilt to reevaluate its policies and practices to prevent similar injustices from occurring in the future.

## STANDARD OF REVIEW

The Court's review of Plaintiff's Motion to Disqualify Defendants' Counsel focuses on the legal and ethical standards governing attorney conduct and conflicts of interest as delineated by the Tennessee Rules of Professional Conduct and relevant case law. This review must be conducted under a de novo standard, which allows the Court to consider the matter anew, giving no deference to any previous decision or argument made with respect to the motion at hand. The Court shall independently assess the facts presented, the applicable ethical rules, and the legal

arguments to determine whether Defendants' Counsel's continued representation violates the ethical standards set forth by the legal profession. This assessment includes evaluating whether a conflict of interest exists that adversely affects the integrity of the judicial process, thereby necessitating disqualification. In making this determination, the Court will consider the totality of circumstances, including the nature of the alleged conflict, the potential impact on the fairness of the proceedings, and the importance of upholding the ethical standards that ensure public confidence in the legal system.

In deciding on a ruling for a motion to disqualify, the court must balance its duty and responsibility to supervise the conduct of attorneys who appear before it with the right of a party to select an attorney. A party moving for disqualification bears a high standard of proof to show that disqualification is warranted considering another party's right to freely choose counsel and the consequent loss of time and money incurred in being compelled to retain new counsel. This right, however, is secondary in importance to the court's duty to maintain the highest ethical standards of professional conduct to ensure and preserve trust in the integrity of the bar. Hirst v. Siegfried, 35 Va. Cir. 166.

The authority for this motion and the potential imposition of sanctions is derived from Rule 1.7 of the ABA Model Rules of Professional Conduct, which prohibits representation of a client if there is a concurrent conflict of interest that may affect the lawyer's ability to provide competent and diligent representation. Additionally, the case of Hirst v. Siegfried, 35 Va. Cir. 166 provides further grounds for disqualification in cases where there is a breach of the duty of loyalty to a former client.

In order to resolve these competing interests, the courts must balance the interests of the public in the proper safeguarding of the judicial process together with the interests of each party to the litigation. General Mill Supply Co. v. SCA Servs., Inc., 697 F.2d 704, 711 (6th Cir. 1982); Kitchen v. Aristech Chem., 769 F.

Supp. 254, 257 (S.D. Ohio 1991). This balancing act requires a nuanced approach, as the disqualification of counsel can have significant implications for both the integrity of the judicial process and the practicalities of the litigation. Conflicts with former clients apply not only to the individual attorney but also to their firm. If a lawyer is prohibited from representing a potential client due to a conflict of interest with a former client, then every lawyer at that firm is similarly prohibited from representing the potential client. This rule holds unless the prohibition is based on the personal interest of the individual attorney and does not present a significant risk of limiting the representation of the client by the remaining lawyers in the firm. See Ohio Prof. Cond. Rule 1.10(a).

Conflicts with former clients, which are imputed to the attorney's current firm, most commonly arise in probate litigation. Generally, Rule 1.7 governs conflicts of interest in representing multiple current clients. It aims to prevent or resolve conflicts arising from the practitioner's obligations and responsibilities toward other current clients. Other Rules of Professional Conduct (RPC) address potential conflicts concerning former clients and the lawyer's own interests. An attorney is largely precluded from representing a client if a concurrent conflict of interest exists.

A concurrent conflict exists when the interests of two or more clients are directly adverse (e.g., in a will contest or other proceeding before the Orphans' Court), or if there is a significant risk that the representation of multiple parties will materially limit the practitioner's ability to provide competent services due to responsibilities owed to a current or former client or due to the practitioner's own interests. Notwithstanding the foregoing, representation of multiple parties may proceed if:

1. The lawyer reasonably believes that they will be able to provide competent and diligent representation to each affected client.
2. The representation is not prohibited by law.

7

3. The representation does not involve the assertion of a claim by one client against another client represented by the lawyer in the same litigation or other proceeding before a tribunal.
4. Each affected client gives informed consent.

**ARGUMENT**

*I. The Motion to Disqualify is Founded on Substantial Ethical Concerns that Necessitate Mr. Sheehan's Disqualification*

A. Mr. Sheehan's Representation Poses a Direct Conflict of Interest
The involvement of Mr. Sheehan in this case, both past and potential future, signifies a palpable conflict of interest that undermines the ethical standards of the legal profession. His continued representation of Vanderbilt, despite substantial evidence of conflicting interests, directly violates Tennessee Rules of Professional Conduct Rule 1.7(a), which precludes representation that involves concurrent conflicts of interest.

B. The Imputation of Conflict Extends to the Entirety of Mr. Sheehan's Firm
Pursuant to Rule 1.10(a) of the Tennessee Rules of Professional Conduct, conflicts of interest are not limited to the individual attorney but are imputed to the entire firm. This principle is critical in the context of this motion, as it underlines the extent of the ethical breach presented by Mr. Sheehan's involvement in the case. The inability of Mr. Sheehan to represent Vanderbilt without conflict necessitates the disqualification of both Mr. Sheehan and the KSM firm from further participation in this matter.

C. Previous Engagements and Associations of Mr. Jeffrey W. Sheehan Compromise the Integrity of the Judicial Process
The integrity of the judicial process is paramount, and the associations and previous engagements of Mr. Sheehan with parties connected to this case present a significant risk to this integrity. These associations, particularly with Judge

Newbern and Vanderbilt University, raise legitimate concerns regarding impartiality and fairness, mandating careful consideration and action by the Court to preserve the integrity of the proceedings.

## *II. Vanderbilt University's Arguments Against Disqualification Lack Merit and Fail to Address the Core Ethical Issues*

A. Vanderbilt University's Attempt to Diminish the Relevance of Mr. Sheehan's Ethical Breaches is Unfounded. Vanderbilt's opposition to the motion to disqualify attempts to minimize the ethical concerns raised by Plaintiff. However, these attempts are unfounded, as they fail to address the substantive issues of conflict of interest and the potential for bias. The Court must not overlook these ethical breaches, which are well-founded and supported by the facts and the applicable rules of professional conduct.

B. The Claim of Non-Service and Non-Involvement by Vanderbilt University is Misleading
The assertion by Vanderbilt that it has not been served and is not involved in this case is misleading and contradicts the evidence presented. Vanderbilt's involvement in the administrative functions related to Plaintiff's FERPA requests, as well as the documented actions of Defendants' counsel, clearly indicates Vanderbilt's active participation in the matters at issue in this litigation.

C. The Irrelevance of Defendants' Example and Mischaracterization of the Facts
Defendants' reliance on irrelevant case law and mischaracterization of the facts in their opposition fails to diminish the validity of Plaintiff's motion. The cases cited by Defendants do not address the specific ethical and conflict of interest concerns raised in this motion, serving only as a distraction from the core issues at hand. Vanderbilt University's opposition to Plaintiff's Motion to Disqualify Defendant's Attorneys is unfounded. Vanderbilt argues that Plaintiff's Motion is moot because Mr. Sheehan's appearance was limited to the now-dismissed Named Defendants

and Vanderbilt has yet to be served. However, this fails to address the core issue of Mr. Sheehan's adherence to ethical standards and the potential conflict of interest.

D. As an initial matter, Plaintiff's Motion is not moot. Mr. Sheehan's involvement in this case, whether past or future, raises substantial concerns about his ability to represent Vanderbilt without conflict. Plaintiff's Motion is grounded in the principles of ensuring the highest ethical standards are maintained, principles that are paramount regardless of the procedural posture.

E. Vanderbilt's argument that Mr. Jeffrey W. Sheehan is bound by the same ethical standards as all attorneys practicing before this Court is acknowledged, but it does not negate the specific concerns raised by Plaintiff. The ethical standards in question are designed to prevent precisely the kind of conflict of interest that Mr. Sheehan's continued involvement risks. Plaintiff has provided substantial grounds for these concerns, effectively challenging the notion that Plaintiff's allegations are baseless.
Plaintiff's Motion is supported by the necessity to uphold public trust in the integrity of the legal profession.

F. Conflicts with former clients extend to the entire firm of the conflicted attorney, as stipulated by Ohio Prof. Cond. Rule 1.10(a). The timing of Mr. Jeffrey W. Sheehan's appearance and his association with Vanderbilt University Law School and Judge Newbern raises legitimate questions about the impartiality and fairness of the judicial process.

G. Vanderbilt's assertion that Plaintiff has not identified any specific ethical rule is incorrect. The implications of Mr. Jeffrey W. Sheehan's actions, as outlined by Plaintiff, suggest a violation of the ethical standards governing conflicts of interest and the appearance of impropriety. Specifically, Mr. Sheehan's actions potentially violate several provisions of the Tennessee Rules of Professional Conduct:

**Rule 1.7(a): Conflict of Interest:** Current Clients - Mr. Sheehan's representation of Vanderbilt presents a concurrent conflict of interest. As outlined by Rule 1.7(a), a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. Given Mr. Sheehan's previous associations and potential personal interests, there is a significant risk that his representation of Vanderbilt will be materially limited by his responsibilities to other clients, former clients, or third persons, or by his own personal interests.

**Rule 1.9(a): Duties to Former Clients** - Mr. Sheehan's actions suggest a potential violation of Rule 1.9(a), which prohibits a lawyer who has formerly represented a client in a matter from representing another person in the same or a substantially related matter in which that person's interests are materially averse to the interests of the former client unless the former client gives informed consent, confirmed in writing. Mr. Sheehan's previous interactions with parties connected to Vanderbilt and his current representation raise concerns about conflicts with former clients, which have not been adequately addressed through informed consent.

**Rule 1.10(a): Imputation of Conflicts of Interest:** General Rule - Rule 1.10(a) states that while lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7 or 1.9 unless the prohibition is based on a personal interest of the prohibited lawyer and does not present a significant risk of materially limiting the representation of the client by the remaining lawyers in the firm.

H. Mr. Jeffrey W. Sheehan's association with his firm and the imputed conflicts arising from his previous and current engagements demonstrate a significant risk that cannot be overlooked. Plaintiff's Motion to Disqualify Mr. Jeffrey W. Sheehan is firmly rooted in the necessity to maintain the integrity of the judicial process and

11

uphold the highest ethical standards. The potential conflict of interest presented by Mr. Sheehan's involvement cannot be overlooked. Plaintiff respectfully requests that the Court grant the Motion to Disqualify Mr. Sheehan and the KSM firm to ensure that the proceedings are conducted impartially and ethically.

I. Vanderbilt University ("Vanderbilt") argues that Mr. Sheehan and Judge Newbern's shared history at the Vanderbilt Law School Appellate Clinic is unlikely to be the cause of Judge Newbern's recusal. They further assert that Mr. Sheehan's previous appearances before this Court, including decisions published by Judge Newbern involving Mr. Sheehan's clients as recently as 2021, indicate that the shared history cannot be the basis for recusal in this case. Vanderbilt contends that it is unreasonable to believe that Mr. Sheehan, KSM, or Vanderbilt expected or intended Judge Newbern to recuse herself over a month after Mr. Sheehan made an appearance. However, this argument overlooks several critical aspects. The issue at hand is not simply the prior interactions between Mr. Sheehan and Judge Newbern but the appearance of impropriety and potential conflicts of interest that arise from their shared professional history, particularly in the context of an educational institution to which both have strong ties.

> **Irrelevance of Defendants' Example:** The case example provided by the Defendants, Taggart v. Watts et al., No. 3:20-CV-00637, 2021 WL 6803233, is irrelevant to the current matter. This case involved Plaintiff Tomer Taggart's removal from a limited liability company (LLC) and his subsequent legal actions against Cheryl and Martin Watts, alleging breach of contract, breach of fiduciary duty, and conversion, and seeking an equitable accounting of the LLCs involved. Taggart v. Watts, 2021 U.S. Dist. LEXIS 253161. There was no involvement of Vanderbilt or any Vanderbilt-related matter in that case. Therefore, the Defendants' argument that previous decisions by Judge Newbern involving Mr. Sheehan negate concerns about impropriety in this case is without merit.

**Appearance of Impropriety:** The Tennessee Rules of Professional Conduct emphasize the importance of avoiding even the appearance of impropriety. Rule 1.7(a) prohibits representation if there is a significant risk that the lawyer's responsibilities to another client, a former client, or a third person, or by a personal interest of the lawyer, will materially limit the representation. The professional relationship between Mr. Sheehan and Judge Newbern, combined with their shared association with Vanderbilt University, could reasonably create an appearance of bias or partiality, undermining public confidence in the judicial process.

Timing and Context: While Mr. Sheehan has appeared before Judge Newbern in the past, the timing of his appearance in this case is crucial. The fact that Mr. Sheehan joined KSM and appeared on behalf of the Named Defendants shortly before the recusal order raises legitimate concerns about strategic maneuvers to influence the judicial assignment process. Even if there were no overt intention to cause recusal, the circumstances create an appearance that must be addressed to maintain trust in the judicial system.

**Impartiality and Fairness:** The core of the Plaintiff's argument is the need to ensure impartiality and fairness in the judicial process. The shared history between Mr. Sheehan and Judge Newbern, particularly through their connections to Vanderbilt University, presents a potential conflict that could impair the perception of impartiality. Rule 1.9(a) restricts representation in situations where a former client's interests are materially averse to those of a new client unless informed consent is obtained. In this case, the intertwined interests and connections raise substantial concerns that cannot be dismissed lightly.

Plaintiff's Motion to Disqualify Mr. Jeffrey W. Sheehan and further the KSM Firm by extension is grounded in the necessity to uphold the highest ethical standards

and maintain the integrity of the judicial process. The potential conflicts of interest and appearance of impropriety arising from Mr. Sheehan's relationship with Judge Newbern and their mutual association with Vanderbilt University warrant serious consideration in how such was used as a tactical advantage by defendants to sustain an advantage by leveraging such to force Newbern to ethically recuse herself. Plaintiffs Motion to Disqualify Mr. Sheehan, is in accordance with to ensure that the proceedings are conducted impartially and ethically, which is contrasted to the defendants' actions in the nature of this suit and also In the actions of their counsel.

> **Misstatement of Vanderbilt's Involvement:** Additionally, the notion that Vanderbilt is unaware, not a defendant, or not involved in this case is a misstatement that borders on perjury. Defendants' counsel, who filed and responded to this motion on behalf of Mr. Sheehan, has noted Vanderbilt's involvement. Plaintiff directs the Court's attention to the Declaration of Bart Quinet, filed by Kevin Klein (Doc. No. 29, Response in Opposition to Motion, entered: 05/08/2024) at II, which details Plaintiff's FERPA requests. Vanderbilt's Office of the University Registrar maintains student academic records (Quinet Declaration ¶ 32). Bart P. Quinet serves as the University Registrar and, in that capacity, as Vanderbilt's FERPA Officer, coordinating requests for student education records made pursuant to FERPA (Id. ¶¶ 2, 4-5).
>
> **Lack of Substance in Mr. Sheehan's Declaration:** The Declaration of Mr. Sheehan lacks value or substance as a defense. It merely supports the record of the docket and the timeline of events, failing to address the core issues of conflict of interest and ethical standards. Notably, this is the first time since his entry of appearance that Mr. Sheehan's signature, even an electronic signature, has been engaged on a document in this docket aside from his entry of appearance. This lack of substantive engagement further undermines the credibility of the declaration as a defense.

Moreover, the assertion that Vanderbilt has not been served and is not yet a party to this action is misleading. Although Mr. Sheehan's representation has been on behalf of the Named Defendants, Vanderbilt has been actively involved in responding to Plaintiff's FERPA requests through its Office of the University Registrar. The involvement of Vanderbilt in these administrative functions suggests a level of engagement that contradicts the claim of non-involvement. However notably defendants affirmed in a motion Lucas v. Jessee et al, 3:24-cv-00440, No. 35 (M.D.Tenn. May. 8, 2024) at 5:

> *"Bart P. Quinet is the Assistant Provost and University Registrar for Vanderbilt University and as such, his office, the Office of University Registrar, maintains student academic records. (Document No. 32, at 2-3). In his role as Registrar, Mr. Quinet has access to Plaintiff's records and is permitted to disclose records when a student initiates legal action. 34 C.F.R. § 99.31. 6. Under 34 C.F.R. § 99.31, "[i]f a parent or eligible student initiates legal action against an educational agency or institution, the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself." Id. 7.*

While Defendants maintain that disclosure of Plaintiff's student records regarding academic progress is "permitted under 34 C.F.R. § 99.31"

Plaintiff's Motion to Disqualify Mr. Jeffrey W. Sheehan is grounded in the necessity to uphold the highest ethical standards and maintain the integrity of the judicial process. The potential conflicts of interest and appearance of impropriety arising from Mr. Sheehan's relationship with Judge Newbern and their mutual association with Vanderbilt University warrant serious consideration. Plaintiff respectfully requests that the Court grant the Motion to Disqualify Mr. Sheehan to ensure that the proceedings are conducted impartially and ethically.

Finally, these inconsistencies in the Defendants' arguments and actions reflect exactly what the Plaintiff has claimed all along: that the Defendants' actions were motivated by coordinated, retaliatory efforts, influenced by a significant financial contribution (1.25 million dollars) from a University donor. The patterns of behavior demonstrated by the Defendants underscore the retaliatory nature of their actions, further justifying the necessity for disqualification to maintain the integrity of these proceedings.

### III. Conclusion

Considering the arguments, we respectfully urge the Court to consider our Motion to Disqualify Mr. Jeffrey W. Sheehan and the Klein, Solomon and Mills PLLC Law Firm. We firmly believe that the potential conflicts of interest and perceived impropriety arising from Mr. Sheehan's relationship with Judge Newbern and their mutual association with Vanderbilt University present serious concerns that could compromise the fairness and integrity of the judicial process. Therefore, we request the Court to uphold the highest ethical standards and ensure that the proceedings are conducted impartially and ethically.

The ethical concerns and conflicts of interest presented by Mr. Sheehan's involvement in this case are clear and compelling. These concerns are not merely procedural but strike at the heart of the integrity of the legal process and the ethical obligations of attorneys. Plaintiff's motion to disqualify Mr. Sheehan and, by extension, the KSM firm, is grounded in these substantial ethical considerations and is supported by Model Rules of Professional Conduct Rule 1.7 regarding conflicts of interest.

To ensure the fairness and integrity of the proceedings, the Court must grant the motion to disqualify, thereby upholding the highest standards of the legal profession and the judicial system.

Respectfully submitted,

*Ian Lucas signature*

_____

Ian Lucas

Plaintiff Pro Se

501 Union St Ste 545 PMB 257601

Nashville, Tennessee 37219-1876 US

910-872-3577

ian.h.lucas@outlook.com

Date: July 22nd, 2024

*Plaintiff Pro Se*

## NOTICE OF 'SAFE HARBOR' PROVISIONS

I hereby certify that, on July 20th, 2024, I conferred with Defendants' Counsel, Mr. Kevin Klein, in a good faith attempt to resolve the issues raised in this motion without the necessity of Court intervention. In compliance with the applicable 'safe harbor' provisions, I provided Mr. Klein with written notice of the specific conduct alleged to violate Model Rules of Professional Conduct Rt rule 1.7 and allowed 21 days for the conduct to be withdrawn or appropriately corrected. Despite these efforts and the opportunity given to correct the issue, the parties were unable to reach an agreement, necessitating this motion.

Respectfully submitted,

*/s/ Ian Lucas*
Ian Lucas
Plaintiff Pro Se
501 Union St Ste 545 PMB 257601
Nashville, Tennessee 37219-1876 US
910-872-3577
ian.h.lucas@outlook.com
Date: July 22nd, 2024

## AUTHORITY TO SETTLE

The Plaintiff, Ian Lucas, hereby reserves the sole and exclusive authority to decide upon the acceptance of any settlement offer, compromise, or resolution related to the above-captioned case. No settlement, compromise, or other resolution of the case, or any claim or dispute arising therefrom, shall be binding upon the Plaintiff without his express, written consent and approval. This authority encompasses all aspects of the case, including but not limited to claims for damages, costs, fees, and any non-monetary relief.

The Plaintiff's does not authorize any person, counsel or claimant to negotiate on the Plaintiff's behalf and is expressly prohibited from entering into any settlement agreement without the Plaintiff's prior written authorization, which shall be documented in a manner that is consistent with the requirements of the Local Rules of this Court and any applicable legal standards. This provision is intended to ensure that the Plaintiff retains full control over the resolution of his claims.

Respectfully submitted,

*/s/ Ian Lucas*

Ian Lucas
Plaintiff Pro Se
501 Union St Ste 545 PMB 257601
Nashville, Tennessee 37219-1876 US
Phone: 910-872-3577
Email: ian.h.lucas@outlook.com
Date: July 22nd, 2024

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July 2024, a true and correct copy of the foregoing Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Disqualify Defendants' Counsel was filed electronically with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Respectfully submitted,

*/s/ Ian Lucas*
Ian Lucas
Plaintiff Pro Se
501 Union St Ste 545 PMB 257601
Nashville, Tennessee 37219-1876 US
910-872-3577
ian.h.lucas@outlook.com
Date: July 22nd, 2024