UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

––––––––––––––––––––––––––––––X

| | | |
|---|---|---|
| IAN HUNTER LUCAS, | : | Case No. 3:24-cv-00440 |
| *Plaintiff*, | : | |
| | | *District Judge* |
| | | Hon. Waverly D. Crenshaw, Jr. |
| v. | : | |
| THE VANDERBILT UNIVERSITY, | : | *Magistrate Judge* |
| | | Hon. Jeffrey S. Frensley |
| *Defendant.* | : | |

––––––––––––––––––––––––––––––X

**PLAINTIFFS NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE**
**Filed on June 24th, 2024, by CM/ECF, Clerk of Court Filed on: June 24th 2024**

### I. NOTICE: Voluntary Dismissal without Prejudice

This dismissal is made pursuant to *Rule 41(a)(1)(A)(i)* of the Federal Rules of Civil Procedure. No previous dismissal having been made in this case, this notice effectively terminates the action without prejudice to the Plaintiff's right to refile the case in the future, should it be necessary. This dismissal does not constitute a waiver of any legal rights, claims, or defenses in any future action.

In accordance with *28 U.S.C. § 1367(d)*, which governs the effect of voluntary dismissal on statutes of limitations for supplemental claims in federal court, the Plaintiff acknowledges that the statute of limitations for any state law claims is tolled while the claim is pending and for a period of 30 days after it is dismissed, unless state law provides for a longer tolling period. For federal claims, the original statute of limitations continues to run without interruption.

The scope of this dismissal is limited to the current case only and does not extend to any related actions. This dismissal does not constitute a waiver of any legal rights, claims, or defenses in any future action.The Plaintiff acknowledges that any refiling must comply with applicable statutes of limitations and court rules.

This dismissal is made pursuant to *Rule 41(a)(1)(A)(i)* of the *Federal Rules of Civil Procedure*." *Rule 41(a)(1)(A)(i)* states that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Therefore, the notice effectively terminates the action without the need for a court order, preserving the Plaintiff's right to refile at a later date if deemed necessary.

The purpose of this voluntary dismissal without prejudice is to allow the Plaintiff to seek administrative agency actions against the Defendant, which cannot be done if there is current litigation. Given the Plaintiff's concerns about potential bias and denial of due process in the current litigation, the Plaintiff seeks to explore alternative avenues for accountability for the Defendant's actions.

**Jurisdiction and Venue**

This matter has been filed in the United States District Court for the Middle District of Tennessee, Nashville Division. The Plaintiff(s) hereby affirm that this Court has jurisdiction over the subject matter of this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332, and that venue is properly laid in this Court pursuant to 28 U.S.C. § 1391, as a substantial part of the events or omissions giving rise to the claim occurred in this district. The Plaintiff(s) expressly acknowledge and affirm that the filing of this Notice of Voluntary Dismissal Without Prejudice does not affect the Court's jurisdiction or the appropriateness of the venue for any future actions related to the subject matter of this dismissal.

**Notice to Defendants**

Pursuant to the applicable rules and procedures governing proceedings in the United States District Court for the Middle District of Tennessee, Nashville, notice is hereby given to the Defendant that the Plaintiff has elected to voluntarily dismiss the action initiated under this case, without prejudice. This notice serves as formal communication of the Plaintiff's intention to dismiss the case, ensuring the Defendant is fully informed of the dismissal request and the absence of any prejudice resulting from this action. The Plaintiff further affirms that this dismissal is without prejudice to his right to

refile the case in the future, if necessary. The Plaintiff affirms that this notice has been served to all parties involved in the case, and a copy of this notice has been retained for record-keeping purposes.

### Defendant Acknowledgment of Receipt of Notice

To ensure proper and formal acknowledgment of this notice, the Defendant is required to provide a written acknowledgment of receipt of this Notice of Voluntary Dismissal Without Prejudice. This acknowledgment must be delivered to the Plaintiff's counsel within 5 business days from the date of this notice. This written acknowledgment will serve as official confirmation that the Defendant has received and is aware of the dismissal notice, thereby reducing the risk of any potential disputes or claims of non-receipt that could delay proceedings. Failure to provide this acknowledgment within the specified time frame may result in further legal actions to ensure compliance and proper acknowledgment of this dismissal notice.

### Statement of Non-Completion of Discovery

Pursuant to the relevant procedural rules governing actions in the United States District Court for the Middle District of Tennessee, Nashville Division, the Plaintiff hereby notifies the Court and all parties of record that, as of the date of this Notice, discovery in the above-captioned matter has not been fully completed. This notice is made in the interest of full transparency, fairness, and in compliance with the procedural standards of this jurisdiction. This statement is made in accordance with the requirements for a voluntary dismissal without prejudice, to ensure transparency and compliance with the procedural standards of this jurisdiction.

### Court Costs and Attorney Fees

The Plaintiff explicitly states that the voluntary dismissal without prejudice does not impose any responsibility on the Plaintiff for court costs or attorney fees incurred by the Defendant. Each party shall bear its own costs and attorney fees. This position is supported by several legal authorities. According to *Rule 41(a)(1)(A)(i)* of the *Federal Rules of Civil Procedure*, a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. This rule does not inherently impose costs or attorney fees on the plaintiff unless otherwise stipulated by the court. Additionally*, 28 U.S.C. § 1920* enumerates the costs that may be taxed by a judge or clerk but does not automatically assign costs to a plaintiff upon voluntary dismissal, leaving such decisions to the court's discretion.

Relevant case law further supports this position. In **Evans v. Safeway Stores, Inc., 623 F.2d 121 (8th Cir. 1980),** the court held that Rule 41(a)(1) does not require a plaintiff to pay the defendant's costs and attorney fees upon voluntary dismissal unless there are exceptional circumstances, or a statute explicitly provides for such an award. Similarly, in **Cauley v. Wilson, 754 F.2d 769 (7th Cir. 1985**), the court stated that the imposition of costs and attorney fees upon voluntary dismissal is at the discretion of the court and is not automatic, considering whether the defendant has suffered any prejudice. *Rule 54(d)(1)* of the *Federal Rules of Civil Procedure* also indicates that costs, other than attorney's fees, should be allowed to the prevailing party unless a federal statute, the rules, or a court order provides otherwise. In the context of a voluntary dismissal without prejudice, there is no prevailing party, and hence no automatic assignment of costs.

The Plaintiff further states that this voluntary dismissal without prejudice strictly prohibits the Defendant from filing any crossclaims, counterclaims, countersuits, or taking any further legal actions related to this case. This provision is supported by *Rule 41(a)(1)(B)* of the *Federal Rules of Civil Procedure*, which ensures that a voluntary dismissal by the plaintiff is without prejudice unless otherwise stated. Additionally, courts have generally held that a voluntary dismissal without prejudice aims to put the parties in the position as if the case had never been filed, preventing subsequent related claims without proper refiling. This is evidenced in cases such as **American Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963)**, where the court emphasized that a dismissal without prejudice leaves the situation as if the suit had never been brought.

Based on these authorities, the Plaintiff asserts that each party shall bear its own costs and attorney fees in the event of this voluntary dismissal without prejudice. This ensures fairness and adherence to established legal principles governing voluntary dismissals, and that no further claims related to this action will be pursued by the Defendant.

## II. NOTICE: Cease and Desist Actions Requested

### Cease the Alteration of Student Records

The Plaintiff demands that the Defendant and its representatives cease any alteration, modification, or tampering with the Plaintiff's student records. This clause ensures the integrity and accuracy of the Plaintiff's academic records and prevents any potential harm or prejudice. The Defendant is also required to correct and return all falsely and fraudulently altered student records, including transcripts and grade changes, within

1430 days. Failure to comply with this demand may result in immediate legal action, including but not limited to a motion for contempt and any other appropriate sanctions deemed necessary by the court.

### No Contact/No Retaliation

The Plaintiff includes a no contact/no retaliation clause, prohibiting the Defendant and its representatives from contacting the Plaintiff directly or indirectly and from engaging in any activities that could be construed as retaliation for filing or dismissing this action. This clause protects the Plaintiff from any form of harassment or adverse actions resulting from this dismissal. Any violation of this clause will be subject to legal repercussions, including but not limited to an injunction and potential claims for damages.

### No Intimidation, Harassment, Defamation, Slander, or False Narratives

The Plaintiff demands that the Defendant and its representatives refrain from any attempts to intimidate, harass, defame, slander, or insinuate to other members of the Vanderbilt community or the Nashville community at large, or to continue any false narrative about the Plaintiff. Any such actions will result in the immediate re-engagement of legal action, including a motion for contempt and claims for defamation or other applicable torts.

### Conclusion

The Plaintiff states that these demands do not require the agreement of the Defendant and simply serve as a notice of the Plaintiff's position. These demands include clauses regarding the cease-and-desist actions related to student records, no contact/no retaliation, and no intimidation, harassment, defamation, slander, or false narratives. The Plaintiff expects any stipulation by the court regarding these demands to be communicated in writing to ensure there is no ambiguity or confusion.

Respectfully submitted,

_____
**Ian Lucas**
*Plaintiff Pro Se*
501 Union St Ste 545 PMB 257601
Nashville, Tennessee
37219-1876 US
910-872-3577
ian.h.lucas@outlook.com
Date: July 24th, 2024

## Certificate of Service

I hereby certify that on July 24th, 2024, a true and correct copy of the Plaintiff's Notice of Voluntary Dismissal Without Prejudice was served upon the following party via the Court's CM/ECF system and by U.S. Mail:

Counsel for Defendant:

*Kevin C. Klein*
Klein Solomon Mills PLLC
1322 3rd Ave N
Nashville, TN 37208


Respectfully submitted,

_____
**Ian Lucas**
*Plaintiff Pro Se*
501 Union St Ste 545 PMB 257601
Nashville, Tennessee
37219-1876 US
910-872-3577
ian.h.lucas@outlook.com
Date: July 24th, 2024